## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § | Civil Action |
| | § | No. 8:20-cv-00676-MSS-CPT |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| JOHN DOE infringer identified as using IP address 47.197.99.186, | § § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant, John Doe, by and through undersigned counsel, hereby Answers Plaintiff's Amended Complaint and asserts Defenses and Counterclaim as follows:

### ANSWER

### Introduction

1. Denied.

2. Defendant is without sufficient knowledge to form a belief regarding Plaintiff's Works; therefore, denied.

3. Defendant is without sufficient knowledge to form a belief regarding Plaintiff's Works; therefore, denied.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph is a legal conclusion or statement of Plaintiff's legal claim, and Defendant denies that Plaintiff is entitled to any relief.

**Jurisdiction**

8. Admitted as to Subject Matter Jurisdiction.

9. Admitted as to Personal Jurisdiction; therefore, denied.

10. Admitted as to Venue; therefore, denied.

**Parties**

11. Defendant lacks information sufficient to form a belief as to Plaintiff's corporate form and location; therefore, denied.

12. Admitted.

**Factual Background**

13. Defendant lacks information sufficient to form a belief as to Plaintiff's websites and brand; therefore, denied.

14. Defendant lacks information sufficient to form a belief as to Plaintiff's awards; therefore, denied.

15. Defendant lacks information sufficient to form a belief as to Plaintiff's industry leadership; therefore, denied.

16. Defendant lacks information sufficient to form a belief as to infringement Plaintiff's Works; therefore, denied.

17. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

18. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

19. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

20. Defendant lacks information sufficient to form a belief as to BitTorrent technology;

therefore, denied.

21. Denied.

22. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

23. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

24. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

25. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

26. Defendant lacks information sufficient to form a belief as to BitTorrent technology; therefore, denied.

27. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

33. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

34. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

35. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

36. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

37. Denied.

38. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

39. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

40. Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

41. In response to Paragraph 41, Exhibit A speaks for itself as to the information it is provided, but Defendant lacks information sufficient to form a belief as to Plaintiff's investigation; therefore, denied.

42. In response to Paragraph 42, Exhibit A speaks for itself as to the information it is provided, but Defendant lacks information sufficient to form a belief as to Plaintiff's copyrights; therefore, denied.

43. Denied.

44. Denied.

45. Defendant lacks information sufficient to form a belief as to Plaintiff's copyrights; therefore, denied.

46. Denied. This paragraph is a statement of Plaintiff's legal claim, and Defendant denies that Plaintiff is entitled to any relief.

47. Denied.

48. Denied.

49. Defendant lacks information sufficient to form a belief regarding the period of infringement alleged; therefore, denied.

50. Denied.

51. Defendant lacks information sufficient to form a belief or formulate a response to this paragraph; therefore, denied.

52. Denied.

53. Admitted.

54. Denied.

## COUNT I

55. This paragraph is a re-allegation paragraph to which no answer is required. To the extent an answer is required, Defendant reasserts his answers to Paragraphs 1-54 above.

56. Defendant lacks information sufficient to form a belief as to Plaintiff's Works; therefore, denied.

57. Denied.

58. Defendant lacks information sufficient to form a belief as to whether Plaintiff authorized, permitted, or consented to distribution of its Works; therefore, denied.

59. This paragraph is a legal conclusion to which no answer is required. To the extent a response is required, Defendant specifically denies infringing on Plaintiff's Works.

60. This paragraph is a legal conclusion to which no answer is required. To the extent a response is required, Defendant specifically denies infringing on Plaintiff's Works. Defendant further denies infringing on any of Plaintiff's copyrighted Works willfully.

61. To the extent not expressly admitted herein, Defendant denies the remaining allegations of the Amended Complaint.

## AFFIRMATIVE DEFENSES

As and for Defendant's affirmative defenses, without admitting that Defendant bears the burden of proof or persuasion as to any of them, Defendant states as follows:

**First Affirmative Defense: Failure to State a Claim.** Plaintiff has failed to state a claim upon which relief may be granted. On information and belief, Plaintiff has not shown the connection between the accused copyright infringement and the Defendant named. Put differently, Plaintiff's investigation has not revealed the quantum and quality of evidence required to maintain a "John Doe" lawsuit. Plaintiff's asserted investigatory methods, at best, reveal the possibility of infringement on an IP address, and do not reveal the necessary connection between that alleged infringement and the named Defendant. Plaintiff relies on bare probability that some portion of infringers must also be subscribers. Plaintiff's allegations do not rise above the "mere possibility" standard, nor meet the "Plausibility" requirement set forth by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Second Affirmative Defense: Waiver.** On information and belief, Plaintiff, either directly, or through its agent, directed or allowed its videos to be "seeded" to the Internet via torrent sites. Defendant either impliedly or expressly had permission to download its copyrighted Works. Therefore, Plaintiff waived any right to enforce its copyrights in the Works.

**Third Affirmative Defense: Implied License.** On information and belief, Plaintiff, either directly, or through its agent, directed or allowed its videos to be "seeded" to the Internet via torrent sites. Defendant either impliedly or expressly had permission to download its copyrighted Works. Therefore, Plaintiff gave Defendant, and any Internet user, an implied license to download its copyrighted Works. Therefore, Plaintiff cannot seek damages resulting from granting an implied license.

**Fourth Affirmative Defense: Unclean Hands.** On information and belief, Plaintiff,

either directly, or through its agent, directed or allowed its videos to be "seeded" to the Internet via torrent sites. Defendant either impliedly or expressly had permission to download its copyrighted Works.  Therefore, because it placed its videos in the public domain in that fashion, Plaintiff comes to court with unclean hands.

**Fifth Affirmative Defense:  Estoppel.**  On information and belief, Plaintiff, either directly, or through its agent, directed or allowed its videos to be "seeded" to the Internet via torrent sites. Defendant either impliedly or expressly had permission to download its copyrighted Works.  Therefore, Plaintiff is now estopped from attempting to enforce its copyrights in the Works after placing its videos in the public domain.

**Sixth Affirmative Defense;  Mitigation of Damages.** Defendant asserts that Plaintiff has a duty to mitigate its damages and has failed to do so. Plaintiff asserts that it is the victim of massive, ongoing infringement, requiring it to sue individual subscribers. But Plaintiff has the technology and ability to trace the infringement to its source, the original "seeder" of the BitTorrent-based infringement. By tracing the infringement to the original source, Plaintiff could identity the individual(s) responsible for making their Works available in the first instance, cutting off the infringement before it spreads. On information and belief, Plaintiff has not done so because then it could not sue individual subscribers *en masse* for statutory damages.

**Seventh Affirmative Defense:  Innocent Infringement.** Defendant asserts that, if it is an infringer, it is an "innocent infringer", and was not aware and had no reason to believe that its acts constituted an infringement of copyright.

**Eighth Affirmative Defense:  Copyright Misuse**  Defendant asserts that Plaintiff's use of the Florida State Court as preliminary process to attempt to acquire federally protected subscriber information is a misuse of procedural and substantive due process and therefore renders Plaintiff's copyrights at issue in this action unenforceable.

**Ninth Affirmative Defense: Injunctive Relief.** Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate, is not irreparable, and Plaintiff has an adequate remedy at law, and Plaintiff has not even alleged the elements of such relief

WHEREFORE, having answered the Amended Complaint, Defendant prays this Honorable Court enter a decision that:

1. Plaintiff has not proven that Defendant has infringed on Plaintiff's copyrighted Works (a Declaratory Judgment of Non-Infringement);

2. Grants Defendant all appropriate damages, including a trebling of damages where appropriate;

3. Grants Defendant all of its costs, including attorneys' fees and other expenses; and

4. Grants Defendant any and all other relief the Court may deem appropriate.

## COUNTERCLAIM

As and for the Counterclaim against Strike 3 Holdings, LLC, John Doe states as follows:

### Parties, Jurisdiction and Venue

1. John Doe ("Defendant") is sui juris and resides within the jurisdiction of the Middle District of Florida.

2. Upon information and belief, Strike 3 Holdings, LLC ("Plaintiff") is a limited liability company that has subjected itself to the personal jurisdiction and venue of this Court by bringing its claim against John Doe for copyright infringement.

3. Personal jurisdiction, subject matter jurisdiction, and venue are proper here because of the copyright infringement claim brought by Plaintiff against Defendant, and the fact that this is a compulsory counterclaim related to the allegations set forth in the Amended

Complaint.

4. This is an action seeking declaratory relief, pursuant to 28 U.S.C. § 2201.

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

5. Plaintiff asserts claims of copyright infringement against Defendant and has served Defendant with its Complaint.

6. Defendant has incurred costs, fees, and expenses in connection with its Defense.

7. Defendant has not downloaded, distributed, shared, any of the alleged videos via BitTorrent, or otherwise infringed any of Plaintiff's Works.

8. A case and controversy now exists regarding the allegations of Defendant downloading the allegedly infringed films.

9. Defendant prays that this Court issue a declaration of noninfringement.

**WHEREFORE**, Defendant prays this Honorable Court enter a decision that:

A. Plaintiff has not proven that Defendant has infringed on Plaintiff's copyrighted Works (a Declaratory Judgment of Non-Infringement);

B. Grants Defendant all appropriate damages, including a trebling of damages where appropriate;

C. Grants Defendant all of its costs, including attorneys' fees and other expenses; and

D. Grants Defendant any and all other relief the Court may deem appropriate.

Dated: November 12, 2020.                    Respectfully submitted,

                                              **LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for Defendant*
Citigroup Center, 22nd Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Phone: (305) 403-8788
Fax: (305) 403-8789

By:     /s/*Stephanie Reed Traband*
Stephanie Reed Traband, Esq.
Florida Bar No. 0158471
Primary: srt@lklsg.com
Secondary: ar@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document on November 12, 2020 with the Clerk of the Court using CM/ECF and that service was perfected hrough this system on Tyler Mamone, Mamone Villalon, 100 SE 2nd St., Ste. 200, Miami, FL 33131, tyler@mvlawpllc.com.

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for Defendant*
Citigroup Center, 22nd Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Phone: (305) 403-8788
Fax: (305) 403-8789

By:     /s/*Stephanie Reed Traband*
Stephanie Reed Traband, Esq.
Florida Bar No. 0158471
Primary: srt@lklsg.com
Secondary: ar@lklsg.com