## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 8:20-cv-00676-MSS-CPT

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

    Plaintiff,

v.

JOHN DOE infringer assigned IP address
47.197.99.186, an individual,

    Defendant.

_____/

JOHN DOE infringer assigned IP address
47.197.99.186, an individual,

    Counter-Plaintiff,

v.

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

    Counter-Defendant.

_____/

### DEFENDANT'S NOTICE REGARDING IN PERSON CONFERRAL PURSUANT TO APRIL 12 ORDER

**PLEASE TAKE NOTICE** that Pursuant to the Court's April 12 Endorsed Order that "the parties shall confer in person" to discuss the

1

remaining discovery issues, D.E. 64, counsel for Plaintiff/Counter-Defendant Strike 3 Holdings, LLC ("Strike 3") and counsel for Defendant/Counter-Plaintiff, John Doe ("Doe") conferred in person on April 14, 2022 for nearly half a day. The parties have continued to confer since the in-person meeting, and they will continue to do so throughout the coming week prior to the hearing.

The parties are able to resolve certain issues presented in Plaintiff's Motion, but others remain at an impasse. The results of that conferral are outlined below. Plaintiff sent[1] a copy of the draft Notice to Defendant's counsel to review only 13 minutes prior to filing it; thus Defendant's counsel did not have an opportunity to comment on the Notice before filing it, which is why this separate notice outlining Defendant's position is being filed.

### A. Motion to Compel Responses and Production to its Second Set of Requests for Production

- With respect to Request for Production No. 2, which requested "All DOCUMENTS and FILES REFERRING TO, RELATING TO, OR CONCERNING all usernames USED to log into the COMPUTER DEVICES IDENTIFIED in DEFENDANT's response to PLAINTIFF'S Interrogatory No. 3," the parties have reached an impasse. D.E. 52, at 6–10.  Plaintiff is willing to withdraw these

---

[1] Defendant's counsel was emailed the draft from Plaintiff's counsel at 4:53 p.m. EDT, and the notice was filed at 5:06 p.m. EDT, which allowed only 13 minutes for a response before filing, and was shared only 7 minutes before 5 p.m. EDT.

requests if Defendant produces complete system log files per Plaintiff's expert's instructions.

**Defendant's Position:** "Usernames" are irrelevant to the inquiry of whether: 1) torrent files, and 2) actual movie files (or fragments thereof) are on the targeted media. The hard drive has been examined with a forensic tool and there is no evidence of either torrent files or Strike 3's movie files. Further, Plaintiff only disclosed its expert's "instructions" this morning and did not participate in a joint ESI protocol at the beginning of this case. Although the parties are presently at an impasse, Defendant is still evaluating Plaintiff's proposed "instructions."

- With respect to Request for Production No. 3, which requested: "All DOCUMENTS and FILES REFERRING TO, RELATING TO, OR CONCERNING the installation and update of the operating system(s) of the COMPUTER DEVICES IDENTIFIED in DEFENDANT'S response to PLAINTIFF'S Interrogatory No. 3," the parties have reached an impasse. D.E. 52, at 6–10. Plaintiff is willing to withdraw these requests if Defendant produces complete system log files per Plaintiff's expert's instructions.

  **Defendant's Position:** Files from the "installation and update of the operating systems" are irrelevant to the inquiry of whether: 1) torrent files, or 2) actual movie files (or fragments thereof) are on the targeted media. The hard drive has been examined with a forensic tool and there is no evidence of either torrent files or Strike 3's movie files. Further, John Doe has provided complete file tree listings showing all files on the disks.

- With respect to Request for Production No. 5, which requested: "All SYSTEM LOG FILES and/or OPERATING SYSTEM LOG FILES for each COMPUTER DEVICE IDENTIFIED in Response to Interrogatory No. 3," the parties have reached an impasse. D.E. 52, at 6–10.

3

- For the previous three Requests, Doe declined to abandon his objection based on the terms of an ESI protocol. D.E. 52, at 9–10.
- During conferral, Doe's counsel expressed confusion as to how to perform this search and also stated it would take too long. Plaintiff, in return, provided specific instructions on how to do this search from its ESI expert. Plaintiff's ESI expert estimated this would take approximately an hour to search and produce.

**Defendant's Position:** Doe's counsel was not "confused" at the meet and confer. Doe's counsel, who is a licensed professional engineer, advised that he was unable to determine why the files requested are relevant to the claims at issue. Plaintiff has never been able to articulate with particularity what protocol was desired and/or what files are needed. The parties have impassed.

- With respect to Request for Production No. 6, which requested Doe search his computer devices and cloud accounts for various "search strings," D.E. 52, at 10–15, the parties were able to resolve certain issues, but have reached an impasse on others. Specifically:

**Defendant's Position:** John Doe responded to over 100 ESI search string requests and provided results.

- Doe admitted during conferral that there were nearly 6,000 hits to the title search results which he believed were "false positives." He offered to produce a limited selection. D.E. 52, at 11–12.

**Defendant's Position:** Strike 3's counsel mischaracterizes the meet and confer and subsequent follow up. John Doe was not on the phone call. Doe's counsel stated that search terms for the "movie titles" across all media produced false positives for generic terms. Doe's counsel sent this spreadsheet detailing the false positives to

4

Strike 3's counsel on April 15, 2022. Certain searches (e.g. "Where To", "With a View", and, to some extent, "Nostalgia") create numerous false positive hits on files that have nothing to do with this litigation. With more specific titles, it is clear there were no hits across all media. This did not contradict prior positions taken. Strike 3's counsel has not yet responded to the April 15, 2022 letter.

| Number of Files Found with the Phrase | | | | | | |
|---|---|---|---|---|---|---|
| Phrase | Laptop | Desktop | Cloud | iPad | iPhone | USB |
| Pushing Buttons | 2 | 0 | 1 | 1 | 0 | 0 |
| Travelling Together | 0 | 0 | 0 | 1 | 0 | 0 |
| Check Them Out | 2 | 13 | 0 | 1 | 0 | 0 |
| BBC To Go | 0 | 0 | 0 | 0 | 0 | 0 |
| Girls Share | 0 | 0 | 0 | 0 | 0 | 0 |
| It Was My Dream To Meet Him | 0 | 0 | 0 | 0 | 0 | 0 |
| Something To Look Forward To | 0 | 0 | 1 | 0 | 0 | 0 |
| Nostalgia | 161 | 10 | 0 | 3 | 0 | 0 |
| Where To | 2202 | 1827 | 86 | 24 | 0 | 17 |
| Girls Night In | 0 | 0 | 0 | 0 | 0 | 0 |
| A Quiet Weekend In Mykonos | 0 | 0 | 0 | 0 | 0 | 0 |
| Alone In Mykonos | 0 | 0 | 0 | 0 | 0 | 0 |
| Vacation With Benefits | 0 | 0 | 0 | 0 | 0 | 0 |
| With A View | 1000 | 232 | 2 | 4 | 0 | 0 |
| Proving My Worth | 0 | 0 | 0 | 0 | 0 | 0 |
| Commission | 169 | 109 | 52 | 15 | 0 | 0 |
| Honey Look What I Found | 0 | 0 | 0 | 0 | 0 | 0 |
| We All Do It | 0 | 0 | 0 | 0 | 0 | 0 |
| Do I Know You | 0 | 0 | 1 | 0 | 0 | 0 |
| One Night Only | 0 | 0 | 0 | 0 | 0 | 0 |
| Hot Girl Summer | 0 | 0 | 0 | 0 | 0 | 0 |
| Get Even | 39 | 31 | 7 | 7 | 0 | 0 |
| West Coast Dreaming | 0 | 0 | 0 | 0 | 0 | 0 |
| Our Secret Place | 0 | 0 | 0 | 0 | 0 | 0 |
| Take Me Away | 0 | 0 | 0 | 0 | 0 | 0 |
| Tying Up Loose Ends | 0 | 0 | 0 | 1 | 0 | 0 |
| Train Her | 0 | 0 | 0 | 1 | 0 | 0 |
| Cam To Me | 0 | 0 | 0 | 0 | 0 | 0 |
| Anal Dependance | 0 | 0 | 0 | 0 | 0 | 0 |
| Parting Gift | 1 | 0 | 0 | 1 | 0 | 0 |
| Good Business | 0 | 0 | 3 | 3 | 0 | 0 |
| One In A Million | 0 | 0 | 0 | 1 | 0 | 0 |
| He Chose Me | 0 | 0 | 0 | 0 | 0 | 0 |
| Amazing Benefits | 4 | 0 | 0 | 0 | 0 | 0 |
| Dream Pairing | 0 | 0 | 0 | 0 | 0 | 0 |
| Pushed In The Right Direction | 0 | 0 | 0 | 0 | 0 | 0 |

Further, Defendant did not waive to right to review the hit files for relevancy. Rather, Defendant specifically requested that Plaintiff narrow the types of media files to be searched, which limitation Strike 3 agreed to as noted below.

5

- o Strike 3 has agreed to limit its request as follows: Strike 3 will agree to production of all video media files (Strike 3 can provide extensions), any .torrent files, and all files that are file mismatches. A "file mismatch" is "when a file extension doesn't match the file header." This is commonly referred to as a file mismatch. When a user changes the file extension for example a .MOV file to a .DLL file the operating system will see the .DLL file as a file when in fact it is still a movie file. Forensic software has the capability to compare the file extension to the file header and if they don't match EnCase will identified them as "Signature Mismatch." Strike 3 requests all files responsive to the search that is a "file mismatch." Finally, Strike 3 requests proof that the title searches were completed in unallocated space as well, and confirmation on number of hits for each search in unallocated space.

  - **Defendant's Position:** John Doe will provide all video media files from all media. John Doe has searched for all .torrent files. None exist (as was reported in prior interrogatory responses). Strike 3 claims they need to search "file extension change" files. This is incorrect: changing the extension does not change the underlying hash value[2] and John Doe has searched all media for SHA-256 file hashes and has found no matches.

- o With respect to the "info hash" and "file hash" searches, Plaintiff withdraws its request.

- o With respect to the Additional Evidence, the parties have reached a tentative agreement. D.E. 52, at 14–15. During the conferral counsel for Doe proposed limiting the requests to approximately 35 searches that Strike 3 may pick. Plaintiff is amenable to this procedure, but requested Defendant must first explain the exact

---

[2] https://www.litigationsupporttipofthenight.com/single-post/2016/05/14/what-changes-a-hash-value#:~:text=It%20should%20be%20readily%20apparent,will%20produce%20new%20hash%20values

parameters of his search protocol before Strike 3 is able to select which terms to submit. This will help avoid duplicating efforts.

**Defendant's Position:** The foregoing is basically correct, but Defendant notes that the requested strings will be entered into Autopsy, an industry standard forensic tool, and a search will be performed. Any resulting hits will be reviewed for relevancy and provided.

### B. Motion to Compel Responses to Deposition Questions

- The parties conferred on Strike 3's deposition questions, counsel's objections, and the requested relief, and were not able to reach a resolution. However, Doe's counsel requested further information from Plaintiff for consideration to re-evaluate its position, and Plaintiff provided that information earlier today, which Defendant is now considering. As such, although the parties are at impasse right now, they will continue to negotiate this issue approaching the hearing. D.E. 53.

Dated: April 18, 2022.                    Respectfully submitted,

                                                      **LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for Defendant*
Citigroup Center, 22nd Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Phone: (305) 403-8788
Fax: (305) 403-8789

By:   /s/*Stephanie Reed Traband*
     Stephanie Reed Traband, Esq.
     Florida Bar No. 0158471
     Primary: srt@lklsg.com
     Secondary: ph@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel listed below using CM/ECF system.

> By: /s/*Stephanie Reed Traband*
> Stephanie Reed Traband, Esq.
> Florida Bar No. 0158471

**Counsel for the Plaintiff (By CM/ECF):**
**MAMONE VILLALON**
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
100 SE 2nd St., Suite 2000
Miami, Florida, 33131
Tel: (786) 209-2379
Tyler@mvlawpllc.com
*Counsel for Plaintiff*