# EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiffs,

v.                                             Case No. 8:20-cv-00676-MSS-CPT

JOHN DOE infringer identified as using IP address 47.197.99.186,

    Defendants.

_____

**DEFENDANT 's RESPONSES TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

    PROPOUNDING PARTY:    STRIKE 3 HOLDINGS, LLC

    RESPONDING PARTY:    ▅▅▅▅▅▅▅▅

    SET NO.:    SECOND

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1.**

    A FORENSICALLY SOUND COPY of the COMPUTER DEVICES IDENTIFIED in DEFENDANT'S response to PLAINTIFF'S Interrogatory No. 3

OBJECTIONS: Calls for an operative act (creating a new hard drive in a different format) that is no required under the FRCP. Further, this request is overbroad and requests hundreds, if not thousands, of documents that are irrelevant to this dispute. These documents include personal documents, financial documents, emails with family and friends, etc. Also, the documents would could include email communications with counsel for those devices that were used to communicate with counsel. Also this requests documents unbounded by time, while the dispute is only for an approximate six month period of alleged infringement. Further, the parties agreed to an ESI protocol and this exceeds the scope of that protocol. This request is also overbroad under Rule 26 and amounts to nothing more than a speculative fishing expedition.

RESPONSE: See the documents John Doe will produce in RPD Set 2, No. 6.

**REQUEST FOR PRODUCTION NO. 2.**

    All DOCUMENTS and FILES REFERRING TO, RELATING TO, OR CONCERNING all usernames USED to log into the COMPUTER DEVICES IDENTIFIED in DEFENDANT's response to PLAINTIFF'S Interrogatory No. 3.

OBJECTIONS:   This request is overbroad is irrelevant to this dispute.  This case involves copyright infringement,  Further, the parties agreed to an ESI protocol and this exceeds the scope of that protocol. These  documents that contain a person's user ID and password have no relation to this case.

RESPONSE: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 3.**

All DOCUMENTS and FILES REFERRING TO, RELATING TO, OR CONCERNING the installation and update of the operating system(s) of the COMPUTER DEVICES IDENTIFIED in DEFENDANT'S response to PLAINTIFF'S Interrogatory No. 3.

OBJECTIONS:   This request is irrelevant to this dispute.  This case involves copyright infringement.  Operating system files have no connection to the claims at issue Further, the parties agreed to an ESI protocol and this exceeds the scope of that protocol.

RESPONSE: No documents will be produced.

**REQUEST FOR PRODUCTION NO. 4.**

All DOCUMENTS and FILES REFERRING TO, RELATING TO, OR CONCERNING the chain of custody for FORENSICALLY SOUND COPIES of the COMPUTER DEVICES IDENTIFIED in Response to Interrogatory No. 3.

OBJECTIONS:   This request is duplicative to a similar request in RPD Set One.

RESPONSE: Document already produced.

**REQUEST FOR PRODUCTION NO. 5.**

All SYSTEM LOG FILES and/or OPERATING SYSTEM LOG FILES for each COMPUTER DEVICE IDENTIFIED in Response to Interrogatory No. 3.

OBJECTIONS:   See REQUEST #3, Set 2.

RESPONSE: See RESPONSE #3, Set 2.

2

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS and FILES on the COMPUTER DEVICES IDENTIFIED in Response to Interrogatory No. 3 that REFER TO, RELATE TO, OR CONCERN the following:

a. The titles of all Plaintiff's works at issue in this case;
b. The term "Tushy";
c. The term "Blacked";
d. The term "Vixen";
e. The File Hash values listed on Exhibit A to the Complaint;
f. IP address "47.197.99.186";
g. The term "torrent";
h. The term "μTorrent"; and
i. The title of each file title listed in Plaintiff's Additional Evidence (Bates No. 5).[2]

OBJECTIONS: This request is overly burdensome under Rule 26 and represents search strings that are so generic as return numerous false positives. Specific Objections:

> Request "a" - Plaintiff has not defined the term "title" in the request nor provided the actual title list.
> Request "f" – Already requested in previous RPD 1
> Request "i" – Plaintiff does not own these works are therefore irrelevant to the claim of infringement, and the cross reference of this list into a search tool will more than 50 hours to perform.
>
> Devices – Defendant has uploaded from the Desktop and the Laptop. Extraction of files from other devices is unduly burdensome and not a proportional request.

RESPONSE: Defendant will provide files that match the overly broad terms with the exception of objections above.

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS and FILES stored on CLOUD ACCOUNTS IDENTIFIED in

Response to Interrogatory No. 11.[3]

OBJECTIONS: This request is overbroad and requests hundreds, if not thousands, of documents that are irrelevant to this dispute. These documents include personal documents, financial documents, emails with family and friends, etc. Also, the documents would could

3

7

Dated: December 12 , 2021						As to Objections Only:


								By: */s/ J. Curtis Edmondson*
								Law Offices of J.*Curtis Edmondson*
								Admitted Pro Hac Vice