# EXHIBIT 4

```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

* * * * * * * * * * * * * * * *
STRIKE 3 HOLDINGS LLC, a       *
limited liability company      *
                               *
                               *    Case No. 8:20-cv-676
vs.                            *
                               *    April 25, 2022
                               *
JOHN DOE infringer assigned    *
IP address 47.197.99.186, an   *
individual                     *
* * * * * * * * * * * * * * * *


              REPORTER'S OFFICIAL TRANSCRIPT OF THE
                 EVIDENTIARY HEARING HELD BEFORE
               THE HONORABLE CHRISTOPHER P. TUITE
                 UNITED STATES MAGISTRATE JUDGE
                        APRIL 25, 2022


                          APPEARANCES:

FOR THE PLAINTIFF:

     Christian W. Waugh
     Waugh Grant PLLC
     201 E. Pine Street
     Suite 315
     Orlando, FL  32801
     352.750.0325

     Tyler Mamone
     Mamone Villalon
     100 SE 2nd Street
     Suite 2000
     Miami, FL  33131
     786.209.2379
```

Tana J. Hess, CRR, RMR, FCRR
U.S. District Court Reporter
Middle District of Florida

11:31AM 1  definitions of system log files, because I received previously
11:31AM 2  from you a list or an email that looks like it says, "Remaining
11:31AM 3  discovery issues after April 14th."  It was I think an email
11:31AM 4  that that you were quoting from that has a list of items
11:31AM 5  targeted for collection, and it sounds like based on prior
11:32AM 6  testimony and the questions you're asking me that we're
11:32AM 7  referring to this list of items or target collection as system
11:32AM 8  log files, and I don't consider all of those system log files.
11:32AM 9         But if this question is referring to those files as
11:32AM 10 system log files, then yes, I -- then answering the question in
11:32AM 11 that context is going to be very different from what I would
11:32AM 12 classify system log files, because one of those files, for
11:32AM 13 instance, includes unallocated space, which is basically the
11:32AM 14 entire portion of the hard drive that is not currently storing
11:32AM 15 active or non-deleted files, so -- which means basically it's
11:32AM 16 all of the deleted files and everything else on the hard drive.
11:32AM 17 And since in this case the free space or unallocated space was
11:32AM 18 over 100 gigabytes, if you were to search that for deleted
11:32AM 19 files, I believe there are over 100,000 deleted files of
11:33AM 20 varying types.  So if we're including those as what was
11:33AM 21 referred to as system log files, then the system log files
11:33AM 22 include tons of Word documents, emails, all sorts of things,
11:33AM 23 all classified under system log files.  So reviewing those
11:33AM 24 100,000 files I would assume would take a long time.
11:33AM 25 Q.    Is there a generally accepted definition of system log

3:29PM 1  Court, I have to tell you that I was wrong in the last hearing,
3:29PM 2  and what my -- what I told the Court that my understanding was
3:29PM 3  with regard to the fee agreements was not correct, and I need
3:29PM 4  to make sure that the Court is aware that I was wrong, and I'm
3:29PM 5  telling you that I was wrong.  So I just wanted to correct the
3:29PM 6  record on that.
3:29PM 7           Substantively, we have agreed that the four
3:29PM 8  questions that had been asked in deposition that there was no
3:29PM 9  answer to will be answered by written question -- I'm sorry,
3:29PM 10 written deposition question, and we have agreed to discuss the
3:29PM 11 possibility of reasonable follow-up.  We have not -- we have
3:29PM 12 not consented to that.  We have consented to discuss it, and we
3:30PM 13 have also further consented that if we do not agree, that we
3:30PM 14 will throw ourselves on the Court's mercy to resolve that
3:30PM 15 agreement.  We couldn't get further on that because we didn't
3:30PM 16 know exactly --
3:30PM 17           **THE COURT:**  I don't have any say in that.
3:30PM 18           **MS. TRABAND:**  We know what your say would be if you
3:30PM 19 could put up a wall there, but I think I have --
3:30PM 20           **THE COURT:**  Just a moment of levity late in the day,
3:30PM 21 okay?
3:30PM 22           **MS. TRABAND:**  So I think I've set forth the agreement
3:30PM 23 as to the remaining issues.
3:30PM 24           **THE COURT:**  And you said there was something about
3:30PM 25 that you're wrong, and I'm not trying to emphasize that, but

```
3:30 PM   1    did you want to state particularly what that was?
3:30 PM   2             MS. TRABAND:  Sure.  You asked me specifically what
3:30 PM   3    my understanding -- reading the agreements, the two agreements
3:30 PM   4    at issue, what my understanding of their structure was, and I
3:30 PM   5    gave you what my understanding was, but I was doing it
3:30 PM   6    basically on the fly without having consulted client or
3:31 PM   7    attorney to the degree that I should have, and I was wrong.  My
3:31 PM   8    understanding was wrong.
3:31 PM   9             THE COURT:  Okay.  Appreciate the candor and
3:31 PM   10   clarifying that for the record, Ms. Traband.  So that would
3:31 PM   11   eliminate the subject of Motion to Compel that's found at
3:31 PM   12   document 53.
3:31 PM   13            All of document 52, which is the other Motion to
3:31 PM   14   Compel, has been resolved with one exception.  That is the
3:31 PM   15   systems log.  Mr. Mamone?
3:31 PM   16            MR. MAMONE:  That is correct, Your Honor.
3:31 PM   17            THE COURT:  My understanding was that everything had
3:31 PM   18   been resolved.  No?
3:31 PM   19            MR. MAMONE:  No, Your Honor.  Unfortunately, the
3:31 PM   20   system logs issue remains a live one for all parties.
3:31 PM   21            THE COURT:  Okay.
3:31 PM   22            MR. MAMONE:  But we -- Stef?
3:31 PM   23            MS. TRABAND:  Sorry.
3:31 PM   24            MR. MAMONE:  What -- sorry, Your Honor.  One thing to
3:31 PM   25   note was that you did ask that we facilitate a direct line of
```

```
3:31PM   1   communication between our respective experts.  We'd like to do
3:32PM   2   that.  We're just trying to figure out how to get them on the
3:32PM   3   line with each other so that they could possibly have a
3:32PM   4   discussion, and for any narrowing that may come from it, we're
3:32PM   5   happy to present it to the Court, but we were wondering if Your
3:32PM   6   Honor had any expectation of when we should do that by.
3:32PM   7   Obviously we would do that immediately based upon the
3:32PM   8   availability of both.
3:32PM   9            THE COURT:  I appreciate that.  Ms. Traband you're
3:32PM  10   standing as well, so I just wanted to make sure --
3:32PM  11            MS. TRABAND:  It was just basically to give an amen
3:32PM  12   to that.
3:32PM  13            THE COURT:  So I don't have the transcript in front
3:32PM  14   of me from today.  Lucky to have a court reporter as we do with
3:32PM  15   all evidentiary hearings, but my preliminary thought on the
3:32PM  16   system logs is that they're subject to discovery.  There seems
3:32PM  17   to be a discrepancy as to how they're defined.  I suspect that
3:32PM  18   can be resolved by a discussion between the two experts.  Even
3:32PM  19   the defense -- or the Plaintiff's expert acknowledged, at least
3:33PM  20   in part, that some of the items identified in Defendant's 1
3:33PM  21   would not qualify under a perhaps broader interpretation of
3:33PM  22   what a system log file or operating system log file would
3:33PM  23   encompass.  So that's why I think the two experts speaking to
3:33PM  24   each other about the matter to see if they can come on -- come
3:33PM  25   to an agreement as to not necessarily a definition, but some
```

```
5:06PM    1              * * * * * * * * * * * * * * * * * *
5:06PM    2                    UNITED STATES DISTRICT COURT
5:06PM    3                     MIDDLE DISTRICT OF FLORIDA
5:06PM    4
5:06PM
5:06PM    5              REPORTER TRANSCRIPT CERTIFICATE
5:06PM
5:06PM    6         I, Tana J. Hess, Official Court Reporter for the United
5:06PM       States District Court, Middle District of Florida, certify,
5:06PM    7  pursuant to Section 753, Title 28, United States Code, that the
5:06PM       foregoing is a true and correct transcription of the
5:06PM    8  stenographic notes taken by the undersigned in the
5:06PM       above-entitled matter (Pages 1 through 121 inclusive) and that
5:06PM    9  the transcript page format is in conformance with the
5:06PM       regulations of the Judicial Conference of the United States of
5:06PM   10  America.
5:06PM
5:06PM   11
5:06PM
5:06PM   12  _____
5:06PM       Tana J. Hess, CRR, RMR, FCRR
5:06PM   13  Official Court Reporter
5:06PM       United States District Court
5:06PM   14  Middle District of Florida
5:06PM       Tampa Division
5:06PM   15  Date:  May 6, 2022
5:06PM
         16
         17
         18
         19
         20
         21
         22
         23
         24
         25
```