# EXHIBIT 5



**Intellectual Property Law, Litigation, and Appeals**

Tyler Mamone
Yetian Wang
Mamone Villalon
100 SE 2nd St., Ste. 2000
Miami, FL 33131

December 18, 2021

Re:     Strike 3's Letter – Dated December 14, 2021. *Re* Second Set of RFP's

Tyler and Yetian:

    This letter is in response to your eight page claim of deficiencies of document production set 2: production of the actual drives and "cloud accounts" (RFP No 1,6-7).; and passwords RFP No. 2 (passwords); and RFP 5,8-9 (Communications relating to Exhibit A, and Additional Evidence); and RFP No. 12).

    John Doe has provided you with approximately 3.5 <u>GB</u> of discovery responses. We have timely put those on dropbox for your inspection. John Doe, has important responsibilities to his employer, a military defense contractor. ▮▮▮▮▮▮▮▮▮▮▮▮. Your overly broad requests do not comport with the proportionality requirements of Rule 26 and interfere with the quiet enjoyment of his life. John Doe has already answered numerous interrogatories describing that he had "Open Wifi". He also provided a declaration that he did not infringe.

    You recently took depositions of two neighbors. One of the neighbors testified that nefarious third parties are lurking in the neighborhood. Also, one of the neighbors testified having kids that can use computers. The third neighbor, who was a no show, apparently also has kids. It is my observation in the Portland Metro area and I am sure it is not much different in Tampa, that kids have "smartphones" or "laptops" that would be able to download your client's pornographic works via open WiFi. Since Strike 3 takes no steps to shield minors from their pornographic works, it is likely that those kids were downloading your client's works using my client's open Wifi (so their parents would not discover that they were doing). I have heard that there is natural curiosity of adolescent minors to want to watch pornography. I have also read numerous studies where the exposure of material, like your client's, is very harmful to children.

    But more on point, it is not our burden to "prove" a neighbor's kid downloaded the movies, it is your burden to prove John Doe infringed. But just because you have the burden of proof does not give you right in discovery to make overly broad and irrelevant discovery requests.

    <u>RFP's Set 2, No.s 1,6-7 (Hard Drives, Cloud Accounts, and String Searches)</u>: Defendant stands by his objections. We have an ESI protocol in place that provides for "search strings". The client used search strings on the computers and provided you with the results. There is no basis for possession of any hard drives for reasons outlined above.

    While you may cite cases that involve court orders, anything decision prior to 2015 has little weight due to the changes to R26 and associated discovery rules. There are two Strike 3 decisions involving hard drives, the Zilly decision, which was affirmed by the Ninth Circuit and a district court decision which is easily distinguishable. The Ninth Circuit decision is more relevant and incorporated the use of search strings (File Hashes) on the hard drives.

But even if we go to decisions that are pre-2015, the Courts do not allow electronic discovery when the responding party has been responsive to discovery requests.  See the attached decision. *NOLA Spice Designs, LLC v. Haydel Enters. Inc*. 12-2515 (E.D. La. 2013) pg. 5.  The quotations from the cases you cite are taken out of context and do not stand for the proposition of an unfettered inspection of a defendant's hard drive.

We have offered you to provide search strings, but you refused to provide them, so we used the strings as we best interpreted them as for RFP 6.  We gave you those files that were responsive.

<u>RFP's Set 2, No.2</u> :  Defendant stands by his objections.  We have an ESI protocol in place that provides for "search strings".  I am unsure how "passwords" are relevant to this dispute and there are clearly privacy concerns. See the attached case from the Southern District of Florida as an example of the kind of discovery mess that would result if your client has my client's user id's and passwords. Partners Biomedical Sols. v. Saltsman 19-cv-81316 (S.D. Fla. 2021).

<u>RFP's Set 2, No.3 and 5</u> :  Defendant stands by his objections.  Operating System Files and Log Files have no connection to the allegations of Copyright Infringement and the data signatures that would be on a computer as a result of infringement.  You asked for evidence of infringement of Tushy, Blacked, etc. and  the hard drives were searched the hard drives for that data.

<u>RFP's Set 2, No.4</u> :  You have our Chain of Custody documents in dropbox.

<u>RFP's Set 2  No 5, No.8-9:</u>  In our earlier discovery we provided you with timesheets when John Doe was physically at his work. John Doe can also testify to him being at work as listed on the timesheets and they are admissible. Caiazza v. Marceno 2:18-cv-784 (M.D. Fla. 2020).

With regard to the "Additional Evidence".  Since the dates in the "Additional Evidence" runs from the time period as list on Exhibit A, it is duplicative as to the other requests.

With regard to work emails.  John Doe is not in the possession and control of his work emails, which are the property of his defense contractor.  The emails are duplicate of the evidence already provided, that he was "at work" during some of the dates indicated in "Exhibit A".

<u>RFP's Set 2, No. 12:</u>  The request is overbroad and we stand by the objections.  See *Gov't Emps. Ins. Co. v. Merced,* 20-cv-802 (M.D. Fla. 2021) [provided with this letter], and *Nguyen v. Raymond James & Assocs*. 20-cv-195 (M.D. Fla. 2020). "...the request as drafted is an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case..."[provided with this letter]

<u>RFP's Set 5, No.12:</u>  In our earlier discovery we provided you with timesheets when John Doe was physically at his work. John Doe can also testify to him being at work as listed on the timesheets and they are admissible. *Caiazza v. Marceno* 2:18-cv-784 (M.D. Fla. 2020).

Respectfully,

J. Curtis Edmondson