# EXHIBIT 6



**Intellectual Property Law, Litigation, and Appeals**

Tyler Mamone  January 31, 2022
Yetian Wang
Mamone Villalon
100 SE 2nd St., Ste. 2000
Miami, FL 33131


Re:   Strike 3's Letter – Dated January 26, 2022
      Does Responses to Strike 3's Second Set.

Tyler and Yetian:

The parties agreed to an ESI protocol for hard drive inspection.  The objective of this agreement was for requests to be reasonable and proportional in view of Rule 26.  Despite this, Strike 3 has made additional discovery requests that go far beyond what Rule 26 intended or case law allows.

John Doe has provided you with responses to your search requests.  I have reviewed your letter and believe your position is meritless under Rule 26.  I view of moving the case forward, we performed an additional search using the "hash values", which I am attaching as a "Zip" file.  To date, you have submitted close to 100 search strings for inspection.  Your request for us to inspect the hard drives with an additional 9000+ search strings.

1. RPD 1 – Second Set:  Strike 3's request for inspection of the hard drive is overbroad. Please see attached decision in the Central District of California. ("Pym Decision") Further, the parties agreed to an ESI protocol and we expect Strike 3 to abide by those agreements.

2. RPD 2 – Second Set:  Your claim is for Copyright Infringement.  As such evidence of the movies or a portion of the movies would substantiate your claim.  Asking for "user names" is irrelevant to this inquiry and is speculative.

3. RPD 3 – Second Set:  The response regarding RPD 2 is incorporated by reference here.  A generic reference to "system log files" and "operating system files" does inform a person where to inspect the computer.  If you have a specific file that you would like to inspect, then we can search for that file, review it, and then respond by providing the file and/or making any appropriate objections.  It is not the job of John Doe to speculate on what you want.  I am familiar with the *Malibu Media* case you cite. This case makes no reference to ESI rather discusses "wiping" the hard drive. But there is no evidence of "hard drive" wiping since we have provided you with tens of megabytes of data extracts from that hard drive.

4. <u>RPD 5 – Second Set</u>:   The responses 1-4 are incorporated by reference here.   A generic reference to "system log files" and "operating system files" does tell a person where to look.  If you have a specific file that you would like, then we can search for that file.   It is not the job of John Doe to speculate on what you want. Your assertion that the "all system log files…data is critical…" is nonsense.  If the movies exist on the drive, then then they exist on the drive.   The movie data exists in static form in the form of a string of bytes that will pattern match to the search strings you provide. Either party can lay a foundation with search string results as the custodian of records can testify that a search string was looked for and a result was returned.

5. <u>RPD 6 – Second Set</u>:   We have provided results for sections a (36 strings) b,c,d,f, g, and h (  six search strings).  We have performed searches on the File Hash values. (36 sets of two strings).  This is close to 100 search strings which exceeds the number of strings that I can find in any case involving an ESI protocol.   The request to search another 9000 strings ("additional evidence") is respectfully refused under proportionality of Rule 26.

In the *Strike 3* case before Judge Zilly in the Western District of Washington, the Court allowed, after full briefing, allowed inspection of the hard of only the hash values at issue in the case.  This was a reasonable order.  John Doe has done far more searching of the hard drives than what Judge Zilly ordered.   Your requests are unreasonable and disproportionate.

In Best Regards,

J. Curtis Edmondson