# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § | Civil Action |
| | § | No. 8:20-cv-00676-MSS-CPT |
| Plaintiff, | § | |
| v. | § § | |
| JOHN DOE infringer identified as using IP address 47.197.99.186, | § § | |
| Defendant. | § § | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (ECF 110)

### I. SUMMARY

Strike 3 has filed a 24 page motion claiming that purported destruction of evidence was intentional and in bad faith under Rule 37(e)(2). (ECF 114).

Strike 3 requests: 1) entry of default or 2) a curative instruction to be used for the purposes of MSJ. Strike 3's request fails procedurally and substantively. Strike 3 argued these points on June 24, 2022 and expressly waived on the record relief under Rule 37(e). Strike 3 has not shown John Doe intended to spoliate ESI or acted in bad faithe, which is required under Rule 37(e)(2). At worst he was negligent in handling ESI, but given the fact the Strike 3 told him not to preserve his evidence until November 12, 2020, he acted reasonably.

## II. RELEVANT FACTS

John Doe presents these relevant facts:

- On December 4, 2019, Strike 3 filed a State Court case in Miami Dade alleging Copyright Infringement. (See ECF 115-10).

- Strike 3 did not seek leave from this Court to conduct early discovery (e.g. serve a subpoena on Frontier) in connection with their copyright infringement lawsuit. (Edmondson Decl).

- State Courts do not have jurisdiction over Federal Copyright matters. 17 U.S.C. 301.

- On February 6, 2020, Strike 3 dismissed the State Court case in Miami Dade County. (Edmondson Decl).

- Strike 3 had actual knowledge that John Doe was represented.

- On March 24, 2020, Strike 3 filed a case in this Court. (ECF 1)

- On May 28, 2020, Strike 3 moved to get the subscriber information from Frontier (ECF 11).

- On June 1, 2020, John Doe's Linux Computer's operating system was reinstalled.  (Doe Decl)

- On July 1, 2020 first had notice of the Federal Lawsuit.  (Doe Decl).

- On July 3, 2020, John Doe offered media images to Strike 3.

2

(Edmondson Decl)

- On July 5, 2020, Strike 3 told John Doe that "…hard drive imaging, will be requested should we get into discovery…" (Edmondson Decl).

- Strike 3 served John Doe on October 21, 2020. (Doe Decl.)

- John Doe uses the "Linux Computer" ("Lenovo Laptop") to better understand the Linux Operating system for work. (Doe Decl.)

- John Doe uses the "Windows Computer" for web surfing, email, video games, etc. (Doe Decl.)

- On February 3, 2021 the parties had their joint discovery conference. (ECF 27)

- On or about February 10, 2021 John Doe made a copy of the Linux Hard Drive and the Windows Hard Drive. John Doe's expert Michael Yasumoto received these copies shortly thereafter. (Doe Decl.)

- On February 25, 2021, the parties filed their joint discovery plan. (ECF 27). There was disagreement on the ESI portion of the ESI part of the plan.

- On November 12, 2021 Strike 3 requested "hard drive imaging" in their second RPD. (Edmondson Decl)

- On or about December 6, 2021, John Doe provided "search string" results from the "Linux Computer" and the "Windows Computer" for

- strings identified by Strike 3 in their ESI string requests except the 10,000 additional evidence strings. Approximately 4GB of data was provided to Strike 3. (Doe Decl).

- John Doe discovered an additional hard drive "ADATA drive" behind his motherboard, promptly examined the drive. (Doe Decl).  Michael Yasumoto and John Doe examined the ADATA drive for.

- On July 20, 2022, Strike3 filed their motion for summary judgment. (ECF 114).  Strike 3 alleges additional infringements occurred from August 12, 2021 to December 8, 2021. (ECF 114, pg 7).

- Strike 3 has not moved to amend their complaint to include additional infringements related to "VPN data."

- John Doe uses his VPN for overseas travel when he is deployed to Middle East countries. (Doe Decl)

- A VPN ("Virtual Private Network[1]") randomly allocates an IP address during each session.  Strike 3 cannot correlate the VPN IP address "146.70.38.84" with any other dates and times except for when John Doe was communicating with Twitter. (Doe Decl.)

---

[1] See https://www.cisco.com/c/en/us/products/security/vpn-endpoint-security-clients/what-is-vpn.html not a "Virtual Proxy Network" as stated by Strike 3.

### III. ARGUMENT

Rule 37(e)(2) states:

FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information <u>that should have been preserved in the anticipation or conduct of litigation is lost</u> because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
   (2) <u>only upon finding that the party acted with the intent to deprive</u> another party of the information's use in the litigation may:
      (A) presume that the lost information was unfavorable to the party;
      (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
      (C) dismiss the action or enter a default judgment. (emphasis added)

Rule 37 is enabled by Rule 26. Rule 26(b) has the following limitations with regarding to discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and <u>proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, <u>the amount in controversy</u>, the parties' relative access to relevant information, <u>the parties' resources</u>, the importance of the discovery in resolving the issues, and whether <u>the burden or expense of the proposed discovery outweighs its likely benefit</u>. Information within this scope of discovery need not be admissible in evidence to be discoverable. (emphasis added)

## A. STRIKE 3'S MOTION SHOULD BE DENIED PROCEDURALLY AS THEY MADE THE SAME MOTION BEFORE THIS COURT (ECF 89) AND JOHN DOE FILED HIS OPPOSITION (ECF 94) AND IT WAS ARGUED ON JUNE 24, 2022 (ECF 99)

First, this argument could have been briefed, should have been brief, and was therefore waived Strike 3 in their argument before this Court on June 24, 2022. (ECF 99). The issues before the Court are the same and the underlying facts have not changed since that date. See Transcript excerpts from the Hearing on June 24, 2022. (Exhibit 1) (ECF 99).

On July 19, 2022, the Court has denied this motion limiting further discussion solely to the ADATA drive. (ECF 105).

Strike 3 has not moved under Rule 72 in appeal of the Magistrate's Order. See *Smith v. School Bd. of Orange County*, 487 F. 3d 1361, 1365 (11th 2007). Instead, Strike 3 has reargued all evidence once again before this Court under Rule 37(e)(2). But Strike 3 has already admitted in that oral argument that they waived their arguments under Rule 37(e)(2). Strike intended to bring the motion under Rule 37(e)(2):

> **Court:** Mr. Waugh, you seem to make clear -- you'll have to correct me if I'm missing something …in your reply and your filings more broadly you're not seeking to rely on Rule 37(e).… Yet the relief that you seek seems that it would fall under Rule 37(e) which would provide

the framework for resolving that. So explain to me briefly why the Court shouldn't be looking to Rule 37(e) here?

**Waugh:** Your Honor, in fact, the Court should. I apologize. It should say 37(e)(2)(C)

**Court:** Okay. So (e) draws a distinction between those situations where there's prejudice and those situations where there's an intent to deprive….So under which of those provisions is Strike 3 proceeding?

**Waugh:** Your Honor, both. I mean, there are cases where both apply, and this is one of them. (Ex 1, Page 44:12-45:8)

The Strike 3 waived that position:

**Court:** …Let me go back to your representation that you are moving or relying on the framework of Rule 37(e). During the recess, we went back and looked at your reply. The reply seems to suggest, if not outright indicate, you're not seeking to rely on Rule 37(e).

**Waugh:** Your Honor, Rule 37(e) is not the only issue. I mean, it's -- we do seek -- we don't seek major sanctions under Rule 37 -- 37(e), which is why I sharpened the sections to which we're really not invoking or trying to involve.

**Court:** Let me just say this, just to be clear. Page 5. "The purpose of the motion," you write -- the second sentence of the last paragraph -- "is not to shoulder its" --referring to Strike 3 -- "ultimate burden of proof or even seek relief under Rule 37(e)."…I thought you had mentioned that's a typo. So now it seems to me that you're seeking relief under Rule 37(e).

**Waugh:** It's not the only rule we're invoking, Your Honor, but we're also --

**Court:** Wait a minute. Just to be clear. You say it's not the only rule we're seeking to invoke. That sentence, "We're not even seeking relief under Rule 37(e)," is I believe fairly interpreted to mean that you're

7

not relying on Rule 37(e) at all…. I have a reply, and it says you're not effectively seeking relief under 37(e). So now today I hear you to say something differently…. Help me out with that statement, how precisely you're seeking to proceed.

…

**Court:** So do I take it then that you're not seeking relief under Rule 37(e)?

**Waugh:** I will not seek relief furthermore in the hearing under Rule 37(e).

To the extent that Strike 3 is only arguing issues related to the ADATA drive, Strike 3 makes no mention that the ADATA information was available on May 6, 2022 prior to the June 24, argument.  It will be noted below that Strike 3 has not been deprived of any ESI search string results from the ADATA drive.  *Infra.*

> **B. STRIKE 3'S MOTION SHOULD BE DENIED ON SUBSTANTIVE GROUNDS: 1) STRIKE 3 HAS FAILED TO SHOW JOHN DOE "INTENDED" TO DEPRIVE STRIKE 3 OF THE ESI; 2) STRIKE 3 HAS NOT SHOWN THAT THE DATA WOULD HAVE BEEN ON THE LINUX COMPUTER; 3) STRIKE 3 HAS NOT BEEN DEPRIVED OF DATA FROM THE "ADATA DRIVE"; AND 4) THE DISCOVERY IS DISPROPORTIONATE UNDER RULE 26 AS THE AMOUNT AT ISSUE IS $ 7,200.00**

This case is very unusual procedurally. Strike 3 first pursued a Copyright Claim in State Court.  Strike 3 then dismissed that State Court case. Dismissal of the State Court lawsuit ends the obligation to preserve data.  *Stanfill v. Talton,* 851

F.Supp.2d 1346 (2012). Strike 3's argues that a State Court "litigation hold letter" should extend into an unfiled Federal Action. This is not only absurd, it shows that Strike 3 admits that they violated Federal Rules prohibiting early discovery for a Federal Copyright claim without an early discovery order from this Court. See *Norris v. DeKalb Cnty.,* No. 1:06-CV-0381-CC, 2006 WL 8433740, at *2 (N.D. Ga. Apr. 13, 2006) (entering sanctions against attorney for serving discovery in violation of Rule 26(d) and local rule); *Scott v. Raudin McCormick, Inc., No.* 08-4045-EFM, 2008 WL 11381380, at *5-*6 (D. Kan. Oct. 27, 2008) (ordering counsel to show cause as to why they should not be sanctioned for noticing depositions and issuing document subpoenas before scheduling conference).

1. **STRIKE 3 HAS FAILED TO SHOW JOHN DOE "INTENDED" TO DEPRIVE STRIKE 3 OF THE ESI OR SHOW BAD FAITH**

In *ML Healthcare Serv. v. Publix Super Markets,* 881 F. 3d 1293, 1308 (11th Cir 2018), the Eleventh Circuit discussed the "intent" prong of supermarket in a slip and fall case. The Plaintiff in that case sent three preservation letters to the supermarket but the supermarket only preserved one hour of video tape. The plaintiff in that case had requested over 840 hours of video tape to be preserved, which the district court found to be excessive.

*ML* has since been followed in this circuit by *Tesoriero v. Carnival Corp*., 965

F. 3d 1170, 1184 (11th Cir. 2020). The Eleventh Circuit has rule that "..cannot be imposed for negligently losing or destroying evidence…" Id. at 1184. In *Tesoriero* the Court identified circumstances of the difference between negligence and "bad faith". For example, a missing record tape was not found not to impute bad faith, but sale of a vehicle for salvage by insurer after an accident was.

Strike 3's counsel instructed John Doe not to preserve the hard drive data on July 5, 2020. The parties then had their scheduling conference on February 3, 2021. John Doe preserved the two hard drives immediately after the scheduling conference in February, 2021. There is nothing in the joint report that contradicts Strike 3's earlier representation that Strike 3 wanted data preserved when they requested it as they failed to reference the earlier instruction. (ECF 27). Furthermore, Strike 3's "position" at the joint status conference was overbroad and clear boilerplate like in *ML* Healthcare. Strike 3 did not seek the drive images until November 12, 2021. The point is that John Doe acted in good faith by preserving the hard drives long before the discovery request.

When John Doe discovered the "ADATA Drive" he immediately imaged the drive and searched the drive using ESI search strings provided by Strike 3. This data was made available to Strike 3 on May 6, 2022. Strike 3 had an opportunity to depose John Doe and Michael Yasumoto after that date.

## 2. STRIKE 3 HAS NOT SHOWN THAT THE DATA WOULD HAVE BEEN ON THE LINUX COMPUTER,

Rule 37 is only implicated on a showing by Strike 3 that the particular device would have had data relevant to the case. That is Strike 3's burden on this motion. It is insufficient to speculate.

Patrick Paige seems to contend that data would have been present on the Linux Computer and the Windows Computer. Mr. Paige did find a file link on Windows computer that links the name of an actress to a file in 2018 to the names of same actress employed by Strike 3. (Oddly enough, no actress names were on Strike 3's initial disclosures), but Mr. Paige fails to show, who pure speculation, why a Linux computer would have had the data, when the Windows computer appears to have a singled 2018 reference to the data.

## 3. STRIKE 3 HAS NOT BEEN DEPRIVED OF DATA FROM THE "ADATA DRIVE" AS IT WAS TURNED OVER ON MAY 6, 2022.

Strike 3 then argues that the John Doe deprived them of evidence from the "ADATA drive". (ECF 110, page 4). This is inaccurate and misleading. When the "ADATA drive" was discovered, it was analyzed and documented in Yasumoto's report. (Exhibit 2). John Doe identified the "ADATA drive" was provided to Strike 3 on **May 6, 2022.** (ECF 103).

11

Strike 3's questions to Yasumoto was whether he "knew" what devices John Doe was using at a particular time and date. (110-6, page 38-39). This does not prove that he did not do the ADATA analysis. In fact, John Doe provided Strike 3 with the report that specifically references the ADATA. If Strike 3 in Yasumotos deposition had handed him this exhibit, Yasumoto would have identified what he did.

Strike 3 waited close to 3 months to make this an issue. There was no prejudice to Strike 3 or an intent to deceive regarding the ADATA drive. In fact, quite the opposite when John Doe found the drive it was immediately analyzed.

4. **DISCOVERY IS DISPROPORTIONATE UNDER RULE 26 AS THE AMOUNT AT ISSUE IS $ 7,200.00**

Strike 3 did not address the requirements of Rule 26. Discovery must be relevant and proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). The party request any relief under the discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016).

Strike 3 has not denied that this case of low value, but fails to address this aspect of Rule 26 in view of Rule 37(e)(2).

5. **S**TRIKE **3** FAILS TO SHOW HOW **J**OHN **D**OE DEPRIVED **S**TRIKE **3** OF ANY "VPN" D**ATA AND HOW A** VPN IP A**DDRESS RECORDED IN** D**ECEMBER** 2021 IS SOMEHOW RELEVANT TO A CLAIM OF INFRINGEMENTS FROM J**UNE** 2019 **TO** D**ECEMBER** 2019 (ECF 17-1).

Strike 3 raises another red herring regarding "VPN" data. (ECF 110, page 2). Strike 3 even misrepresents what John Doe's counsel said at ECF 41. In response their quotation, John Doe's counsel complete accurate in the Strike 3 has shown no evidence of "Bittorrent Use" whether by VPN, or not by VPN. Not a single ".torrent" file has been found. Strike 3 simply quotes out of context to make a point.

As John Doe has shown in his declaration, there is no way to tie an IP address from a VPN over a long time period since it continuously changes due to how it works. Strike 3's ability to tie "infringements" at any time to a VPN address recorded in November 2021 is impossible, speculative, and has no technical support.

Further the VPN argument is simply to denigrate John Doe by some implication that use of a VPN, which has valid uses when he deployed overseas in service of our Country is somewhat nefarious. Strike 3 does not even use the VPN factual references as part of the argumentative section of their motion. As such it should be disregarded.

## **CONCLUSION**

This motion is almost identical to the motion already brought (ECF 89) and then denied. In this motion Strike 3 fails to even acknowledge that Strike 3's counsel and John Doe's former counsel had an express agreement with Strike 3 on the production of the hard drives in July, 2020. Strike 3's counsel never told John Doe to preserve the hard drives.

When John Doe found the ADATA drive he immediately had it analyzed and turned over the data.

There is no evidence of bad faith or intent by John Doe with regard to Rule 37(e)(2). He has tried to cooperate with Strike 3's overbroad, excessive, and costly ESI requests that have far exceeded the value of this case.

John Doe respectfully requests that this Court deny Strike 3's request to compel and for sanctions in view of the arguments presented above.

Dated:  August 3, 2022                    Respectfully submitted,


                                      **LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for John Doe*
100 SE 2nd Street, 36th Floor
Miami Tower
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By: */s/ Stephanie Reed Traband*
Stephanie Reed Traband
Florida Bar No. 0158471
Primary: srt@lklsg.com
Secondary: ph@lklsg.com

BY: */S/ J. CURTIS EDMONDSON*
J. Curtis Edmondson (CSB 236105)
Admitted Pro Hac Vice
Edmondson IP Law
15490 NW Oak Hills Dr
Beaverton, OR 97006
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically served the foregoing document on:

Tyler A. Mamone
100 SE 2nd St., Suite 2000
Miami, Florida, 33131
Tel: (786) 209-2379

Christian W. Waugh
Waugh Grant, PLLC
201 E. Pine Street, Ste.315
Orlando, FL 32801
561 Fieldcrest Drive
The Villages, FL 32162
Counsel for Plaintiff.

                                              /s/ J. Curtis Edmondson
                                              Hillsboro, OR