UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § | Civil Action No. 8:20-cv-00676-MSS-CPT |
| Plaintiff, | § | |
| v. | § § | |
| JOHN DOE infringer identified as using IP address 47.197.99.186, | § § | |
| Defendant. | § § | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE JOHN DOE ALLEGED INFRINGER IDENTIFIED AS USING IP ADDRESS 47.197.99.186 UNDER *DAUBERT*

Defendant, JOHN DOE, alleged infringer identified as using IP address 47.197.99.186 ("John Doe"), requests that this Court deny Strike 3 Holding's, LLC ("Strike 3") over-the-top 17-page motion to exclude JOHN DOE as an expert (ECF 113). Since John Doe has the "scientific, technical or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue" and which is "based on sufficient facts or data and the product of reliable principles and methods," he sufficiently qualifies as an expert that may provide his expert opinions in this case. Federal Rule of Evidence 702 as clarified by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

John Doe is a Rule 26(a)(2)(C) expert. He is not a Rule 26(a)(2)(B) expert that is required to produce a "written report.". John Doe has not been "retained or specially employed" and is not an employee of a party referenced by Rule 26(a)(2)(B). Plaintiff's Motion seeks only to confuse the Court because John Doe can provide testimony both as a fact witness and an expert witness because of his unique knowledge, experience and skills learned in his employment working for the United States Defense Department.

Next, Strike 3 attempts to attack John Doe's methodology under *Daubert*. But John Doe's methodology is the same methodology used by Strike 3's own expert Patrick Paige for a hard drive forensic analysis. This methodology is not rocket science, and is a simple five step process:

a. Start the Hard Drive Forensic Tool;
b. Ingest the media into the Hard Drive Forensic Tool;
c. Search the media with ESI Search Strings using the Hard Drive Forensic Tool;
d. Generate a report using the Hard Drive Forensic Tool to identify any matches; and
e. Analyze the results for relevant data that matches Strike 3's 36 films (e.g. fragments of the films or .torrent files).

John Doe used Autopsy, a tool that has been tested by NIST and used by hard drive forensic examiners. It may not be the exact tool that Mr. Paige uses, but that does not change the fact that Autopsy does the same thing that Patrick Paige's preferred tool does. Strike 3 does not even support their Motion with a declaration

of expert Paige or anyone that can adequately challenge or identify any inadequacies of John Doe's methodology.

Regardless, the reports submitted by John Doe (ECF 113-1,113-2, & ECF 113-3) clearly meet all of the elements to withstand a pre-trial *Daubert* motion under Rule 26(a)(2)(C). Unlike a retained expert, John Doe is not restrained by his reports and his deposition testimony. To the extent that the data which he relies on may be incomplete, which John Doe denies, he can cure any deficiencies in his trial testimony.

## ARGUMENT

### I. JOHN DOE'S DISCLOSURES ARE ADEQUATE UNDER RULE 26(a)(2)(C).

Pursuant to Rule 26(a)(2)(C), John Doe is not required to provide a written report, but he must designate:

(i) the subject matter on which he is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which he is expected to testify. (Rule 26(a)(2)(C).)

John Doe's documentation clearly identifies the subject matter ("what is on his media") and the summary of facts and opinions ("ESI search reports"). This clearly satisfies Rule 26(a)(2)(C). The requirements for a Rule 26(a)(2)(C) witness is not as rigorous as a Rule 26(a)(2)(B) witness. *See* Fed. R. Civ. P. 26(a)(2)(C); *Glasscock v.*

*ABC Professional Tree Services,* 20-cv-5257 (ND FL 2022) order of June 4, 2022, stating, "Courts must take care against requiring undue detail [in Rule 26(a)(2)(C) disclosures], keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.,* Advisory Committee's note to 2010 amendment; *see also, United States v. An Easement & Right-of-Way Over 6.9 Acres of Land, More or Less, in Madison Cnty., Ala.,* 140 Supp. 3d 1218, 1244-45 (N.D. Ala. 2015). In *Glassrock*, the movant argued that a Rule 26(a)(2)(C) witness had to make the same disclosures as a Rule 26(a)(2)(B) witness. But the *Glassrock* court stated that "...This is incorrect…" noting the difference in the express language controlling the two types of witnesses. (See Opinion, Ex. 1).

Likewise, in this district, a movant tried to exclude a witness under the same argument—that a Rule 26(a)(2)(C) witness needed to adhere to the requirements of Rule 26(a)(2)(B) and generate a report. *Superior Consulting Services v. Shakleee,* 16-cv-2001, (MD FL 2018) order of May 18, 2018. The court in *Shakleee* rejected this argument, ruling that "[t]he plain language of Rule 26 'requires only certain expert witnesses to comply with the more detailed expert-report requirements' of Rule 26(a)(2)(B)" (citing to *United States v. McCarthy Improvement Co.,* No. 3:14-cv-919-J-PDB, 2017 WL 443486, at *12 (M.D. Fla. Feb. 1, 2017). (See Opinion, Ex. 2.)

John Doe's timely submissions at ECF 110-1, 110-2, and 110-3 are more than

adequate disclosures for a Rule 26(a)(2)(C) expert.

## II.    JOHN DOE IS QUALIFIED UNDER *DAUBERT*

Federal Rule of Evidence 702 states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) the testimony is based on sufficient facts or data;
> c) the testimony is the product of reliable principles and methods; and
> d) the expert has reliably applied the principles and methods to the facts of the case.

This is the codification of the standards set forth in *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993). The *Daubert* standard "requires trial courts acting as gatekeepers to engage in a 'rigorous three-part inquiry', assessing whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *TRA Farms, Inc. v. Syngenta Seeds, Inc.*, 5:12-CV-378-MW/EMT, 2014 WL 3844838 at *1 (N.D. Fla. Apr 14, 2014)(citing *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).

### A. John Doe is Competent to Testify based on his Extensive Training

John Doe has disclosed his education and certifications in explaining why he is competent to testify as an expert witness. (Doe Decl. ¶3.) Plaintiff does not dispute that Doe is adequately competent to testify as an expert witness (Motion, pg. 6). In fact, John Doe has greater technical qualifications than Strike 3's expert, Patrick Paige because Mr. Paige does not have a computer science degree and apparently has never programmed a computer. Doe conducts forensic examinations at work. (Doe Decl. ¶2.)

### B. John Doe's Methodology is Sufficiently Reliable

Strike 3's main argument is that Doe's methodology is unreliable because he "made self-serving statements" that the drives he had in his possession belonged to him, and no evidence exists for Doe's explanation that the drives were imaged in November 2021. To support these statements, Strike 3 cites to *Thompkins v. Moore*, 193 F.3d 1327, 1337 (11th Cir. 1999), but that case actually involved a criminal defendant's description of his drinking habits as compared to 9 other witnesses who testified as to the lack of his drinking behavior. *Id.* Clearly, that case is distinguishable. Doe has no reason to lie—there are not 9 other witnesses who said he imaged someone else's drives or on a different date. Plaintiff's citation is not persuasive.

The next Eleventh Circuit case cited irresponsibly by Strike 3 is *McDowell v.*

*Brown*, 392 F.3d 1283, 1300 (11th Cir. 2004). That case was a medical malpractice and civil rights case where the court excluded all of the plaintiff's medical experts who were not board certified in emergency medicine. *Id.* at 1297. Here, Doe has significant certifications with key courses in computer forensics. See, Doe Decl. and Ex. A & B). In fact, this course has been approved for use by the Department of Defense to train forensic examiners (Doe Decl. ¶4). There is no dispute that by Doe passing this verified course of study that he is at least as competently qualified to testify as Strike 3's expert Paige on computer forensics.

Plaintiff questions whether Doe's methodology was adequate because he did not consider obvious alternative explanations of the results. (Motion, pg. 9.) It should be noted here that Doe described his methodology in detail, and he specifically configured Autopsy to provide maximum searching capabilities as noted in his supporting Declaration (Doe Decl. ¶¶6-9). Plaintiff's claim could have been resolved either by additional inquiries in deposition or interrogatories as to the specific information they believe is missing in Doe's media examined. However, Plaintiff chose not to do so in order to set up the argument that Doe is not qualified to image his own media. The reality is that Doe works as a Department of Defense contractor, and has much more to lose by perjuring himself than anyone else in the case. The fact that Doe and Brillhart did not find Strike 3 Works on the drives—not just the string ".torrent", but actual movies or parts of movies downloaded on the drives is what

7

matters.

Again, the cited cases by Strike 3 are unpersuasive on this argument as well. The *Navelski v. Intern. Paper Co.*, case explained that where there are two different analyses, one does not render the other unreliable. *Navelski*, 244 F. Supp.3d 1275, 1296 (ND Fl. 2017)("Defendant's expert may disagree …, but the experts' conflicting opinions reveal only a factual dispute, not a flaw in [one's] methodology.) It would be improper for the Court to pick and choose which forensic tool of an expert's methodology it prefers to the exclusion of the other. *See generally, Kumho Tire,* 526 U.S. at 153 (stating that if an expert's testimony is within "the range where experts might reasonably differ," the jury, not the trial court, should be the one to "decide among the conflicting views of different experts"); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, n.7 (observing that "a district court may not exclude an expert because it believes one expert is more persuasive than another expert"). This issue may be explored vigorously through cross-examination, but it does not preclude the admissibility of the expert's opinion.

The reference to *La Gorce Palace Condominium Association, Inc. v. Blackboard Specialty Insurance Co.*, No. 19-24016-CIV, 2022 WL 479877, at *8 (S.D. Fla. Feb. 16, 2022) is likewise distinguishable. That case found that the expert's inability to clarify which damages to the condos were excluded as being pre-existing in nature, how he distinguished the pre-existing from those damages that were storm-

related, and who had screened which rooms during an inspection—all formed the basis of excluding the expert's testimony as "suffering from … 'black box syndrome,'. *Id.* That analysis was much more complex than simply running search terms through a forensic tool program. The cited case is again distinguishable. Strike 3's Motion simply tries to analyze this case to other significantly more complicated cases at issue—likely because the arguments and the Motion itself is very weak and intended solely to confuse the Court and overwhelm the Defendant in opposing the five (5) separate motions filed at once on the eve of the deadline. Not one case cited to the same situation where a party is permitted to testify as a fact witness and an expert witness.

    C. <u>Doe's expert testimony will assist the trier of fact</u>.

Though not even mentioned by Strike 3, the third prong of the *Daubert* standard is of no dispute in this case. That is, John Doe's expert testimony in providing his opinion on his string searches utilizing the forensic tool Autopsy will certainly provide support for John Doe's position that no Strike 3 Works were found on his hard drives.

    D. <u>Defendant's conclusions have been replicated</u>.

John Doe's experts Joel Brillhart and Michael Yasamoto have replicated searching for Strike 3 Works on his media, and found no evidence whatsoever of any Strike 3 works. The supporting material has been explained by Doe to Strike 3, and

even further explained in his Declaration. (Doe Decl. ¶¶6-12.) Utilizing a different forensic tool, defense experts have run similar searches of terms provided by Plaintiff. Strike 3 should not now be allowed to make this argument that the searches may not now be replicated because they were the one to decline a preservation of the hard drives earlier.

    E.  <u>Defendant should not be excluded as an expert because of Bias</u>.

John Doe is not biased—he is a skilled forensic examiner by trade and profession. (Doe Decl. ¶¶2-5.) Just because he is listed as a defendant is not reason to exclude his expert testimony. The cases cited by Plaintiff are distinguishable and fail to elevate Strike 3's claims. The *Kranis v. Scott* case involved a disbarred attorney who admitted did not have sufficient expertise on malpractice law and did not have any access to legal materials that might serve as his methodology. He was barred from being his own expert in a case against his former attorneys because as a past defendant, current plaintiff, attorney and expert witness, it would be unfairly prejudicial, misleading and confusing to the jury. *Kranis*, 178 F. Supp.2d 330, 334 (E.D. NY 2002). Obviously, this has no application to the facts at hand.

Finally, the *Ordon v. Karpie* case is equally as unpersuasive. That was a malpractice case where state law required an expert legal witness, and no expert was designated for the causation element of plaintiff's claim. *Ordon*, 425 F. Supp.2d 276, 279 (D. Conn. 2006). It does not stand for the proposition that Strike 3 claims.

### III. <u>CONCLUSION</u>

John Doe respectfully requests that this Court deny Strike 3's Motion to Exclude John Doe as an expert witness.

Respectfully Submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Local Counsel for Plaintiffs*
201 South Biscayne Boulevard
Miami Center, 22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By: */s/ Stephanie Reed Traband*
Stephanie Reed Traband
Florida Bar No. 0158471
Primary: srt@lklsg.com
Secondary: **n**

BY: */s/ J. CURTIS EDMONDSON*
J. Curtis Edmondson (CSB 236105)
Admitted Pro Hac Vice
Edmondson IP Law
15490 NW Oak Hills Drive
Beaverton OR 97006
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically served the foregoing document on:

Tyler A. Mamone
100 SE 2nd St., Suite 2000
Miami, Florida, 33131

Christian W. Waugh
Waugh Grant, PLLC
201 E. Pine Street, Ste.315
Orlando, FL 32801
Counsel for Plaintiff.

                        /s/ J. Curtis Edmondson Hillsboro, OR