UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:20-cv-00676-MSS-CPT

STRIKE 3 HOLDINGS, LLC, a limited liability company,

    Plaintiff,

v.

JOHN DOE infringer assigned IP address 47.197.99.186, an individual,

    Defendant.

_____/

### PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR LEAVE TO SUBMIT DIGITAL EVIDENCE UNDER SEAL VIA GOOGLE DRIVE, OR, IN THE ALTERNATIVE, VIA HARD DRIVE AND TO WAIVE LR 1.11(F)

Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff"), hereby files the following motion for leave to submit digital evidence under seal via Google Drive or, in the alternative, via hard drive and, in so doing, to waive Local Rule 1.11(f).

One of the elements of copyright infringement is whether Defendant "cop[ied]" the protected works. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendant has challenged this prong, including the evidence supporting copying. *See* [DE 115]. While the parties continue to confer on a stipulation of material facts, it appears unlikely that they will reach an agreement on the pertinent facts here.

1

Thus, to substantiate its upcoming Response to Defendant's Motion for Summary Judgment, Strike 3 must submit to the Court two categories of digital evidence: (1) the Packet Capture files ("PCAPs"), and (2) copies of the works-in-suit, specifically Strike 3's "control copies"–copies of the works registered with the Copyright Office, and the "infringing copies"–copies of the works downloaded from the BitTorrent network associated with the infohash value listed in [DE 17-1].

The evidence produces unique challenges. First, the sizes of the files are substantial. There are 137 PCAPs, and two copies (control copy and infringing copy) of the thirty-six works-in-suit (seventy-two in total) comprise at least 30 gigabytes of data. And there is no apparent method to submitting these types of files through the electronic filing system. Second, the materials contain pornography (though the PCAPs to a lesser extent, which only contains "pieces" of the work), which Local Rule 3.07(e) excludes from the electronic record. *Cf. Liberty Media Holdings, LLC v. Letyagin*, No. 11-62107, 2011 WL 13217328, at *5 (S.D. Fla. Dec. 14, 2011) (advising the plaintiff to file such materials under seal). Moreover, there is no other means through which the Court can access or take notice of the materials. While the "control copies" of Strike 3's works are registered with the Copyright Office, the agency does house the "infringing copies" or the PCAPs.

To that end, Plaintiff requests leave of Court to upload the above-mentioned files to a "Google Drive" folder which it will privately "share" with the Court along

with its upcoming Response to Defendant's Motion for Summary Judgment. That folder will not be accessible to anyone else except for the Court. Defendant will not be prejudiced by this since they are the same files produced to him during discovery. In the alternative, if the Court does not find that a shared Google Drive folder is appropriate, Plaintiff respectfully requests leave of Court to mail to the Court a hard drive containing (1) the Packet Capture files ("PCAPs"), (2) the control copies of the works-in-suit, and (3) the infringing copies of the works-in-suit.

Moreover, Plaintiff seeks entry of an order to seal the contents of the Google Drive or hard drive containing (1) the Packet Capture files ("PCAPs"), (2) the control copies of the works-in-suit, and (3) the infringing copies of the works-in-suit. "In addition to Local Rule 1.09," which governs requests to seal documents, "the Eleventh Circuit recognizes that there is a 'presumptive common law right to inspect and copy judicial records,'" which "is not absolute." *Preman v. Pollo Operations, Inc.*, No. 16-443-ORL-41GJK, 2017 WL 11634647, at *2 (M.D. Fla. July 19, 2017) (citations omitted). "The right of access *does not apply to discovery* and, where it does apply, 'may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (emphasis added)

Good cause exists not only to seal the documents, but to permanently seal them. As previously explained, the foregoing contents contain Plaintiff's works

which is the basis of its business. Indeed, it obtains profit from the ability to exclude access to its works through consumer subscriptions. If such files are readily accessible through the public docket, the works would then be freely available online. This would eviscerate the values of these copyrights; they very thing Strike 3 seeks to protect in this litigation.

Although these materials are being filed in a dispositive motion, there is little "public interest in accessing court documents" when compared to Strike 3's "interest in keeping the information confidential." *See Grant v. Regal Auto. Grp., Inc.*, No. 19-363-SDM-JSS, 2022 WL 1081566, at *1 (M.D. Fla. Apr. 11, 2022). The movies themselves, and their similarity to the "infringing copies" are not the primary issue on summary judgment. Most of that action revolves around whether Defendant was the infringer–and those documents *have* been filed publicly (with minor redactions to Defendant's and other's personal identifying information). Thus, the public is not harmed by the sealing of these materials.

Good cause also extends to the length of the seal. *Cf. Preman*, No. 2017 WL 11634647 at *2 ("The Court may not seal an item for more than one year absent a showing of good cause for a longer seal."). There is simply no other lesser restrictive method by which Plaintiff can protect its copyrights from free access online than maintaining these files under seal permanently. Plaintiff further requests that L.R. 1.11(f) which states that "no seal under this rule extends beyond ninety days" be

waived. Accordingly, Plaintiff submits that these files remain under seal permanently and that only the individuals listed below have access to retrieve the sealed items:

    Christian W. Waugh
    Waugh Grant PLLC
    201 E. Pine Street
    Suite 315
    Orlando, FL 32801
    352-750-0325
    Email: cwaugh@waughgrant.com

    Mary Alexis Norberg
    Waugh Grant, PLLC
    201 E. Pine Street
    Suite 315
    Orlando, FL 32801
    321-800-6008
    Email: mnorberg@waughgrant.com

    Yetian Wang
    Mamone Villalon
    100 SE 2nd ST, Suite 2000
    Miami, FL 33131
    786-209-2326
    Fax: 786-209-2326
    Email: yetian@mvlawpllc.com

    Tyler Mamone
    Mamone Villalon
    100 SE 2nd St., Ste 2000
    Miami, FL 33131
    786-209-2379
    Email: tyler@mvlawpllc.com

    Joseph Curtis Edmondson
    Law Office of J. Curtis Edmondson
    15490 NW Oak Hills Dr

Beaverton, OR 97006
503-336-3749
Email: jcedmondson@edmolaw.com

Leonard J. French , Jr
The Law Firm of Leonard J. French
660 Delaware Ave #33
Hellertown, PA 18055
610-466-5644
Fax: 888-262-0632
Email: ljfrench@leonardjfrench.com

Stephanie Reed Traband
Levine Kellogg Lehman Schneider & Grossman LLP
Citigroup Center, Floor 22
201 S Biscayne Blvd
Miami, FL 33131-4332
305/403-8788
Fax: 305/403-8789
Email: srt@lklsg.com


Dated: August 18, 2022

                              Respectfully submitted,

                              <u>/s/ Christian W. Waugh</u>
                              Christian W. Waugh [FBN 71093]
                              WAUGH GRANT PLLC
                              201 E. Pine Street, Suite 315
                              Orlando, FL 32801
                              Email: cwaugh@waughgrant.com
                              Telephone:  321-800-6008
                              Fax:   844-206-0245

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with Defendant's counsel on August 16, 2022 via telephone and email, then again on August 17, 2022 regarding the various relief sought in this Motion. Defendant only opposes the request to file evidence by Google Drive, but does not oppose the request to (1) file evidence by hard drive, (2) under seal, or (3) to waive LR 1.11(f) for the purposes of duration of the seal.

/s/ Christian W. Waugh

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, a true and correct copy of the following documents was served on Defendant's counsel by email via CM/ECF.

/s/ Christian W. Waugh