**EXHIBIT 11**

**THE IN UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JOHN DOE,** *subscriber assigned IP address 47.197.99.186, an individual,*<br><br>**Defendant.** | **Case No. 8:20-CV-00676-MSS-CPT** |

---

**MOTION HEARING**
**(taken via Zoom videoconference)**
**BEFORE THE HONORABLE CHRISTOPHER P. TUITE**
**UNITED STATES MAGISTRATE JUDGE**

**APRIL 12, 2022**
**11:05 A.M.**
**TAMPA, FLORIDA**

---

Proceedings transcribed via courtroom digital audio recording by transcriptionist using computer-aided transcription.

---

**DAVID J. COLLIER, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
801 NORTH FLORIDA AVENUE, 7TH FLOOR
TAMPA, FLORIDA 33602

if his understanding derives from communications with counsel.

THE COURT: Forgive me. Just forgive me for a moment. There's probably one privilege that every Court is well-aware of, it's the attorney-client privilege and its parameters, but there are nuances; for example, there's case authority about fee arrangements not being privileged. So the question is do you have case authority specifically on this issue.

MS. TRABAND: My case authority would be generally on the attorney's -- I'm sorry, the attorney-client privilege generally, not on this issue.

THE COURT: Okay. And then under this arrangement with Mr. Edmondson it says the client will pay the attorney a reduced rate of $100 per hour, the attorney has a standard billing rate of 350 an hour, and will be entitled to any and all attorney's fees or settlements paid by the plaintiff to settle this matter. What does that mean?

MS. TRABAND: That means the client gets the benefit of the Court being able to award a higher fee than Mr. Edmondson's firm.

THE COURT: So let me just be clear. So the Court -- if Mr. Edmondson asks for 350 an hour, anything over $100 an hour would go back to the plaintiff?

MS. TRABAND: Right, Your Honor. I believe that's the -- that is what *First Baptist Church of Cape Coral* says,

and there are other cases that say the client is the benefic -- is the benefic -- let me try to say the English word, beneficiary of a fee shifting statute, not the attorney. So the client gets the -- gets the benefit of that, not the attorney.

THE COURT: So just to be clear, so let's say Mr. Edmondson works ten hours at 350 an hour, that would be $3,500.

MS. TRABAND: That would be an award for -- I'm sorry.

THE COURT: $3,500, and subtract -- that would be reduced by $1,000 to account for the $100 an hour fee that's being cited here, and that Mr. Doe would walk away with $2,000?

MS. TRABAND: Yes, Your Honor, that's that -- that is my understanding of how the fee -- the alternative fee arrangements, the fee shifting allowed under *First Baptist of Cape Coral* and that line of authority works.

THE COURT: And then with respect to Mr. French, is that the same arrangement, that he'll seek 425 an hour through fee shifting --

MS. TRABAND: Basically.

THE COURT: -- and that the -- that the plaintiff -- I'm sorry, Mr. Doe will recover anything above $100?

MS. TRABAND: Yes, Your Honor.

THE COURT: Same fee to arrangement?

MS. TRABAND: Yes. I believe that is consistent with the *First Baptist Church of Cape Coral*. There's also another case that also --

THE COURT: Again, let me just have a -- because I want the record to be clear, you're making representations here that could be relevant down the road. So Mr. French's agreement -- without, let me put it, adding anything else, do I understand Mr. French's agreement that he will ask for or be entitled to seek $425 an hour from the plaintiff if they were to prevail, the defense were to prevail, and that your client would recover any sum above the $100 an hour rate?

MS. TRABAND: Yes, Your Honor, because it goes to what the Court determines is the reasonable lodestar. $100 an hour, you know, we would -- I think we can all agree is under market. If the Court were to determine that something north of that, or 425, as is his hourly rate, was the appropriate lodestar, then it would go to the client. The purpose -- the insured -- the other party, the party to whom the fees are shifted, is not the one that is to receive the benefit of the arrangement between counsel and client, so they --

THE COURT: And the case authority -- just to be clear, I don't recall seeing an attorney's fees provision by a prevailing party that represents that the amount of the fees sought are more than are actually going to be assessed to the party, but you're saying that you have case law that --

MS. TRABAND: I believe we cited that -- I think that's the *First Baptist Church of Cape Coral* case, Your Honor. And there are *Florida Bar Review* articles on this where there can be -- called the alternative -- alternate -- alternative or alternate fee arrangement, where there may be a hybrid contingency, where you can have a contingency -- there may be a lower hourly rate but with a contingency or other kicker where the defending -- or the losing party does not get the benefit of the arrangement that counsel and attorney -- counsel and client had, they have to pay the higher rate, that's -- that is what the articles say, that's what the *First Baptist Church of Cape Coral* said.

THE COURT: Have you had a case where you put this type of fee arrangement in front of a Court and the Court has awarded the elevated rate, having been fully disclosed or informed that the delta would refer to the prevailing party? Do you have cases where that's occurred?

MS. TRABAND: Not personally, Your Honor, but I know that it has happened with other attorneys in other firms, yes.

MR. EDMONDSON: Your Honor, this is Curt Edmondson. I can comment on that directly if you'd like.

THE COURT: Well, I heard Ms. Traband to say at the outset that she was going to handle the attorney's fee matter, so I was just going -- or directing my inquiry to her. I appreciate though, Mr. Edmondson, your desire to chip in.