**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:20-cv-00676-MSS-CPT**

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

       Plaintiff/Counter-Defendant,

v.

JOHN DOE infringer assigned IP address
47.197.99.186, an individual,

       Defendant/Counter-Plaintiff.

_____/

**<u>JOINT FINAL PRETRIAL STATEMENT</u>**

Pursuant to Local Rule 3.06(b) and Court's Third Amended Case

Management and Scheduling Order, [DE 86], Plaintiff/Counter-Defendant,

Strike 3 Holdings, LLC ("Strike 3"), and Defendant/Counter-Plaintiff, John

Doe infringer assigned IP address 47.197.99.186 ("Doe"), hereby submit this

Joint Final Pretrial Statement.

**1.  Basis for the Court's Jurisdiction**

The Court has subject-matter jurisdiction over Strike 3's claim for

copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

1

Doe, who resides within the district, is also subject to the Court's personal jurisdiction.

The parties, however, disagree over the Court's subject-matter jurisdiction over Doe's counterclaim for declaratory relief. Strike 3 contests Doe's standing to maintain the counterclaim, which is entangled with subject-matter jurisdiction. *See* 28 U.S.C. § 2201(a). Doe contends that he has standing to support his counterclaim and that jurisdiction is sustained.

### 2.  Statement of the Action

Strike 3 claims to own the copyrights for various adult motion pictures. It observed that IP 47.197.99.186 was used to download and distribute its works over the Internet using the BitTorrent protocol. Early discovery revealed that Doe was the account holder of IP address 47.197.99.186. Strike 3 further investigated activity from that IP address and uncovered evidence linking Doe to that activity, and hence the infringement, and brought the current claim against him. Doe denies the infringement. He has also counterclaimed for a declaration of non-infringement. All claims, counterclaims, and affirmative defenses remain live pending the Court's rulings on cross-motions for summary judgment.

### 3.  Statement of the Parties' Positions

#### A. *Strike 3's Statement of the Case*

There is no dispute over the law regarding Strike 3's claim for copyright infringement. To prevail, Strike 3 must show, by a preponderance of the evidence, that it owns the copyrights at issue and that Doe copied its works. Strike 3 has produced the certificates of registrations for all thirty-six of the copyrights-in-suit, which evinces ownership of the works, as well as the testimony of its corporate representative. It has also produced myriad packet capture ("PCAP") files indisputably showing IP 47.197.99.186–which was assigned to Doe–exchanging copies of Strike 3's works over the BitTorrent network. There is substantial corroborating evidence and expert opinion testimony to prove the case.

While Doe contests the sufficiency of this evidence, particularly that Doe (and not someone else) copied the works, the absence of other supporting evidence is the result of Doe's discovery misconduct and spoliation. For months, Doe submitted evasive responses, incomplete production, inconsistent–and at times–outright false testimony, and withheld evidence on multiple occasions. After a series of motions to compel, Doe relented that he reinstalled the operating system on his laptop after Strike 3 sent his counsel a

notice to preserve evidence, wiping out all the relevant data from that time period. Doe also failed to properly preserve his desktop computer, where valuable data was also destroyed, failed to mention that he had disposed of a relevant hard drive to another family member, and failed to disclose another hard drive until days before the dispositive motion deadline. Even if Doe were not the infringer, he made sure to destroy and conceal evidence of his innocence.

The fountainhead of the misconduct was a "fee-split" agreement, in which Mr. French and Mr. Edmondson would submit a higher attorney fee rate to the Court than was billed to Doe and then "split" the difference between themselves and their client. Incentivized by the windfall, Doe stonewalled discovery to conceal the spoliation (and existence) of Doe's hard drives and other evidence. This is in turn ran up the fees that they intended to split while pressuring Strike 3 to dismiss its claim in light of the defective discovery responses. There should be no award–legal or equitable–for such misconduct.

## B. *Doe's Statement of the Case*

Strike 3 has the burden of showing that they own the 36 movies at issue in this case, that the movies are original, John Doe had access to the works using bittorrent, and that John Doe copied substantial, original material from Strike 3's works.

Strike 3 relies entirely on circumstantial evidence.   Strike 3's computer system: "VXN" that was used to collect the PCAP's in 2019, was not tested by Strike 3's until 2022.     VXN had no user's manual, no design documentation, and was never verified by an independent third party.  There is no known false positive rate of VXN, since it was never measured.  The total amount of PCAP data collected by Strike 3 amounts to <0.1% of the movie data.

John Doe's provided Strike 3 key exculpatory evidence:

- John Doe has declared, under oath, he did not download the works.

- John Doe had open WiFi, the signal reaching numerous neighboring households.

- John Doe was at work for 13 of the 36 alleged infringements.

- Frontier cannot associate IP address 47.197.99.186 for 10 of 36 alleged infringements.

- No evidence of either "Torrent files", the "Bittorent Application" or Strike 3's movies on John Doe's media.

Despite this this exculpatory evidence, Strike 3 has pressed on with claims of infringement which have no supporting IP Address evidence from the ISP, Frontier, namely that John Doe was not assigned the IP Address for a significant period of time.

Out of their 10,000+ lawsuits, Strike 3 has only engaged in significant litigation in two cases. In the prior case, *Strike 3 Holdings, LLC vs. JOHN DOE (73.225.38.130),* 17-cv-1731 (WAWD), Strike 3 accused a retired police officer of illegally downloading their movies. Strike 3, in that case, used a German "infringement detection system" called "IPP". Strike 3 lost that case largely based on the veracity of the IPP data.

Now here in Strike 3's second case, Strike 3 has built their own infringement detection system, "VXN", in-house. Unlike the third party IPP system, Strike 3 is now free to create, modify, edit, and fake "forensic" data without any third-party verification or oversight. Our Supreme Court long ago

found that this type of "evidence", created solely for the purposes of litigation, is inadmissible.

Strike 3's odd equitable defenses of "fee splitting" is a weird red herring and not supported by the record.  Instead of focusing at the case at hand, Strike 3 has spent significant amount asking for irrelevant discovery, at one time asking  John Doe to conduct thousands of string searches on works that Strike 3 did not even own.

All Strike 3 had to do is show that John Doe downloaded the 36 movies. This requires looking for 36 strings on John Does drives.  Instead, Strike 3 has engaged in scorched earth litigation that turned a simple straight forward case into overworked maelstrom.

**4.  List of Exhibits with Objections**

*See* Exhibits 1 and 2 to this filing.

**5.  List of the Witnesses**

*See* Exhibits 3 and 4 to this filing.

**6.  List of the Expert Witnesses**

     **A. *Strike 3's Expert Witnesses***

Patrick Paige

*Substance of Testimony*: Mr. Paige will testify about his test of VXN Scan, his examination of the 137 PCAPs in this matter, his examination of the system log files from two of Doe's hard drives, the spoliation of those hard drives (and omission of other devices), and its subsequent impact on the reliability of that evidence. Mr. Paige will also testify about the inherent and actual issues of "search string" analysis in computer forensics.

*Objections*: Mr. Paige is not qualified to testify on testing VXN. Mr. Paige cannot testify on topics beyond the scope of his expert report on topics for which Strike 3 maintains the burden of proof. See Doe's *Daubert* Motion.

David Williamson

*Substance of Testimony*: Mr. Williamson will testify about the development, testing, functionality, and reliability of VXN Scan and the various services and equipment integrated into that system as well as related systems Strike 3 relies on during the litigation.

*Objections*: Mr. Williamson is not qualified to testify on VXN Scan because there are no foundational documents supporting Mr. Williamson's testimony and as such his testimony lacks foundation and is purely speculative.

**B.  *Doe's Expert Witnesses***

8

John Doe

*Substance of Testimony*: John Doe will testify about his computer configuration, open WiFi setup, and the examination examination of his media using the Autopsy forensic tool, analysis of the PCAP data, and mapping of the PCAP data  to show that no playable movie is the result.

*Objections*: John Doe's examination of his computer devices employed patently defective methodologies. Fed. Rs. Evid. 702, 703. John Doe spoliated his laptop and desktop computers, and even after he preserved them, performed restricted searches on the non-preserved hard drives. Fed. Rs. Evid. 403, 901. He also withheld two other hard drives and only searched one of them days before the dispositive deadline. *Id.* Moreover, John Doe disposed of his router from the time of the alleged infringement, and thus failed to preserve evidence of his WiFi configuration. *Id.* John Doe has not previously submitted an expert report or any testimony on the PCAPs in this matter and thus those subjects are beyond the scope of expertise in this matter. *See* Plaintiff Strike 3 Holdings, LLC's *Daubert* Motion to Exclude the Defendant's Expert Opinions and Testimony [DE 113].

Dr. Kal Toth

*Substance of Testimony*: Dr. Kal Toth will testify on the accuracy and reliability of computer systems and the accuracy and reliability of VXN, and operational aspects of the bittorrent protocol.

*Objections*: Dr. Toth has not reviewed any part of VXN Scan and thus can only speculate on its accuracy and reliability. Fed. R. Evid. 703.

Juan Martinez

*Substance of Testimony*: Juan Martinez will provide testimony on his field survey and heatmap results of John Doe's WiFi signal showing that the WiFi signal propagated a significant distance into the neighborhood.

*Objections*: Mr. Martinez's cursory analysis of John Doe's WiFi is irrelevant and prejudicial because he reviewed the incorrect router. Fed. Rs. Evid. 401, 403, 901. His assumptions that the Internet was configured in a specific manner during the relevant period is based on hearsay. Fed. R. Evid. 802.

David Dickson

*Substance of Testimony*: David Dickson will testify on the originality of the works and also provide testimony of the cost of production of each work.

*Objections*: Mr. Dickson's testimony is irrelevant and prejudicial because it misapprehends the legal concept of originality in copyright. Fed. Rs. Evid. 401, 403. Any testimony about the "cost of production of each work" is speculative, Fed. R. Evid. 703, and prejudicial to the jury as Strike 3 has elected for statutory damages. *See* Plaintiff Strike 3 Holdings, LLC's *Daubert* Motion to Exclude The Opinions and Testimony of Defendant's Expert Mr. David Dickson [DE 109].

Dr. Eric Fruits

*Substance of Testimony*: Eric Fruits will present damages evidence to the trier of fact.

*Objections*: Dr. Fruits is not an expert in the legal damages at issue in this litigation. Fed. R. Evid. 702. Any testimony about damages would be speculative, Fed. R. Evid. 703, and prejudicial to the jury as Strike 3 has elected for statutory damages. Fed. R. Evid. 403.

Joel Brillhart

*Substance of Testimony*: Joel Brillhart is a forensic examiner and will testify on search string results from John Doe's media.

*Objections*: Mr. Brillhart's expert testimony is irrelevant and prejudicial because he only reviewed two of John Doe's hard drives that were

not properly preserved. Fed. Rs. Evid. 401, 403; 901. Mr. Brillhart also appears to have withheld certain results for the search "torrent" and thus, his opinions are based on incomplete data. *See* Plaintiff Strike 3 Holdings, LLC's *Daubert* Motion to Exclude the Opinions and Testimony of Defendant's Expert Mr. Joel Brillhart [DE 112].

<u>Michael Yasumoto</u>

*Substance of Testimony*: Michael Yasumoto is a forensic examiner and will testify on search string results from John Doe's media.

*Objections*: Mr. Yasumoto was not properly designated as an expert witness in this matter. His restrict search of only two of John Doe's hard drives will mislead the jury, Fed. R. Evid. 403, and he has testified the search strings are not an accurate method of electronic forensic analysis. Fed. Rs. Evid. 702, 703.

### 7.    Breakdown of Money Damages

Strike 3 seeks to recover statutory damages for the infringement of its copyrights. Statutory damages range from $750 to $30,000 per work infringed and from $750 to $150,000 per work infringed if the Court finds that infringement was committed willfully. 17 U.S.C. § 504(c)(1)–(2). Statutory damages may be reduced to $ 200 per work *if and only if* the "infringer was

not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Id.* 504(c)(2). Strike 3 also seeks to recover all costs, including attorneys' fees, available under 17 U.S.C. § 505.

Doe seeks to recover his attorneys' fees and costs. 17 U.S.C. § 505; *see* 28 U.S.C. § 2202.

### 8.  List of Each Deposition Offered In Lieu of Live Testimony

*See* Exhibits 5 and 6 to this filing.

### 9.  Statement of Admitted Facts

1.    Strike 3 has not produced any assignment agreements to Defendant/Counter-Plaintiff, John Doe ("Doe").

2.    The period of alleged infringement of Strike 3's copyrights was from July 23, 2019 to December 11, 2019.

### 10. Statement of Agreed Principles of Law

1.    The Court has jurisdiction over Strike 3's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

2.    The Court has personal jurisdiction over Doe and venue is proper under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and/or 28 U.S.C. § 1400(a).

3.      A certificate of registration is "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

4.      Plaintiff has elected to recover statutory damages. *See* 17 U.S.C. § 504(a)(2).

5.      "Originality," in copyright law, "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282, 1287, 113 L. Ed. 2d 358 (1991).

6.      The "copying" prong of an infringement claim "be proven either with direct proof of copying or, if direct proof is unavailable, by demonstrating that the defendants had access to the copyrighted work and that the works are substantially similar." *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016).

7.      To prove copying through circumstantial evidence, the party must show "factual" and "legal" copying. *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020).

8.      Factual copying asks "'whether the defendant actually used the plaintiff's material,' [and] may be inferred from indirect evidence demonstrating that the defendant had access to the copyrighted work and that there are probative similarities between the allegedly infringing work and the copyrighted work." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020).

9.      "'Legal'—or 'actionable'—copying occurs when 'those elements of the [copyrighted work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.'" *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020).

10.     The evidentiary standard for a copyright infringement claim is a "preponderance of the evidence." *See Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1217 (M.D. Fla. 2007).

11.     A claim for declaratory relief must be supported by standing, including an Article III injury-in-fact. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650, 198 L. Ed. 2d 64 (2017) (collecting cases); *California v. Texas*, 141 S. Ct. 2104, 2115, 210 L. Ed. 2d 230 (2021) (citing

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)).

12.     The doctrine of copyright misuse ""bar[s] recovery for a copyright owner who attempts to extend its limited copyright rights to property not covered by the copyright." *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 15-389-FTM-99CM, 2016 WL 4529323, at *5 (M.D. Fla. Aug. 30, 2016).

13.     An abuse of process requires: "(1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the plaintiff suffered damage." *Duncanson v. SJ Wathen Bloomington LLC*, No. 14-704-ORL-40KRS, 2016 WL 7228743, at *2 (M.D. Fla. June 24, 2016).

14.     An unclean hands defense requires: "(1) [Defendant]'s alleged wrongdoing is directly related to the claim against which it is asserted; and (2) [Plaintiff was] personally injured by [Defendant]'s conduct." *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1283 (M.D. Fla. 2008).

**11. Statement of Issues of Fact**

### A. *Strike 3's List of Issues of Fact*

16

1.     Whether Strike 3 Holdings, LLC owns the thirty-six copyrights-in-suit.

2.     Whether Doe has resided at the same address in Valrico, Florida during the period of infringement.

3.     Whether Doe possessed and used a router supplied by Verizon to access the Internet during the relevant time.

4.     Whether Doe's Internet connection was ever hacked during the relevant time.

5.     Whether Doe possessed computer devices during the relevant time which he did not disclose to Strike 3.

6.     Whether Doe was a fan of the adult performer using the stage name Gina Gerson.

7.     Whether VXN Scan accurately monitors, gathers, and records evidence of BitTorrent activity.

8.     Whether VXN Scan recorded IP address 47.197.99.186 connecting to VXN Scan via BitTorrent and uploading thirty-six of Strike 3's works from July 23, 2019 and December 11, 2019.

9.     Whether the PCAPs show that IP address 47.197.99.186 had downloaded 100% of thirty-three (33) of the copyrights-in-suit.

10.   Whether Doe's Lenovo Laptop "crashed" in June 2020.

11.   Whether Doe reinstalled the operating system on his Lenovo laptop on or around June 2, 2020.

12.   Whether Doe's interests match the content listed in Strike 3's "Additional Evidence."

13.   Whether Doe and his attorneys originally agreed to a fee-shifting arrangement that would have entitled Doe to a portion of any attorneys' fees awarded.

14.   Whether the operating system on Doe's Windows Desktop was reinstalled on or around November 25, 2020.

15.   Whether the new operating system on Doe's Windows Desktop was automatically installed by the Window's program.

16.   Whether Doe's Twitter data shows that Doe used IP address 146.70.38.84.

17.   Whether IP address 146.70.38.84 traced to a virtual private network service ("VPN") called Private Internet Access ("PIA").

18.   Whether Doe maintained an account with PIA which he terminated it once he received notice of Strike 3's subpoena on PIA in this matter.

19.     Whether IP address 146.70.38.84 engaged in BitTorrent activity from August 12, 2021 to December 8, 2021.

20.     Whether IP address 146.70.38.84 engaged in BitTorrent activity from August 12, 2021 to December 8, 2021 which match Doe's interests.

21.     Whether IP address 146.70.38.84 was used to download and distribute more of Strike 3's works from August 12, 2021 to December 8, 2021.

22.     Whether Doe's infringement of Strike 3's copyrights was done willfully.

### B. *Doe's List of Issues of Fact*

1.     Whether Strike 3's works are original under the Copyright Act.

2.     Whether Strike 3 owns the works by valid assignment.

3.     Whether Strike 3 will show, by admissible data,  that John Doe copied Strike 3's 36 works.

4.     Whether Strike 3's 36 movies bear valid copyright registrations on the works.

5.     Whether Strike 3 adhered to industry standards to mitigate infringement, namely to provide the industry standard notices at the beginning of their films.

19

6.      Whether Strike 3 adhered to industry standards to mitigate infringement, namely to send DMCA notices to the ISP so that a subscriber can proactively reduce infringement by third parties.

7.      Whether Strike 3 procedurally misused their Copyright's by previously bringing a copyright infringement lawsuit in Florida State Court.

## 12. Statement of Issues of Law

### A. *Strike 3's List of Issues of Law*

1.      Whether Doe had standing to support his counterclaim for declaratory relief and whether the Court has jurisdiction over that counterclaim.

2.      Whether the copyrights have been timely registered pursuant to 17 U.S.C. § 412.

3.      Whether Strike 3's pure bill of discovery sought to adjudicate any of the subject-matter or rights of the Copyright Act, and whether that was a "misuse" of its copyrights.

4.      Whether Doe abused process by bringing a counterclaim for declaratory relief and/or by abusing discovery.

5.      Whether Doe's and counsels' misconduct in the litigation violate the doctrine of unclean hands.

6.      Whether Strike 3's evidence–including VXN Scan, Additional Evidence, and PCAPs–are inadmissible on hearsay or authentication grounds.

### B.      *Doe's List of Issues of Law*

1.      The admissibility of  Strike 3's VXN Data under *Palmer v. Hoffman*, 318 U.S. 109 (1943).

2.      Whether the works have valid "Strike 3 Holdings, LLC" Copyright notices on the works.

3.      Is Strike 3's failure find evidence of "Bittorrent Client" sufficient evidence to show that John Doe did not satisfy the "access" prong required to bring a claim of copyright infringement.

4.      Whether Strike 3 is limited to presenting evidence associated with their infringing works and are precluded from introducing evidence regarding:

   a.  Other evidence of alleged infringements of other works. See *Malibu Media, LLC v. Doe*, 82 F. Supp. 3d 650, 658 (ED PA 2015)

   b.  Character evidence (John Doe's Linked data, Facebook data, etc.)

   c.  Evidence outside the period of alleged infringement).

5.      Whether Frontier's records are admissible business records.

**13. List of Pending Motions**

1.      Plaintiff Strike 3 Holdings, LLC's *Daubert* Motion to Exclude The Opinions and Testimony of Defendant's Expert Mr. David Dickson [DE 109];

2.      Plaintiff's Motion for Sanctions Pursuant to Rule 37(e)(2) [DE 110];

3.      Defendant's Daubert Motion to Bar Any Testimony From Plaintiff's Proffered "Experts" for Summary Judgment, for Trial or Any Other Purposes in this Case [DE 111];

4.      Plaintiff Strike 3 Holdings, LLC's *Daubert* Motion to Exclude the Opinions and Testimony of Defendant's Expert Mr. Joel Brillhart [DE 112];

5.      Plaintiff Strike 3 Holdings, LLC's *Daubert* Motion to Exclude the Defendant's Expert Opinions and Testimony [DE 113];

6.      Plaintiff's Motion for Summary Judgment [DE 114];

7.      Defendant's Motion for Summary Judgment [DE 115];

8.      Plaintiff's Motion for Leave to File a Sur-Reply [DE 143].

**14. Statement Usefulness of Further Settlement Discussions**

22

The parties have continued to engage in good faith settlement negotiations as part of the preparations for trial and have jointly moved for a settlement conference to be heard before a Magistrate. At the time of this Joint Pretrial Statement filing, the Court has ordered a settlement conference before Magistrate Judge Julie S. Sneed, which will take place on December 12, 2022 at 10 AM. [DE 146, 147].

### 15.    Additional Notes

The proposed jury instructions will eventually be Exhibit 7, but are not yet attached. While the parties reached agreement on a substantial number of jury instructions, the parties have presented differing proposed instructions where noted. This has required much more time to be spent on them. The parties believe they can work together to eliminate some wasteful contested instructions if granted more time pursuant to a forthcoming motion for leave to file jury instructions and verdict form, which the parties expect to be [DE 150] unless the Court files something beforehand.

The proposed verdict forms shall be Exhibit 8 also pursuant to a forthcoming motion for leave, i.e., potentially [DE 150]. Both parties predicated the sum and substance of the verdict forms on special interrogatories to the jury contained in the Eleventh Circuit pattern jury

23

instruction builder, but vary substantially in how the matter would be presented to the jury. The parties would hope to resolve this for the Court. Additionally it may not be necessary assuming the settlement conference is successful on 12/12/22.

Finally, the parties have proposed a list of voir dire questions in <u>Exhibit 9</u>. While the list is not the entire list proposed by either party, individually, it represents what they were able to agree upon.

## <u>LOCAL RULE 3.06(b)(15) CERTIFICATION</u>

Counsel for the parties have conferred in good faith to: (1) discuss the possibility of settlement; (2) stipulate to as many facts and issues as possible; (3) examine all exhibits and exhibit substitutes or documents and other times of tangible evidence to be offered by any party at trial; (4) exchange the names and addresses of all witnesses; and (5) prepare a pretrial statement. In preparing this final pretrial statement, the undersigned have aimed for the just, speedy, and inexpensive resolution of this action.

DATED: December 6, 2022

Respectfully Submitted,

/s/ Christian W. Waugh
Christian W. Waugh [FBN 71093]
WAUGH GRANT PLLC
201 E. Pine Street, Suite 315
Orlando, FL 32801
Email: cwaugh@waughgrant.com
Telephone:  321-800-6008
Fax:   844-206-0245

DATED: December 6, 2022

Respectfully Submitted,

/s/ Stephanie Reed Traband
Stephanie Reed Traband
Levine Kellogg Lehman Schneider &
Grossman LLP
Citigroup Center, Floor 22
201 S Biscayne Blvd
305/403-8788
Fax: 305/403-8789
Email: srt@lklsg.com
Email: mt@lklsg.com

DATED: 12/6/2022

/s/ J .Curtis Edmondson
J. Curtis Edmondson (SBN CA
236105, admitted Pro Hac Vice)
Law Office of J. Curtis Edmondson
15490 NW Oak Hills Dr
Beaverton, OR 97006
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this December 6, 2022, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the Court's CM/ECF filing system, which will serve a copy via electronic mail upon the following CM/ECF Participants.

### CM/ECF Participants

| | |
|---|---|
| **Christian W. Waugh**<br>Waugh Grant PLLC<br>201 E. Pine Street<br>Suite 315<br>Orlando, FL 32801<br>352-750-0325<br>Email: cwaugh@waughgrant.com | **J. Curtis Edmondson**<br>Law Office of J. Curtis Edmondson<br>15490 NW Oak Hills Dr<br>Beaverton, OR 97006<br>503-336-3749<br>Email: jcedmondson@edmolaw.com |
| **Mary Alexis Norberg**<br>Waugh Grant, PLLC<br>201 E. Pine Street<br>Suite 315<br>Orlando, FL 32801<br>321-800-6008<br>Email: mnorberg@waughgrant.com | **Stephanie Reed Traband**<br>Levine Kellogg Lehman Schneider &<br>Grossman LLP<br>Citigroup Center, Floor 22<br>201 S Biscayne Blvd<br>Miami, FL 33131-4332<br>305/403-8788<br>Fax: 305/403-8789<br>Email: srt@lklsg.com |
| **Yetian Wang**<br>Mamone Villalon<br>100 SE 2nd ST, Suite 2000<br>Miami, FL 33131<br>786-209-2326<br>Fax: 786-209-2326<br>Email: yetian@mvlawpllc.com | **Leonard J. French , Jr**<br>The Law Firm of Leonard J. French<br>660 Delaware Ave #33<br>Hellertown, PA 18055<br>610-466-5644<br>Fax: 888-262-0632<br>Email: ljfrench@leonardjfrench.com |
| **Tyler Mamone**<br>Mamone Villalon<br>100 SE 2nd St., Ste 2000 | |

27

| | |
|---|---|
| Miami, FL 33131<br>786-209-2379<br>Email: tyler@mvlawpllc.com<br><br>*Attorneys for Plaintiff/Counter-*<br>*Defendant Strike 3 Holdings, LLC* | *Attorneys for Defendant/Counter-*<br>*Plaintiff John Doe Infringer Assigned*<br>*IP Address 47.197.99.186* |