# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § | Civil Action No. 8:20-cv-00676-MSS-CPT |
| Plaintiff, | § § | |
| v. | § § | |
| JOHN DOE infringer identified As using IP address 47.197.99.186, | § § § § | |
| Defendant. | § § | |

## JOHN DOE'S OMNIBUS MOTION IN LIMINE

### SUMMARY OF THE MOTION

John Doe ("DOE") respectfully moves to exclude certain evidence, argument, and testimony, as follows:

- VXN Data as accurate, reliable, and admissible and limiting Infringement allegations from August 23, 2019 00;48:35 GMT to December 16, 2019 21:48:02 GMT.

- John Doe's Character Evidence as connected to Strike 3's "Social Media" data as pure speculation;

- Works not owned by Strike 3;

- Claim John Doe could have accessed Strike 3's works without a Bittorrent Client.

1

- Expert Opinions by Non-Experts – Stalzer, Fernandez, Neighbors.

I. **INTRODUCTION**

Strike 3 has alleged infringement of 36 works (ECF 17-1) based on the unverified data collected by an untested computer system called VXN. (ECF 17, ¶27, etc.).

In May 2020, during the infancy of this case, Patrick Paige provided a sworn declaration that VXN collects "forensic evidence" (ECF 11-2, ¶12). On June 22, 2022, Paige doubled down, testifying, that VXN could "…accurately report an IP address on a <u>specific person</u> within a bittorrent swarm…". Paige Deposition, Ex 1, pg. 16. But in his deposition, Paige admitted never testing VXN until 2022[1]. *Id.* at pg. 21. Paige never reviewed any material aspects of VXN or interviewed people responsible for VXN. Ex. 1, pp.9-12. Paige has no knowledge of how the "Additional Evidence" is generated. *Id.* at 21.

Early on, Paige also concluded that one piece of Frontier evidence recorded by VXN was enough to conclude John Doe was liable for all 36 infringements. " (ECF 11-2, ¶12) from July 23, 2019 to December 19, 2019. (ECF 11-2. 17-1) . This was clearly erroneous as evidence from Frontier later disclosed that John Doe was

---

[1] Mr. Paige did not preserve the raw data of his testing for inspection, an very unusual practice.

only assign IP address 47.197.99.186 from August 23, 2019 to December 19, 2019[2]. (Ex. 2).

Lacking any evidence from John Doe's hard drives that show torrenting any works, Strike 3 relies on unsupported and speculative inferences called "Additional Evidence". No experts were designate by Strike 3 that they can provide an opinion linking "Additional Evidence" to one's "Social Media Preferences". No psychologist, statistician, or social media expert was designated, and no expert report was provided that links a person's social media account to bittorrenting.

These narrow *motions in limine* are intended to streamline a case that is set for a three-day trial. *Sellers v. Nationwide Mut. Fire Ins. Co.,* 968 F.3d 1267, 1272 (11th Cir. 2020). Exclusion of evidence is only reversible error when an incorrect legal standard is applied. *Id.*

John Doe respectfully requests that the Court exclude the following evidence:

- VXN Data – PCAP's Torrent Files, Copies of alleged infringed works, and "Additional Evidence" as unreliable, speculative, lacking foundation, and not supported by Supreme Court precedent. These would be Plaintiff's exhibits:

    - P-82 to P-218 (PCAP 1 to 137)

    - P-37 to P-81 (Video Files associated with Hash Values)

---

[2] John Doe is not conceding the Frontier response is an admissible business record.

- P-504 to P-538 (Torrent Files associated with Hash Values)
- P-221 and P-222 ("Additional Evidence Files")

  - Testimony that the "Infringed Copies" were on John Doe's hard drive as the "Infringed Copies" were independently collected from other computers not from John Doe's computer. P-37 to P-81 (Video Files associated with Hash Values)

- John Doe's "Social Media" and underlying data and any associated non-expert opinions under FRE 404.
  - P-425, P-429 (Linkedin)
  - P-426, P-428 (Twitter)
  - P-427, P-575 (Facebook)

- Works not owned by Strike 3.
  - P-221 and P-222 ("Additional Evidence Files")

- Expert Opinions by Non-Experts – Stalzer, Fernandez, Kennedy, and the "Neighbors".
  - P-228 ("Stalzer deposition and opinion testimony at trial")
  - P-227 ("Fernandez" deposition and opinion testimony at trial")
  - P-432 ( "Neighbor deposition")

## II. **VXN DATA SHOULD BE EXCLUDED IS INADMISSIBLE AS UNRELIABLE, SPECULATIVE, LACKING FOUNDATION, NOT SUPPORTED BY FRONTIER DATA, AND NOT A BUSINESS RECORD UNDER *PALMER V HOFFMAN* AND LIMITED TO THE PERIOD OF AUGUST 23 TO**

Strike 3 will attempt to claim that the VXN data it obtains from scouring the internet in preparation for litigation is "forensic data" that may be relied on by its experts to prove its case. However, *Palmer v. Hoffman*, 318 U.S. 109, 113 (1943), has specifically opined that data collected and used solely for the purposes of litigation is inadmissible hearsay (*Id.*)("Engineer's statement regarding accident was an inadmissible business record"). Strike 3 has admitted that the VXN data it obtains solely for litigation purposes. (Williamson Deposition, Ex. 3).

The documents created by VXN are, by definition, hearsay under FRE 801 and 802. To admit VXN data as a business record under the law of the Eleventh Circuit, three elements must be established for the hearsay exception under FRE 803(6): (a) the VXN data records must be kept pursuant to some routine procedure designed to assure their accuracy; (b) the VXN data records must be created for motives that would tend to assure accuracy (preparation for litigation, for example, is not such a motive); and (c) the VXN data records must not themselves be mere accumulations

of hearsay or uninformed opinion. See, *Rosenberg v. Collins*, 624 F. 2d 659, 665 (5th Cir. 1980)(citing to *United States v. Fendley*, 522 F.2d 181 (5th Cir. 1975).)  Strike 3 cannot meet these requirements, so all VXN data must be excluded.

Strike 3 also needs to show that computer data to be admitted into evidence is reliable and has proper foundation.  FRE 901(a).  No one at Strike 3 seems to know how VXN works in any detail, contrary to FRE 901(b)(9).  See *In re Vee Vinhnee,* 336 B.R. 437, 445 (B.A.P. 9th Cir. 2005).  In *Vinhee*, the Court delved deep into authenticity and admissibility of computerized data records.  While the decision in *Vinhee* is not binding on this Court, it does present a very well thought out an analyzed 11-point checklist for the foundation of the admissibility of computer data. *Id.* Strike 3's VXN data lacks the foundation for admissibility under FRE 901(a) and should be excluded.

Lastly, Frontier has disclosed that John Doe was only purportedly assigned IP address 47.197.99.186 for the periods of August 23, 2019 to December 19, 2019[3]. (Ex. 2).   Strike 3 was aware of this evidence since August 4, 2020.  Strike 3's presentation of evidence to the Jury that John Doe infringed from July 23, 2019 to August 23, 2019 will be clearly prejudicial as it will present irrelevant and speculative data. FRE 403.  The IP address assigned by the ISP is necessary to "connect" a computer to the Bittorrent network.

---

[3] John Doe is not conceding the Frontier response is an admissible business record.

III. **<u>EXCLUSION OF TESTIMONY THAT THE "INFRINGED COPY" OF THE 36 MOVIES WERE PRESENT ON JOHN DOE'S COMPUTER UNDER FRE 403 AND THAT THEY CAN IDENTIFY A COMPUTER CONNECTED TO IP ADDRESS 47.197.99.186.</u>**

Strike may introduce speculative and prejudicial evidence claiming that they have in their possession 36 "Infringed Copies" of the Works and that these 36 "Infringed Copies" have a "hash value", and that the "hash values" were recorded by VXN in PCAPs. This unsupported inferential evidence is prejudicial under FRE 403 because the next inference is that the complete movie was on John Doe's hard drive.

David Williamson testified that VXN does not collect the entire movie from the computer connected to an IP Address. Rather VXN collects only small (approx. 16KB) fragments of the movie from that IP Address. The only data Strike 3 has associated with this IP address is PCAP data.

The Court should limit Strike 3's testimony that the only data recorded by any computer associated with IP Address is the P-82 to P-218 (PCAP 1 to 137).

Lastly, there is no admissible evidence that VXN can identify a particular computer connected to IP Address 47.197.99.186. Strike 3 should be prevented from testifying that "only John Doe's computers" were connected to this IP Address,

when, in fact the IP address was accessible by John Doe's computers, people walking by John Doe's house, John Doe's neighbors, etc.   Strike 3 testifying that John Doe was the only one who could access this IP address is not only false, rather it would be prejudicial.   FRE 403.

## IV. EXCLUSION OF TESTIMONY THAT PURPORTS TO CORRELATE JOHN DOES SOCIAL MEDIA PROFILE WITH THE "ADDITIONAL EVIDENCE".

Strike 3 intends to introduce evidence correlating John Doe's "Social Media" accounts with the "Additional Evidence" file.  Assuming *en arguendo*, that the "Additional Evidence" is admissible (it suffers from the same admissibility issues that VXN suffers), Strike 3 testimony fails for two reasons, admissibility under FRE 404 and failure to provide an qualified expert opinion under FRE 702.

With regard to FRE 404(a)(1), in the context of copyright infringement and bittorrent litigation, in 2016 Judge Acosta ruled that the mere use of Bittorrent in the past is inadmissible under FRE 404(a)(1) to provide that he had downloaded the movie "Dallas Buyers Club".  See Ex. 4, *Dall. Buyers Club, LLC v. Doughty* 3:15-cv-00176-AC (D. Or. 2016).

Here, Strike 3 is arguing essentially the same thing but even more tangentially - that John Doe's social media posts that says he likes "Video Games" is evidence

that associates him with video game downloads. Likewise, the fact he may like "Star Wars" (a characteristic shared by close to 90% of Americans) is somehow uniquely indicative that he alone downloaded a "Star Wars" movie. One could easily say that the alleged download on 8/23 of "*My Pizza - The Easy No-Knead Way to Make Spectacular Pizza at Home - Jim Lahey, Rick Flas*" is supported by the fact that John Doe owns an oven in his house. (See Ex 5).

Also, this correlation is simply conjecture and opinion about a person's personal characteristics on a social media profile, the accuracy of the profile, and whether that profile makes a person have a propensity to download. Strike 3 did not identify an expert on "Social Media" or serve an expert report that would support an opinion that one could draw an inference. Thus Strike 3 cannot offer any opinion on this topic under FRE 702, 703.

## V. **EXCLUSION OF TESTIMONY THAT JOHN DOE INFRINGED WORKS NOT OWNED BY STRIKE 3.**

Strike 3 intends to introduce evidence that John Doe infringed over 10,000 works gathered into an "Additional Evidence" file. Including the admissibility issues listed above, Strike 3 lacks standing to assert infringements of works that they do not own. See Malibu Media, LLC v. Doe, 82 F.Supp.3d 650, 658 (E.D. Pa. 2015). " Malibu Media of course has no standing to complain of alleged infringement of

works to which it does not hold the copyrights". For Strike 3 to argue infringement of over ten thousand other works, for which they have no evidence (PCAPS), would be a time consuming and just present irrelevant and inadmissible evidence to the jury. FRE 403.

More importantly, Strike 3 admits to not having permission to make copies of other peoples works during their investigation of purported infringements. See Williamson Deposition, pg 73-74. It would be inequitable to allow Strike 3's own acts of infringement as "evidence" to support their claim of infringement.

## VI. EXCLUSION OF EXPERT TESTIMONY BY NON-EXPERTS

Strike 3 served no expert reports on elements for which they are to required to provide for Copyright Infringement. Strike 3 did not provide an expert report on authorship and ownership. Strike 3 did not provide an expert report on originality of the movies. Strike 3 also did not provide an expert report on substantial similarity on the movies alleged to the been recorded on John Doe's computers.

**The Court should prevent Susan Stalzer from testifying as an "Expert"**

It is expected that Strike 3 will try to sneak in "expert testimony" by Susan Stalzer to provide expert testimony under Fed. R. Evidence, Rule 702, or factual opinion testimony under Rule 701, that the alleged "infringing movies" copyrighted

by Strike 3 are "identical, strikingly similar, or substantially similar" to each of the 36 "Strike 3 Works". Stalzer is not designated as an expert, and concedes she has not reviewed full copies of the movies to make a determination of whether the "infringed copy" is the same, strikingly similar or substantially similar. Absent evidence of direct copying, the Plaintiff must demonstrate both that the Defendant had "access" to Plaintiff's work and that the two works are substantially similar. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). Strike 3 has no evidence of direct access to its 36 adult films because there is no proof that DOE actually viewed, read, or heard any of the works at issue. *Lucky Break Wishbone Corp. v. Sears, Roebuck & Co.*, 528 F.Supp. 2d 1106, 1122 (W.D. Wash. 2007), aff'd 373 Fed. Appx. 752 (9th Cir. 2010).

In the eleventh circuit, the Courts have been clear that access to a copyrighted work may not be inferred through mere speculation or conjecture; there must be a reasonable possibility of viewing a plaintiff's work, not a bare possibility. *Collective v. Pucciano*, 247 F. Supp.3d 1322, 1340 (N.D. Ga. 2017). As is more specifically detailed below, Stalzer's anticipated testimony is not sufficient to prove that any downloaded piece of any movie using BitTorrent is substantially similar to Strike 3's adult films at issue.

11

## The Court should exclude Jessica Fernandez's from testify as an "Expert"

Jessica Fernandez is in-house counsel for General Media Systems, Inc. While she was designated by Strike 3 Holdings, LLC as corporate witness for factual testimony, she is expected to testify under the guise as a fact witness on how the Plaintiff's self-made VXN Scan works. Notably, Fernandez was designated as the 30(b)(6) corporate representative of Strike 3, in addition to her duties as the company's attorney.

However, Fernandez is not qualified to testify as an expert under Rule 702 because she did not provide an expert report. Fernandez's anticipated testimony is expected to be full of assumptions and a lack of knowledge, skills, training, education and experience as an expert under Rule 702. There are four requirements to being able to offer an expert opinion under Rule 702: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fernandez is an attorney seeking to fill the gap in expert testimony by being designated as the plaintiff's 30(b)(6) representative. However, her knowledge is not one of scientific, technical, or other specialized knowledge that will help the trier of

fact to understand the evidence. Fernandez does not use reliable principles or methods—she does not know many of the methods or principles that connect the facts of the case. Fernandez's "expert" testimony should be excluded.

### Exclusion of Opinion Testimony by Neighbor(s) and/or any other Strike 3 Witness re: DOE's WiFi Signal

Any opinion testimony by Plaintiff or DOE's neighbors should be excluded as to John Doe's WiFi signal being inaccessible from the surrounding neighborhood during the periods of infringement. Such testimony, without appropriate expert knowledge, skill, experience and scientific evidence, is hearsay. DOE'S expert Juan Martinez will provide expert opinion testimony as to the range of DOE's WiFi signal utilizing the criteria required under Rule 702. Plaintiff intends to "rebut" this expert witness with an unreliable layperson witness who can only speculate as to the reach of the WiFi signal at DOES' specific residence during the times infringement was alleged to have occurred. Neighbor "expert" testimony must be excluded.

### VII.    The Court should exclude Strike 3 testimony of alleged Spoliation of Evidence

Strike 3 should be precluded from attempting to introduce any testimony that John Doe intentionally erased or erased Strike 3's movies from his hard drives in response to this litigation. Such testimony would be prejudicial from either a fact

13

witness or an expert witness.  FRE 403.

The issue of spoliation is one reserved for the Court and there has been no finding of spoliation by Joe Doe.  Such a finding typically results in an adverse jury instruction.  To allow Strike 3 to testify that John Doe spoliated evidence directly, or opine that he erased his hard drives (indirectly), would invade the role of the Court and would amount to Strike 3 providing an improper legal opinion in the form of testimony.

Dated:  December 13, 2022          Respectfully submitted,
                                   BY: */S/ J. CURTIS EDMONDSON*
                                   J. Curtis Edmondson (CSB 236105)
                                   Admitted Pro Hac Vice
                                   Edmondson IP Law
                                   15490 NW Oak
                                   Hillsboro, OR 97123
                                   503-336-3749/ FAX: (503) 482-7418
                                   jcedmondson@edmolaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically served the foregoing document on:

**MAMONE VILLALON**
*Counsel for Plaintiff Strike 3 Holdings, LLC*
By: /s/ *Tyler A. Mamone*
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
100 SE 2nd St., Suite 2000
Miami, Florida, 33131
Tel: (786) 209-2379
Tyler@mvlawpllc.com
*Counsel for Plaintiff*


Christian W. Waugh
*Board Certified Real Estate Attorney*
Waugh Grant, PLLC
201 E. Pine Street, Suite 315
Orlando, FL 32801
321-800-6008: Phone
844-206-0245: Fax


Via email as per agreement of the parties.

           /J. Curtis Edmondson/

           Declarant