# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § § | Civil Action No. 8:20-cv-00676-MSS-CPT |
| Plaintiff, | § § | |
| v. | § § | |
| JOHN DOE infringer identified As using IP address 47.197.99.186, | § § § § | |
| Defendant. | § § | |

## JOHN DOE'S TRIAL BRIEF

Strike 3 Holdings, LLC ("Strike 3") has to prove two elements for infringement of their 36 works. *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir 2002).

First, they must prove that they must show that they own works which have copyrightable subject matter. Second, they must show that *John Doe infringer identified as using IP Address 47.197.99.186* ("John Doe") copied a substantial portion of the copyrightable subject matter.

On the first prong, Strike 3 has failed to produce the underlying assignments of the works showing ownership despite evidence of such assignments. On the second prong, Strike 3 has failed to find any direct evidence or have any indirect evidence that John Doe infringed.

1

Strike 3's computer evidence is speculative. Strike 3 has collected tiny fragments of data from <u>some computer</u> that may have been using IP Address 47.197.99.186 (Strike 3 cannot tell us which one) using an untested, in-house built computer system allegedly called "VXN" that is not sophisticated enough to tell us the make or model of the computer to which "VXN" allegedly connects.

As early as August 4, 2020, Frontier informed Strike that the IP address at issue only matched for 26[1] of the 36 alleged infringements:

> **Frontier COMMUNICATIONS**
>
> Frontier Security Operations
> Legal Compliance
> PO Box 1003
> Everett, WA  98206
> 888-637-9625 Phone
> 425-258-9379 fax
>
> August 4, 2020
>
> Re: Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP Address 47.197.99.186
> Civil Action No. 8:20-cv-00676-MSS-CPT
> Frontier Communications Case Number: 2020-02175
>
> Session Details (Times are shown in Zulu/GMT Time)
>
> IP Address:  47.197.99.186
>
> Session Start: 2019-08-23 00:48:35 UTC
> Session End: 2019-12-16 21:48:02 UTC

Then John Doe has produced timecard evidence that he was not at home for 13 of the 36 alleged infringements.

---

[1] Strike 3 alleges infringements starting in July, 2019, (ECF 17-1), but Frontier only shows the IP address for John Doe's residence from August 23, 2019.

2

Despite this exculpatory evidence, Strike 3 asserts, without expert testimony[2], that a purported download of "Star Wars" (from someone, somewhere) links John Doe to the infringements of their movies because his social media says he likes "Star Wars".

The problem is that all of Strike 3's VXN data, "Additional Evidence File"[3], "the PCAPS", the "infringed copies", the ".torrent files", etc. are inadmissible hearsay. Data collected, processed, and created by VXN, is done solely for the purposes of litigation. It is admitted in their complaint[4]. VXN data is inadmissible hearsay and not subject to the business records exception. FRE 803(6); *Palmer v Hoffman*, 318. U.S. 109 (1943), " [engineers accident report]It is not a record made for the systematic conduct of the business as a business.".

Also the data acquired by VXN cannot be admitted under any *Daubert* standard. No expert could possibly testify that computer data generated from an untested, in-house developed, computer system[5]. Strike 3 cannot even provide the

---

[2] Strike 3 did not designate a statistics, marketing, or psychology expert that could opine that a person who downloads pornography also downloads "Star Wars".
[3] Strike 3's, purportedly accurate "Additional Evidence File" lists over 10,000 movies, which would represent about 200 days of content viewing, ( if watched 7 days a week, 24 hours a day); but the period of infringement was for less than 180 days.
[4] ECF 1, ¶28 '..*Plaintiff has developed, owns, and operates an infringement detection ystem, named "VXN Scan."*..'
[5] VXN was not "tested" until 2022, and then by a person unqualified to test computer systems.

3

false positive rate for VXN.

Even if the VXN data is deemed admissible, this case is then identical to *Malibu Media, LLC v. Doe,* 82 F.Supp.3d 650 (E.D. Pa. 2015). *Malibu* claimed that the defendant, a computer technician, downloaded 14 movies copyright protected and owned by plaintiff using the BitTorrent file distribution network. Id. at 654. ). Malibu argued a plethora of indirect evidence: 1) no one but John Doe used the computer, 2) that their "additional evidence" indicates John Doe was an infringer, 3) that John Doe withheld media. The court entered judgment for John Doe.

In *Malibu,* Patrick Paige was also their forensic investigator. *Id*. at 656. Paige opined that the snippet of Malibu's work (not the work itself) was "clear evidence" of infringement.

> " it produced evidence of Doe's infringement: the 'X–Art Angelica Good Night Kiss Preview' snippet its investigator found. (*Id.* at p. 657)

The *Malibu* Court rejected this argument. The Malibu Court decided:

> "…As to the snippet of "Good Night Kiss," whether it is a preview, as the name indicates, or merely a word file, as Doe suggests, is immaterial: It is not a copy of the work itself…" *Id.* At 658

This brings us back to Strike 3's case here. Like in the Malibu case, Strike 3 has one piece of "linking evidence" - a snippet. Patrick Paige found snippet of data - a file name (not the file itself) that Paige states that a "User" (not necessarily John

4

Doe) accessed in 2018 (outside the period of infringement). (Paige Declaration, ECF 137-6). The problem with Strike 3's "linking evidence" is that this was not a copy of any of Strike 3's works.

Strike 3 has only one piece of speculative evidence from 2018 from John Doe's hard drive. Strike 3 never found any evidence of a Bittorrent client or any torrent files on his media. More importantly, Strike 3 did not find any of their 36 movies.

John Doe offered up his drives early on (Strike 3 refused to inspect them), he then searched his drives with over 100 ESI search strings, and there was no evidence of infringement. He hired experts that confirmed his results. He also hired an electrical engineer to test that his open WiFi signal reaches many of his neighbor's houses.

In conclusion, John Doe does not have the burden to disprove Strike 3's allegations. But, John Doe has done just that. At trial, John Doe and will demonstrate, to the Jury, that Strike 3 claims are speculative and without foundation.

//

//

//

Dated:  December 20, 2022         Respectfully submitted,

BY: */S/ J. CURTIS EDMONDSON*
J. Curtis Edmondson (CSB 236105)
Counsel for John Doe
Edmondson IP Law
15490 NW Oak
Hillsboro, OR 97123
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that I electronically served the foregoing document on 12/20/2022:

**MAMONE VILLALON**
*Counsel for Plaintiff Strike 3 Holdings, LLC*
By: /s/ *Tyler A. Mamone*
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
100 SE 2nd St., Suite 2000
Miami, Florida, 33131
Tel: (786) 209-2379
Tyler@mvlawpllc.com
*Counsel for Plaintiff*

Christian W. Waugh
*Board Certified Real Estate Attorney*
Waugh Grant, PLLC
201 E. Pine Street, Suite 315
Orlando, FL 32801
321-800-6008: Phone
844-206-0245: Fax
cwaugh@waughgrant.com

Via email as per agreement of the parties.

                                             /J. Curtis Edmondson/