# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § § § | Civil Action |
| | § | No. 8:20-cv-00676-MSS-CPT |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| JOHN DOE infringer identified | § | |
| As using IP address | § | |
| 47.197.99.186, | § | |
| Defendant. | § | |
| | § | |

## JOHN DOE'S PARTIAL OBJECTIONS TO
## THE PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

John Doe objects to a portion of the jury instructions and verdict form filed with this Court. (ECF 156). While Strike 3 took the laboring oar on creating the joint filing after the parties each compiled their own versions for comparison, discussion, and compilation, there was an agreement between counsel that, if there were unreconcilable differences, then each side's proposed instructions would be included *verbatim* in the joint filing. However, that is not what Plaintiff did, instead filing proposed instructions and a verdict form that did not adequately reflect the fact that Plaintiff bears the burden of proving infringement on not one or two works, but all 36 works that it has elected to include in its case against Defendant. Before filing the proposed instructions, Plaintiff did not advise Defendant of its intentions.

If there were only minor differences, John Doe would not clog the docket with

1

yet another filing in this already over-litigated matter, but, in this case, the differences are significant enough that John Doe has no choice but to bring his objections to the Court's attention.

The key issue is that there are 36 movies (works) and 36 separate and distinct alleged infringements, each of which could be a separate source for damages. Defendant proposed a verdict form that tracked each work and damages, modelled after the 11th Circuit verdict form. (*See* Exhibit 1, attached hereto). The sections at issue are those that specifically identify each work on the verdict form and require the jury to make a separate determination on each work. Plaintiff did not include those necessary distinctions and instead effectively "lumped" all of the works together. Thus, if the jury were to find that there was infringement on one work, then Plaintiff's proposed jury verdict would allow damages to be award based on the assumption that there was therefore infringement on all 36 works. But that is not the way copyright infringement damages are calculated and would eliminate the requirement that Plaintiff meet its burden of proof on all 36 works.

The parties tried to resolve this issue after the filing via email, but could not resolve the matter or even how to bring this to the Court's attention. Despite the need to bring this matter to the Court's attention, John Doe's counsel will continue to work with Strike 3's counsel to further try to reconcile these proposed instructions and verdict form.

WHEREFORE, John Doe respectfully requests that the Court schedule and old a charging or status conference to resolve the parties' differences regarding the proposed jury instructions and verdict form, and provide such other and further relief as this Court deems just and proper.

Dated:  December 27, 2022               Respectfully submitted,
                                        BY: */s/ J. CURTIS EDMONDSON*
                                        J. Curtis Edmondson (CSB 236105)
                                        Admitted Pro Hac Vice
                                        Edmondson IP Law
                                        15490 NW Oak Hills Dr.
                                        Hillsboro, OR 97123
                                        503-336-3749/ FAX: (503) 482-7418
                                        jcedmondson@edmolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel listed below using CM/ECF system.

                        By:   */s/J. Curtis Edmondson*
                              J. Curtis Edmondson

## SERVICE LIST

| **MAMONE VILLALON** | **WAUGH GRANT** |
|---|---|
| Tyler A. Mamone, Esq. | Christian Waugh, Esq. |
| 100 SE 2nd St., Suite 2000 | 201 E. Pine Street, Suite 315 |
| Miami, Florida, 33131 | Orlando, Florida 32801 |
| Tel: (786) 209-2379 | Phone: 321-499-9097 |
| Tyler@mvlawpllc.com | Fax: 844-206-0245 |
| *Counsel for Plaintiff* | christian@waughgrant.com |
| | *Co-counsel for Plaintiff* |