**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:20-cv-00676-MSS-CPT**

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

      Plaintiff/Counter-Defendant,

v.

JOHN DOE infringer assigned IP address
47.197.99.186, an individual,

      Defendant/Counter-Plaintiff.

_____/

**PLAINTIFF'S/COUNTER-DEFENDANT'S**
**RESPONSE TO JOHN DOE'S OMNIBUS MOTION IN LIMINE**

Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Strike 3")

respectfully submits the following Response to John Doe's Omnibus Motion

in Limine ("Motion"). [DE 155].

**I.  INTRODUCTION**

Defendant motions *in limine* misapprehend much of the nature of Strike

3's evidence and anticipated testimony. In fact, Strike 3 consents to several of

these requests since they are so off-base that they would have never been

1

proffered at trial. But it opposes Defendant's more expansive requests, which are often unsupported by law or evidence.

## II. LEGAL STANDARD

"[A] trial court should only exclude evidence in limine where the evidence is clearly inadmissible for any purpose." *Soto v. Geico Indem. Co.*, No. 13-181-ORL-40KR, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (citations omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prod. Liab. Litig.*, No. 6-1769-ORL-22DAB, 2009 WL 223140, at *1 (M.D. Fla. Jan. 30, 2009) (citation omitted). "It is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (citation omitted).

Motions *in limine* "must be specific enough for the Court to determine the admissibility of certain evidence at trial. Broad objections are not sufficient." *Abdulal v. United States*, No. 4-0370 (RSM), 2005 WL 8172246, at *1 (W.D. Wash. Nov. 22, 2005); *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004) ("Evidentiary objections must be specific.") (citing Fed. R. Evid. 103(a)(1)). They "should be limited to specific pieces of evidence and

2

not . . . (re)-address[] substantive motions such as motions for summary judgment." *Conklin v. R T Eng'g Corp.*, No. 17-415-J-39JRK, 2018 WL 7291430, at *1 (M.D. Fla. Nov. 16, 2018) (collecting cases).

### III. ANALYSIS

#### A. None of Strike 3's Expert Witnesses Will Testify that VXN Scan Identifies the Actual Individual

"VXN Scan operates at the IP address level. It does not make any legal conclusions about *who* used the IP address or *who* infringed Strike 3's movies. Decisions about who infringed Strike 3's movies and who Strike 3 prosecutes is an entirely different inquiry not made by VXN Scan." [DE 114-2] at ¶21 (emphasis original). If it were capable of providing an infringer's name, there would be no need for a pure bill of discovery or a Rule 26(d) motion.[1]

Defendant's cherry-picked quote from Mr. Paige's deposition confuses this point. He claims that Mr. Paige testified "that VXN [Scan] could 'accurately report an IP address on a specific person within a bittorrent swarm[.]'" [DE 115] at 2 (citing Paige Deposition, Ex 1, pg. 16) (punctuation

---

[1] Mr. Paige's declaration appended to Plaintiff's motion for early discovery expressly states "Defendant's ISP Frontier Communications is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned IP address 47.197.99.186[.]" [DE 11-2] at ¶28.

omitted). This is, however, a misleading abridgement of his testimony that lacks context. Mr. Paige specifically responded:

> Q With regard to VXN Scan, what is your definition of "accuracy"?
>
> A It's accurate. Its ability to accurately report an IP address on a specific person within a BitTorrent swarm.

Exhibit 1 at 18:4–8. Any ambiguity in this response could have been clarified with a follow up question or even in a later conferral with Strike 3. But Defendant did not confer on this issue. *See* Exhibit 2, at ¶¶9, 17.

Mr. Paige's testimony throughout his deposition makes clear that he is not claiming that VXN Scan can identify the infringer by name. As he explained, VXN Scan "is a system that monitors BitTorrent swarms and records IP addresses of individuals trading BitTorrent files on the BitTorrent network[.]" Exhibit 1 at 7:21–23. An IP address corresponds to an "accountholder" that the Internet service provider ("ISP") can identify. *Id.* at 62:5–20. Indeed, that is precisely what happened in this case. *See* [DE 155-2]. Mr. Paige also explained that the accountholder is not always the same individual who infringed Strike 3's works. *See* Exhibit 1 at 62:21–63:4.

To the extent Defendant's Motion requests Plaintiff's experts refrain from committing the same error as Defendant by conflating VXN Scan's

ability to identify the infringer's IP address with its ability to identify the infringer himself, Strike 3 consents.

**B. Defendant's Various Challenges to VXN Scan's "Data" Are Deficient**

Defendant also recycles his prior arguments that any "VXN [Scan] data" is inadmissible because it is "obtain[ed] solely for litigation purposes," is hearsay not subject to the business records exception, and lacks foundation. These sweeping attempts to eliminate any evidence from VXN Scan is supported by conclusory arguments that are difficult to parse. This is not sufficient to exclude the evidence and Defendant's conferrals were lacking. *See* Exhibit 2 at ¶ 11.

First, as Plaintiff has explained in depth, [DE 138] at 20–21, *Palmer v. Hoffman*, 318 U.S. 109, 63 S. Ct. 477, 87 L. Ed. 645 (1943) does not create a *per se* bar to evidence created for litigation; it is simply s "factor[]" in the analysis. *Cf.* Fed. R. Evid. 803, Advisory Committee Notes. Defendant's only new "evidence" in support of this argument is that "Strike 3 has admitted that the VXN data it obtains solely for litigation purposes." [DE 155] at 5 (citing Williamson Deposition, Ex. 3). But Mr. Williamson said no such thing. He merely replied "Yes" to Mr. Edmondson's question: "is it your understanding that VXN . . . is used for infringement detection of the Strike 3 works?" [DE

155-3] at 67:24–68:2. This inference fails to account for the data of hundreds of thousands of IP addresses VXN Scan records that are never litigated. It is also telling that Defendant hides behind *Palmer*, rather than attempt to show that any of VXN Scan's architecture or data is unreliable.

Nor is that data hearsay. Defendant does not introduce any new evidence or arguments here. *See* [DE 138] at 16–21. He merely states that "[t]he documents created by VXN [Scan] are, by definition, hearsay under FRE 801 and 802," and that "Strike 3 cannot meet [the business record exception] requirements, so all VXN data must be excluded." [DE 155] at 5. These broad, vague, and conclusory arguments are insufficient to pass the rigorous *in limine* standard. *See Spears v. Wal-Mart Stores E., LP*, No. 18-152, 2021 WL 5514008, at *3 (S.D. Ga. Sept. 13, 2021).

Finally, Defendant's challenge to VXN Scan's authenticity is baseless. The suggestion that "[n]o one at Strike 3 seems to know how VXN works in any detail, contrary to FRE 901(b)(9)," [DE 155] at 6, is contradicted by Mr. Williamson's declaration, [DE 11-1], expert reports, [DE 127-2]; [DE 127-3], and depositions, *see* [DE 160-1] at 1–23, 391–420, as well as Mr. Paige's expert report, [DE 127-5], and deposition testimony. *See* [DE 160-1] at 351–390.

Strike 3 has also produced a certification of authenticity from its corporate representative, [DE 138-4], and Mr. Williamson. [DE 138-5].[2] Strike 3's corporate representative, Mr. Williamson, and Mr. Paige have all been tendered as witnesses for trial, [DE 149-3], who can further testify to any concerns Defendant has about the data's admissibility at trial.  *See SMS Audio, LLC v. Belson*, No. 16-81308, 2017 WL 1533971, at *3 (S.D. Fla. Mar. 20, 2017) ("A witness with knowledge may authenticate evidence by '[t]estimony that the item is what it is claimed to be.'") (quoting Fed. R. Evid. 901(b)(1)); *see also Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 7-16-FTM-99SPC, 2011 WL 470561, at *7 (M.D. Fla. Feb. 2, 2011) ("Authenticity objections may be made as documents are presented [at trial]."). Accordingly, Strike 3 opposes the relief sought here.

### C. Defendant Cannot Exclude Frontier's Subpoena Response Merely Because It Has Circumstantial Implications

---

[2] Defendant's passing mention of *In re Vee Vinhnee*, 336 B.R. 437 (B.A.P. 9th Cir. 2005) bears little relation to this matter. [DE 155] at 6. The eleven-point "checklist" Defendant references is simply a reference to a treatise, EDWARD J. IMWINKELRIED, EVIDENTIARY FOUNDATIONS § 4.03[2] (5th ed. 2002), 336 B.R. at 446, which, to the best of Plaintiff's knowledge, no court in the Eleventh Circuit has discussed let alone adopted. Nor does Defendant explain how any one of those points affects the authenticity of any of Strike 3's evidence.

Defendant further challenges the introduction of Frontier's subpoena response because Strike 3 intends to use it as direct and circumstantial evidence of the ISP's assignment of IP address 47.197.99.186 to Defendant. *See* [DE 155] at 6. The issue appears to be that the jury will use this "irrelevant and speculative data" to infer that Defendant was also assigned the IP address in the period before the time listed in the subpoena response. *See id.* That is hardly prejudicial under Rule 403. Making reasonable inferences about circumstantial evidence is the role of the fact finder.[3] *See LaGrasso v. Seven Bridges Homeowners Ass'n, Inc.*, No. 20-81163, 2021 WL 4197013, at *2 (S.D. Fla. Sept. 15, 2021) ("The Eleventh Circuit has made clear that a party

---

[3] Nothing in Frontier's subpoena response excludes the possibility that Defendant was assigned IP address 47.197.99.186 outside of the August 23, 2019 to December 19, 2019 time period. In fact, Plaintiff's evidence establishes otherwise. Every PCAP VXN Scan recorded shows IP address 47.197.99.186 using the same BitTorrent client, μTorrent 3.5.5, both within as well as outside of this time period. Further, Defendant conveniently ignores the fact that of the 137 PCAPs produced, fourteen PCAPs (for the work titled "He Chose Me" which correlates to the Info Hash value 715C2B25BDAD9A8397CBBA8D15356FDE24B5BC94) establish not only that IP address 47.197.99.186 used μTorrent 3.5.5 to infringe, but that the transactions took place both within the August 23, 2019 to December 19, 2019 time period, and outside of that time period (August 5 and 6 of 2019). Defendant cannot possibly argue that a third-party was assigned his IP address and used the exact same BitTorrent client and version to download the exact same work correlating to the exact same info hash value.

is entitled to present a mosaic of circumstantial evidence to allow a jury to [make] infer[ences.]") (citing *Smith v. Lockheed–Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

Additionally, Defendant did not confer on this relief. *See* <u>Exhibit 2</u> at ¶12. At most, he proposed that the evidence is inadmissible where Defendant lacked "the ability to cross examine the business records custodian from the ISP," *id.*, but this makes little sense as Defendant elected not to depose Frontier, which has also provided a certification of authenticity. [DE 138-6]. Defendant will also be able to cross examine Frontier's corporate representative, who has been tendered as a witness for trial. *See* [DE 149-3]. Plaintiff opposes this motion *in limine*.

### D. Strike 3's Evidence of Copying Is Not Unfairly Prejudicial

There is no doubt that the videos downloaded from the BitTorrent network (identified by their Info Hashes) are substantially similar, if not, identical, to Strike 3's copyrighted works. Defendant has never denied this. He just refuses to make any reasonable stipulation to that fact. Now, he attempts to exclude evidence of the videos downloaded from the Info Hash because he claims it is "prejudicial" under Rule 403. [DE 115] at 7.

"Rule 403 is 'an extraordinary remedy' whose 'major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *In re Seroquel Prod. Liab. Litig.*, No. 66-1769-ORL-22DAB, 2009 WL 223140, at *2 (M.D. Fla. Jan. 30, 2009), *aff'd*, 601 F. Supp. 2d 1313 (M.D. Fla. 2009) (quoting *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)). Exclusion is unwarranted here as Defendant misconstrues the evidence.[4] While the PCAPs themselves are direct and tangible evidence of Defendant's IP address exchanging pieces of the infringing works with VXN Scan, that is not the "only data" existent. [DE 115] at 7. Another key piece of evidence Defendant ignores are the BitField values, which are contained within the PCAPs. [DE 127-3] at ¶31. The BitField values are undisputed, circumstantial evidence supporting the "inference . . . that the complete movie was on John Doe's hard drive." *See* [DE 115] at 7; *see also* Fed. R. Evid. 401(a).

Moreover, the PCAPs are not "the only data recorded" from Defendant's computer devices or IP address. *See* [DE 155] at 7. Defendant's

---

[4] Defendant also requests that Strike 3 be barred from "from testifying that 'only John Doe's computers' were connected to [his] IP Address[.]" [DE 155] at 8–9. Not only has Defendant failed to confer on this relief, *see* <u>Exhibit 1</u>, neither Strike 3 nor any of its experts have made this claim.

proposal ignores Strike 3's Additional Evidence, Frontier's logs of the IP address, and the system log files and other data produced by Defendant during discovery. Defendant cannot now cry foul of the use of this evidence after he has spoliated and withheld evidence. *See* [DE 110]. "This request is too vague to warrant a ruling in limine." *Showan v. Pressdee*, No. 16-468-0DE, 2017 WL 9400750, at *4 (N.D. Ga. Nov. 3, 2017), *aff'd*, 922 F.3d 1211 (11th Cir. 2019).

### E. Strike 3's Social Media Evidence and Additional Evidence Are Admissible and Not Improper Propensity Evidence

The evidence Strike 3 intends to introduce linking Defendant to the infringement–Defendant's social media and Strike 3's Additional Evidence– are entirely proper. Defendant never conferred about this relief. *See* <u>Exhibit 2</u>. Regardless, the argument fails on the merits.

First, Defendant identifies the wrong Rule. His social media activity and Strike 3's Additional Evidence are not introduced as Rule 404(a)(1) character evidence to show a propensity. *See* [DE 155] at 8. Rather, Strike 3 uses it as evidence of "other . . . act[s]," namely "identity." Fed. R. Evid. 404(b)(1)–(2). As Plaintiff has repeatedly explained:

> [Strike 3 is] not looking for . . . character evidence or habit or things like that. The additional evidence is being sought because [it is] trying to *extrapolate identity*. In other words, [Plaintiff]

> knows that John Doe is interested in certain things, and if certain
> things listed in additional evidence pop up on searches, it's more
> likely than not that his identity has been ascertained based on the
> device and IP [address.]

*See* Exhibit 3 at 77:20–79:23 (emphasis added).

His reliance on *Dallas Buyers Club, LLC v. Doughty*, No. 15-00176 (AC), 2016 WL 1690090 (D. Or. Apr. 27, 2016) is also misplaced. Although that court held that it would "disregard" evidence that "attempts to insinuate [the defendant] alleged past character traits tends to prove he is likely an infringer in this case" (namely, the presence of a BitTorrent client on the defendant's cell phone), it also held that it would "not preclude" that same evidence from showing the defendant's testimony was "inconsistent" and should "therefore be disbelieved." *Id.* at *2. The only reason why that plaintiff did not prevail on summary judgment was because the court held that the defendant's credibility–undermined by his contradicted testimony and spoliation of evidence–created a genuine issue of material fact for the jury to resolve. *See id.* at *7. As one commentator noted, had the plaintiff requested Rule 37(e) sanctions in that case, that "may very likely have turned this Court's holding the other way." Steven W. Brookreson, *37(e): The Effects of Change and A Call for More*, 86 UMKC L. Rev. 177, 203 (2017).

Defendant's second challenge to the social media evidence is less clear. He appears to argue that these connections between Defendant's social media and Plaintiff's Additional Evidence are "simply conjecture" because their significance is not supported by expert opinion. *See* [DE 155] at 9 (citing Fed. Rs. Evid. 702, 703). But they are "not expert testimony; [they are] common sense." *See Banuchi v. City of Homestead*, No. 20-25133, 2022 WL 2065049, at *19 (S.D. Fla. June 8, 2022).

Merely pointing out that items on Defendant's social media correspond to materials listed in Strike 3's Additional Evidence is "not [testimony] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701(c); *see also infra* Sec. G. There is "no need for an expert's opinion where the jury can decide a disputed issue through the application of common sense or simple logic in light of the evidence and testimony presented at trial." *See Loc. Access, LLC v. Peerless Network, Inc.*, No. 14-399-ORL-40TBS, 2016 WL 4466890, at *4 (M.D. Fla. Aug. 24, 2016) (citing *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001)).

Finally, it appears that Defendant may also contest the authenticity of the social media evidence. Apart from Strike 3's Page Vault screen captures of Defendant's social media accounts, [DE 114-4], which "bear[] a web

13

address and the date printed," *see SMS Audio, LLC v. Belson*, No. 16-81308, 2017 WL 1533971, at *3 (S.D. Fla. Mar. 20, 2017), Defendant has also produced during discovery the data from his social media accounts corroborating the accuracy of those documents. *Compare* [DE 156-3] (exs. 425 and 426), *with id.* (exs. 428 and 429). Defendant may also be called to testify about this evidence at trial. *See* Hon. Paul W. Grimm et. al., *Authenticating Digital Evidence*, 69 Baylor L. Rev. 1, 33 (2017) (noting that social media postings may be authenticated by "production pursuant to a document request" and "testimony from the purported creator of the social network profile and related postings"). Thus, Plaintiff opposes this request.

### F. Strike 3 Has Never Claimed Infringement of Other Party's Copyrights

Defendant continues his challenge to the second part of Strike 3's evidence connecting Defendant to the infringement: its Additional Evidence.[5] His only conferral on this matter was that the evidence was "not relevant" to the infringements in the claim. *See* <u>Exhibit 2</u> at ¶15. But he goes even further

---

[5] Defendant also lodges a fleeting challenge to the foundation of the Additional Evidence, but again, Mr. Williamson has provided a certification authenticating that report. *See* [DE 138-5]; Fed. Rs. Evid. 902(11)–(13). Mr. Williamson will also be available to testify about those materials at trial. *See* [DE 149-3].

in the Motion, asserting that Strike 3 uses its Additional Evidence to "assert infringements of works that they do not own." [DE 155] at 9. This is frivolous. In fact, Defendant fails to explain why this argument is grounds to exclude the Additional Evidence.

The suggestion that Strike 3 has even claimed copyright infringement in any works other than the thirty-six clearly listed in its First Amended Complaint is absurd. [DE 17-1]. The lone dicta Defendant presents in support of this argument, from *Malibu Media, LLC v. Doe*, 82 F. Supp. 3d 650 (E.D. Pa. 2015), is inapposite. That case involved that court's denial of a spoliation inference for hard drive data that was deleted prior to the period of infringement. *See id*. at 658. It said nothing about excluding similar evidence or whether merely presenting Additional Evidence is equivalent to claiming infringement in those works. *See id.*

It is all the more absurd to claim that Strike 3's Additional Evidence is an infringement of other parties' works. As Mr. Williamson explained, capturing third-party works from VXN Scan is rare. *See* [DE 155-3] at ¶¶74:18–24. Critically, even if a .torrent file is mislabeled as one of Strike 3's on a website, that work is *never* included in the Additional Evidence. For every work listed on the Additional Evidence, VXN Scan only records its data

and metadata; it does not download the file itself. Defendant's argument, thus, is a red herring, and Strike 3 cannot consent to the relief.

### G. Strike 3 Does Not Need Expert Testimony for Every Facet of Its Case

Strike 3 does not intend to introduce expert testimony at trial from any undisclosed expert witnesses. Defendant, however, twists himself in knots conflating lay and expert testimony. The Rules do "not distinguish between expert and lay *witnesses*, but rather between expert and lay testimony." Fed. R. Evid. 701, Advisory Committee Note to the 2000 Amendment (emphasis original). "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" *See id.* (citation omitted); *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) ("[T]he ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses.") (citations omitted).

### 1. The Originality and Authorship of the Works Do Not Require Expert Testimony

The originality and authorship of a copyrighted work here are "not based on scientific, technical, or other specialized knowledge within the scope

of Rule 702." Fed. R. Evid. 701(c). Had Defendant conferred on this request, *see* Exhibit 2, Strike 3 would have explained that this evidence can be found in the certificates of registration. [DE 114-1]. "[T]he certificates certified by the Copyright Office [are] self-authenticating" and Plaintiff may also "authenticate public records like the certificates of registration through testimony such as" a declaration. *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 8-03181, 2010 WL 4366990, at *8 (S.D. Tex. Oct. 27, 2010); *see* Fed. Rs. Evid. 902(1)–(2). Those certificates "establish[] *prima facie* evidence in court of the validity of the copyright and of the facts stated in the certificate," including originality. *See McCaskill v. Ray*, 279 F. App'x 913, 916 (11th Cir. 2008) (citing 17 U.S.C. § 410(c)). Defendant bears the burden to rebut this.

Beyond the certificates, originality can be expounded by lay testimony and opinion and resolved by the fact finder. *See Fun Spot of Fla., Inc. v. Magical Midway of Cent. Fla., Ltd.*, 242 F. Supp. 2d 1183, 1198 (M.D. Fla. 2002) ("Whether or not [a] work is sufficiently original to merit copyright protection is a question for the jury."). Here, the fact finder must make two basic determinations about the movies: whether the works were "independently created by the author (as opposed to copied from other works),

and [whether they] possess[] at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282, 1287, 113 L. Ed. 2d 358 (1991). This does not require scientific knowledge or expertise. Strike 3 opposes.

### 2. Ms. Stalzer's Lay Opinion on Similarity Is Sufficient

Despite Defendant's insistence, Susan Stalzer is a lay witness presented to discuss her observations of the works and her lay opinions that they are legally similar. Her testimony is not necessary to prove access. The PCAPs, IP Address correlation to Defendant, infringing files, and control copies themselves establish Defendant's beyond reasonable possibility of access to Plaintiff's works. *See Malibu Media, LLC v. Weaver*, No. 14-1580-T-33TBM, 2016 WL 1394331, at *5 (M.D. Fla. Apr. 8, 2016).

Defendant also requests to exclude Ms. Stalzer's testimony that the infringing files are "identical, strikingly similar or substantially similar" to the control copies of plaintiff's works because she was not disclosed as an expert witness. For copyright, "substantial similarity" exists "where an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 (11th Cir. 2008) (citations omitted).

Rule 701 permits lay testimony and opinions that are "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Additionally, "[t]here are no federal procedural rules, civil or criminal, requiring the pretrial designation of a lay opinion witness or the disclosure of the lay witness's opinion testimony." LARSEN, NAVIGATING THE FEDERAL TRIAL § 11:99 (2022 ed.).

"The requirement that a lay witness's opinion be rationally related to his perception is satisfied where h[er] perception is based on a review of relevant documents, both in and not in evidence." *United States v. Thomas*, 631 F. App'x 847, 850 (11th Cir. 2015). Here, Ms. Susan Stalzer will only provide testimony based on her familiarity with Plaintiff's products and her perception as she reviewed the movies side-by-side, confirmed that visually and auditorily they were identical (or nearly identical) in nature, and then verified each of the hash values. This is not based on scientific, technical, or other specialized knowledge, but, instead, on personal observations. "[W]hen the subject matter involves . . . work aimed at a general audience, expert testimony will seldom be necessary to determine substantial similarity." *See*

*United States v. Star Graphics, Inc.*, No. 6-223 (ODE), 2007 WL 9724924, at *4 (N.D. Ga. Jan. 22, 2007) (citations and punctuations omitted).

Her testimony would not be necessary if Defendant were to stipulate to the works' similarities (or point to a significant dissimilarity), but he has refused to explain his position here. Regardless, Defendant is free to cross examine Ms. Stalzer about any differences in the works. Plaintiff opposes.

### 3. Strike 3's Corporate Representative Is Not Providing Expert Testimony

Defendant further seeks to exclude Strike 3's corporate representative, Jessica Fernandez, from testifying as an expert. [DE 155] at 12. His failure to identify what testimony–if any–Defendant believes qualifies as expert opinion is grounds alone to deny the request. Strike 3 consents to the extent that Ms. Fernandez is not an expert witness and will not present expert testimony,[6] but it opposes to the extent Defendant seeks to exclude her lay testimony.

"Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011). "[T]he opinion

---

[6] Throughout her deposition, Ms. Fernandez repeatedly explained that she is not an expert witness. *See*, *e.g.*, Exhibit 470:18–23; 72:9–18; 99:15–100:4; 105:24–107:8.

testimony of a business owner or officer about the manner in which that company conducts its business, which is based on particularized knowledge she gained in her position, is properly treated as lay testimony. Admission of that testimony does not require that she be qualified as an expert under Rule 702." *Handley v. Werner Enterprises*, Inc., 596 F. Supp. 3d 1353, 1362 (M.D. Ga. 2022) (quoting *United States v. Hill*, 643 F.3d 807, 842 (11th Cir. 2011)). Ms. Fernandez's testimony is entirely factual in nature. Indeed, Plaintiff used its Additional Evidence and Defendant's social media profiles to connect Defendant to BitTorrent activity. *Supra.* Ms. Fernandez's testimony about those correlations is not based on technical knowledge and does not need to be backed by a statistician. *Cf. United States v. Williamson*, 483 F. App'x 139, 143 (6th Cir. 2012) (finding a proffer was not expert testimony because "the fact that [a witness] used the phrase 'very easily' does not take his lay opinion into the realm of probability and physics"). It is based on Ms. Fernandez's own experience and personal observations. Further, it is Mr. Williamson, not Ms. Fernandez, who will testify as to the collection of the information on the Additional Evidence. At most, Ms. Fernandez will authenticate the Additional Evidence.

### 4. John Doe's Neighbor Is Merely Testifying About His Lay Observations and Opinions

Finally, Defendant's broad request to bar "*[a]ny opinion testimony* by Plaintiff or Defendant's neighbors" as to the accessibility of Defendant's WiFi signal is inappropriate. [DE 155] at 13 (emphasis added). Defendant cannot exclude both lay and expert testimony about Defendant's Internet's range.

First, opinion testimony is necessary since Defendant disposed of his router from the relevant time period and could not remember its make or model. *See* [DE 154] at 11–18. To that end, none of Plaintiff's witnesses will provide expert testimony as to the accessibility of Defendant's WiFi signal. But Defendant's neighbor can provide lay testimony about it.

 He testified that at the time of his deposition, the "all of the networks [he could] see on the list [had] a lock symbol next to them[,]" that he could not recall ever seeing an unprotected WiFi network during the period of infringement, and that he had never used Defendant's Internet connection. Exhibit 5 at 23:1–25. None of the foregoing are expert conclusions based on scientific, technical, or other specialized knowledge. *See Malibu Media, LLC v. Tashiro*, No. 13-00205 (WTL), 2015 WL 2371597, at *7 (S.D. Ind. May 18, 2015) ("[T]he fact that [a witness] discussed matters that happened to involve technical issues does not transform his testimony into expert testimony.") (citation omitted). Nor is that testimony excludable as "hearsay"

since Defendant's neighbor has been listed as a witness to testify at trial. *See* Fed. R. Evid. 801(c)(1).

### H. Evidence of Defendant's Spoliation Is Relevant to the Fact Finder's Weight of the Evidence and Witnesses' Credibility

Finally, Defendant has produced zero case law to support his request to excluded evidence of "spoliation." [DE 155] at 13–14. While relief for spoliation of evidence is the providence of the judiciary, *see* Fed. R. Civ. P. 37(e), evidence that Defendant deleted data–including his own declarations, *see*, *e.g.*, [DE 94-3]; [DE 125-3]–is relevant to the fact finder. The evidence is "of consequence in determining" to accuracy of Defendant's and his experts "searches" of his disclosed hard drives, *see* Fed. R. Evid. 401, as well as Defendant's credibility. *See*, *e.g.*, *Doughty*, 2016 WL 1690090 at *7; *Dallas Buyers Club, LLC v. Huszar*, No. 15-00907 (AC), 2019 WL 5856460, at *9 (D. Or. Sept. 3, 2019).[7] Defendant cannot evade these inquiries simply because the Court has not yet ruled on Plaintiff's Rule 37(e) motion. [DE 110].

### I. Defendant's Failure to Confer on Several of the Motion is Grounds Along to Deny those Motions

Defendant failed to follow Local Rule 3.01(g) or to certify its compliance in his Motion. This is a problem. Local Rule 3.01(g) exists in both

---

[7] Mr. Edmondson was counsel for Defendant in *Huszar*.

spirit and text. *See Norris v. SunTrust Banks, Inc.*, 5:19-cv-430-OC-37PRL, 2020 WL 533934, at *2 (M.D. Fla. Feb. 3, 2020) ("…counsel should strive to fully comply with both the letter and spirit of Local Rule 3.01(g).") The failure warrants denial of the Motion.

"[R]elief sought with a motion in limine that is not supported by citation to the law are not in compliance with the Local Rules for the Middle District of Florida . . . may be denied for that reason alone," *Conklin v. R T Eng'g Corp.*, No. 17-415-J-39JRK, 2018 WL 7291430, at *1 (M.D. Fla. Nov. 16, 2018), including Rule 3.01(g). *See Marshall Auto Painting & Collision, Inc. v. Westco Eng'g, Inc.*, No. 2-109-ORL-22KR, 2003 WL 25668019, at *1 (M.D. Fla. June 9, 2003). Defendant's failure to confer on Sections A, B, C, E., F, and G.1. or attached a certificate of compliance "is not a mere technicality either, as a large portion of the motions could be resolved without the Court's intervention." *See Taylor v. Allworth*, No. 19-01761 (KKM)(TGW), 2021 WL 4053412, at *1 (M.D. Fla. Aug. 2, 2021).

Out of respect for the Court's resources, Strike 3 has consented to several of those requests. But for those requests that Strike 3 opposes, Defendant's failure to follow the Local Rules is as potent grounds to deny that relief as are the Motion's substantive demerits. Denying the Motion would be

24

a proper remedy. *See, e.g., Shallenburg v. PNC Bank, N.A.*, 8:16-cv-810-T-33JSS, 2016 WL 8999084, at *1 (M.D. Fla. May 16, 2016).

## IV. CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests the Court deny John Doe's Omnibus Motion in Limine.

Dated: December 27, 2022

Respectfully submitted,

/s/ Christian W. Waugh
Christian W. Waugh [FBN 71093]
WAUGH GRANT PLLC
201 E. Pine Street, Suite 315
Orlando, FL 32801
Email: cwaugh@waughgrant.com
Telephone:  321-800-6008
Fax:   844-206-0245

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, a true and correct copy of the following documents was served on Defendant's counsel by email via CM/ECF.

/s/ Christian W. Waugh