UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:20-cv-00676-MSS-CPT

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

     Plaintiff/Counter-Defendant,

v.

JOHN DOE infringer assigned IP address
47.197.99.186, an individual,

     Defendant/Counter-Plaintiff.

_____/

**PLAINTIFF'S RESPONSE TO JOHN DOE'S PARTIAL OBJECTIONS TO THE PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Strike 3") hereby respectfully files the following Response to John Doe's Partial Objections to the Proposed Jury Instructions and Verdict Form ("Motion"). [DE 164].

A. Strike 3 Consents to a Status Conference but the Parties Have Continued to Confer and May Moot the Issue

1

Strike 3 **consents**[1] to a status conference, [DE 164] at 3, but disagrees with the characterization of events by Defendant/Counter-Plaintiff, John Doe ("Defendant" or "Doe"). Regardless, the Parties have continued to make a good faith effort to confer and on January 9th, Defendant's counsel represented that they "expect to have the amended verdict form to [Plaintiff] by Friday, January 13th and we can have a discussion next week." Exhibit 1. This hopefully moots the relief sought in this Motion (although Defendant has not withdrawn it) if the Parties can agree. Plaintiff believes that Defendant has very likely only now realized that they were required to file a joint verdict form.

B. The Parties' Difference of Opinion Regarding the Verdict Form Stems from Strike 3's Attempt to Make the Trial More Efficient

---

[1] Defendant has, again, not submitted a Local Rule 3.01(g) Certification with his Motion. *Contra* L.R. 3.01(g)(2). In fact, Defendant did not confer with Strike 3 at all on the relief sought. *Contra id.* 3.01(g)(1). When confronted with this defect, counsel for Defendant maintained, "I don't believe that asking for a status conference to resolve an obvious disagreement requires some type of separate conferral." Exhibit 1. Yet "[d]enial of the [M]otion is warranted on that basis alone." *See Brown v. Riedl*, No. 13-36-J-34PDB, 2015 WL 13821214, at *1 (M.D. Fla. July 15, 2015) (collecting cases).[1] Regardless, because a status conference will aide in resolving various issues with the Joint Final Pretrial Statement, Strike 3 has consented to that relief.

The main issue seems to be that the Parties disagree on how to list the names of the infringing works at issue in this case. Strike 3's proposed verdict form gives the Court a choice. Strike 3's proposal lists all thirty-six works but separates them into two categories: the first category (listing thirty-three of the works) has BitField values of 100% (representing that a full copy of the movie has been distributed) and the second category (the remaining three works) had BitField values of less than 100%. Then, instead of repeating all thirty-six titles dozens of times, only the two categories are mentioned throughout because the jury will be incapable of finding any different result for any given work in any of the two categories from the others. Plaintiff proposed this style to help the jury track the main difference between the infringements.

Defendant disagrees with this approach and wants all thirty-six works listed separately each and every single time through the verdict form, presumably so that the jury be forced to read names that reflect the pornographic nature of the content repeatedly. However, defendant submitted *special interrogatories*–not a verdict form–with the individual works listed separately, which confused Strike 3 as it seemed to raise competing jury instructions and was not actually a verdict form. Strike 3, thus, filed the

3

proposed jury instructions and its version of the verdict form since Defendant never actually submitted one. [DE 156].

C. <u>A Status Conference Is Still Helpful Even if the Issue of the Verdict Form is Resolved</u>

Regardless of whether the Parties agree on the verdict form, Strike 3 believes a status conference to discuss pretrial issues would be greatly helpful to the Parties. Indeed, the heart of the Parties issues stem from what degree it is necessary to expose the jury to the adult nature of Plaintiff's content in order to reach a fair outcome of the case. Despite conferral, the Parties are very divided, and resolution of the issue would enable the Parties to determine whether the trial can be completed in just a few days, or instead take weeks. Strike 3 will file a motion with an exact list of outstanding issues shortly after filing this response.

Dated: January 10, 2023

                                                  Respectfully submitted,

                                                <u>/s/ Christian W. Waugh</u>
                                                Christian W. Waugh [FBN 71093]
                                                WAUGH GRANT PLLC
                                                201 E. Pine Street, Suite 315
                                                Orlando, FL 32801
                                                Email: cwaugh@waughgrant.com
                                                Telephone:  321-800-6008

Fax:   844-206-0245

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2023, a true and correct copy of the following documents was served on Defendant's counsel by email via CM/ECF.

/s/ Christian W. Waugh