UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    **Plaintiff,**

v.                                        Case No: 8:20-cv-676-MSS-CPT

**JOHN ADAIRE,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the matters raised at the January 17, 2023 status conference. (Id.) Upon consideration of the relevant filings, case law, and for the reasons set forth on the record at the hearing, the Court hereby **ORDERS** as follows:

1. Plaintiff's Motion for Sanctions Pursuant to Rule 37(e)(2), (Dkt. 110), is **GRANTED as stated at the hearing**.

2. Plaintiff's Motion for Summary Judgment, (Dkt. 114), is **GRANTED IN PART and DENIED IN PART.**

    a. The Motion is **GRANTED** as to Plaintiff's request for summary judgment on Defendant's counterclaim and as to Plaintiff's request for summary judgment on Defendant's first, second third fourth, fifth, sixth, seventh, and ninth affirmative defenses.

    b. The Motion is **DENIED** as to Plaintiff's request for summary judgment on Plaintiff's claim of copyright infringement and on Defendant's eighth affirmative defense of copyright misuse.

3. Defendant's Motion for Summary Judgment, (Dkt. 115), is **DENIED**.

4. Plaintiff's Motion for Leave to File Sur-Reply, (Dkt. 143), is **DENIED AS MOOT.**

5. Plaintiff's <u>Daubert</u> Motion to Exclude the Opinions and Testimony of Defendant's Expert Mr. David Dickson, (Dkt. 109), is **GRANTED as stated herein**. Dickson's testimony shall be cabined to two limited areas at trial: (1) Dickson may testify that Plaintiff's films are not made to Hollywood standards to the extent that his testimony speaks to the value of the films as it bears on the issue of damages; and (2) to the extent that he has already opined that Plaintiff's films do not bear even a minimal amount of creativity, Dickson will be permitted to repeat this opinion at trial. Dickson will not be able to opine that the films are not copyrightable or that they are derivative as he has acknowledged that he is not a copyright expert and had no expertise in the field.

6. Defendant's <u>Daubert</u> Motion to Bar Any Testimony from Plaintiff's Proffered "Experts" for Summary Judgment, for Trial, or Any Other Purpose in this Case, (Dkt. 111), is **DENIED**.

7. Plaintiff's <u>Daubert</u> Motion to Exclude the Opinions and Testimony of Defendant's Expert Joel Brillhart, (Dkt. 112), is **DENIED**.

8. Plaintiff's <u>Daubert</u> Motion to Exclude the Defendant's Expert Opinions and Testimony, (Dkt. 113), is **DENIED**.

9. Plaintiff's Motion in Limine to Exclude and/or Bar Various Testimony and Materials from Trial, (Dkt. 154), is **GRANTED IN PART and DENIED IN PART.**

    a. Plaintiff's request to preclude Defendant from referring to Strike 3 as a "Troll" and using other similar pejoratives is **DENIED**.

    b. Plaintiff's request to exclude evidence of other Strike 3 cases or evidence of results from other cases is **GRANTED**.

    c. Plaintiff's request to exclude references to media and internet coverage of Strike 3 is **GRANTED ON STIPULATION**.

    d. Plaintiff's request to preclude references to Defendant's military service or affiliation with the military or the Department of Defense is **DENIED**.

    e. Plaintiff's request to exclude Mr. Martinez's Expert Report and any related testimony is **DENIED**.

    f. Plaintiff's request to preclude references to Mr. Paige's "arrest record" and "trial testimony" is **DENIED**.

    g. Plaintiff's request to exclude evidence of "examination" and supplemental data from Defendant's ADATA device is **GRANTED ON STIPULATION**.

    h. Plaintiff's request to exclude .bin files of PCAPs described on Defendant's exhibit list is **DENIED**.

10. Defendant's Omnibus Motion in Limine, (Dkt. 155), is **GRANTED IN PART and DENIED IN PART**.

    a. Defendant's request to exclude VXN Data is **DENIED**.

    b. Defendant's request to exclude testimony that the "infringed copy" of the 36 movies were present on Defendant's computer and that Plaintiff can identify a computer connected to IP Address 47.197.99.186 is **DENIED**.

    c. Defendant's request to exclude testimony that purports to correlate Defendant's social media profile with the additional evidence is **GRANTED**.

    d. Defendant's request to exclude testimony that Defendant infringed works that are not owned by Strike 3 is **GRANTED** without prejudice to Plaintiff to seek to introduce such evidence upon a proper showing at trial.

    e. Defendant's request to exclude any claim that Defendant could have accessed Strike 3's works without a BitTorrent client is

4

    **DENIED AS MOOT** to the extent it was intended to be a motion in limine.

  f. Defendant's request to exclude expert testimony by non-experts is **GRANTED ON STIPULATION**.

  g. Defendant's request to exclude Strike 3 from introducing testimony of alleged spoliation of evidence is **DENIED**.

11. Leonard French, Esq.'s Consent Motion to Withdraw as Counsel for Defendant, (Dkt. 171), is **GRANTED**.

12. This case is **CONTINUED** from the **February 2023 Trial Term to a date certain, five-day trial, beginning April 10, 2022**. Within **twenty-one (21) days** from the date of this Order, the Parties shall file a notice advising the Court if they have been unable to condense the proposed trial length to one week. If not, the Court will reset the trial term.

13. Within **twenty-one (21) days** from the date of this Order, the Parties are directed to re-file a **SINGLE JOINTLY** proposed set of jury instructions together with a **SINGLE JOINTLY** proposed jury verdict form consistent with the instructions in the Court's Third Amended Case Management and Scheduling Order. (Dkt. 86 at § III.B.4) As explained therein, "[a] party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its

inclusion, together with a summary of the opposing party's objection." (Id.) The verdict form shall list each claim of infringement to permit the jury to make a separate finding as to each. On or before the deadline, the Parties are further directed to e-mail a copy of their proposed joint jury instructions and joint verdict form in Word format to Chambers at the following email address: chambers_flmd_scriven@flmd.uscourts.gov.

14. All exhibits are to be appropriately pre-marked, in accordance with Local Rule 3.07, Middle District of Florida. In addition, a three-ring binder containing courtesy copies of all exhibits, properly pre-marked, shall be provided to the Courtroom Deputy Clerk the morning of trial for the Court's use.

15. All persons entering the Courthouse must present photo identification to Court Security Officers. Counsel are permitted to bring into the courthouse electronic devices in accordance with the procedures set forth in the standing Order of this Court: In re: Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida, 6:13-mc-94-Orl-22 (October 1, 2013).

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of January 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person