# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No. 8:20-cv-00676-MSS-CPT

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

     Plaintiff,

v.

JOHN ADAIRE,

     Defendant.

_____/

## <u>PROPOSED JURY INSTRUCTIONS</u>

## TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

1.     Eleventh Circuit Pattern Instruction 1.1 General Preliminary Instruction (*Partially Contested by Both Parties*)

2.     Eleventh Circuit Pattern Instruction 1.2 Burden of Proof

3.     Eleventh Circuit Pattern Instruction 1.4 Jury Questions

4.     Eleventh Circuit Pattern Instruction 1.5 Interim Statements

5.     Eleventh Circuit Pattern Instruction 1.6.1 Copyright Overview (*Defendant Contested*)

1

6.          Eleventh Circuit Pattern Instruction 1.6.2 Introduction to
            Copyright Claim (*Partially Contested*)

**TRIAL INSTRUCTIONS**

7.          Eleventh Circuit Pattern Instruction 2.1 Stipulations

8.          Eleventh Circuit Pattern Instruction 2.2 Use of Depositions

9.          Eleventh Circuit Pattern Instruction 2.4 Interim Statements

10.         Eleventh Circuit Pattern Instruction 2.5 Judicial Notice

11.         Eleventh Circuit Pattern Instruction 2.6 Use of
            Interrogatories

12.         Eleventh Circuit Pattern Instruction 2.7 In-Trial
            Instructions on News Coverage

13.         Eleventh Circuit Pattern Instruction 2.8 Civil *Allen* Charge
            (*Defendant Contested*)

**GENERAL INSTRUCTIONS AT THE CLOSE OF EVIDENCE**

14.         Eleventh Circuit Pattern Instruction 3.1 Introduction

15.         Eleventh Circuit Pattern Instruction 3.2.2 Duty to
            Follow Instructions - Corporate Party Involved

16.         Eleventh Circuit Pattern Instruction 3.3 Consideration of
            Direct and Circumstantial Evidence; Argument of Counsel;
            Comments by the Court

17.         Eleventh Circuit Pattern Instruction 3.3.1 Legal Terms and
            Statements are not Evidence (*Defendant Contested*)

18.         Eleventh Circuit Pattern Instruction 3.4 Credibility of
            Witnesses

19.        Eleventh Circuit Pattern Instruction 3.4.1 Credibility of Witnesses who are Lawyers

20.        Eleventh Circuit Pattern Instruction 3.5.1 Impeachment of Witnesses because of Inconsistent Statements

21.        Eleventh Circuit Pattern Instruction 3.5.2 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction (*Plaintiff Contested*)

22.        Eleventh Circuit Pattern Instruction 3.6.1 Expert Witness (*Plaintiff Contested*)

23.        Eleventh Circuit Pattern Instruction 3.6.2 Expert Witness — When Expert Fees Represent a Significant Portion of the Witness's Income (*Defendant Contested*)

24.        Eleventh Circuit Pattern Instruction 3.7.1 Responsibility for Proof - Plaintiff's Claims, Cross Claims, Counterclaims - Preponderance of the Evidence

25.        Eleventh Circuit Pattern Instruction 3.7.2 Responsibility for Proof -Affirmative Defense - Preponderance of the Evidence

26.        Eleventh Circuit Pattern Instruction 3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages

27.        Eleventh Circuit Pattern Instruction 3.9 Election of Foreperson Explanation of Verdict Form

**SUBSTANTIVE CAUSES OF ACTION AND AFFIRMATIVE DEFENSES REGARDING COPYRIGHT**

28.        Eleventh Circuit Pattern Instruction 9.1 Validity – General Charge

29.        Eleventh Circuit Pattern Instruction 9.2 Originality

30.        Eleventh Circuit Pattern Instruction 9.4 Effect of
           Registration

31.        Eleventh Circuit Pattern Instruction 9.10 Validity –
           Ideas and Expression (*Plaintiff Contested*)

32.        Eleventh Circuit Pattern Instruction 9.12 Ownership –
           General Charge (*Partially Contested*)

33.        Eleventh Circuit Pattern Instruction 9.15 Ownership –
           Work Made for Hire

34.        Eleventh Circuit Pattern Instruction 9.16 Ownership -
           Transfer

35.        Eleventh Circuit Pattern Instruction 9.17 Infringement
           – Introduction to Elements

36.        Eleventh Circuit Pattern Instruction 9.18 Infringement -
           Access

37.        Eleventh Circuit Pattern Instruction 9.19 Substantial
           Similarity

38.        Eleventh Circuit Pattern Instruction 9.30 Copyright –
           Damages – General Charge (*Partially Contested*)

39.        Eleventh Circuit Pattern Instruction 9.32 Statutory
           Damages (*Partially Contested*)

40.        Affirmative Defense – Copyright Misuse (*Contested*)

## PROPOSED JURY INSTRUCTION #1
Eleventh Circuit Pattern Instruction 1.1
General Preliminary Instruction (*Partially Contested by Both Parties*)

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't

personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not

evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Names of the Parties:

Throughout this case we will or have referred to the Plaintiff as either "Plaintiff" or "Strike 3 Holdings, LLC" or "Strike 3" and you are to consider these names as interchangeable.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- · the witness's memory;
- · the witness's manner while testifying;
- · any interest the witness has in the outcome of the case;
- · any bias or prejudice the witness may have;
- · any other evidence that contradicts the witness's testimony;
- · the reasonableness of the witness's testimony in light of all the evidence; and
- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiff, Strike 3 Holdings, LLC, claims the Defendant, John Adaire, infringed the copyrights to its works: (1) Pushing Buttons; (2) Travelling Together; (3) Check Them Out, (4) BBC To Go, (5) Girls Share, (6) It Was My Dream To Meet Him, (7) Something To Look Forward To; (8) Nostalgia; (9) Where To; (10) Girls Night In; (11) A Quiet Weekend In Mykonos; (12) Alone In Mykonos ; (13) Vacation With Benefits; (14) With A View; (15) Proving My Worth; (16) Commission; (17) Honey Look What I Found; (18) We All Do It; (19) Do I Know You; (20) One Night Only; (21) Hot Girl Summer; (22) Get Even; (23) West Coast Dreaming; (24) Our Secret Place; (25) Take Me Away; (26) Tying Up Loose Ends; (27) Train Her; (28) Cam To Me ; (29) Anal Dependance ; (30) Parting Gift; (31) Good Business; (32) One In A Million; (33) He Chose Me; (34) Amazing Benefits; (35) A Dream Pairing; and (36) Pushed In The Right Direction.

## **DEFENDANT PROPOSES**:

John Adaire denies those claims and contends, in part that Strike 3's infringement detection system, "VXN" was untested and inaccurate, that John Adaire was not assigned the IP Address that Strike 3 Holdings, LLC has alleged, that John Adaire was at work and could not have downloaded the works alleged, that his IP Address was used by neighbors via "Open Wifi", and that Strike 3 Holdings, failed to mark their works with valid copyright notices, and misused their copyrights.

Burden of proof:

Strike 3 Holdings, LLC has the burden of proving their case by what the law calls a "preponderance of the evidence." That means Strike 3

Holdings, LLC must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Strike 3 Holdings, LLC and the evidence favoring John Adaire on opposite sides of balancing scales, Strike 3 Holdings, LLC needs to make the scales tip to their side. If Strike 3 Holdings, LLC fails to meet this burden, you must find in favor of John Adaire.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," John Adaire has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts John Adaire must prove for any affirmative defense. After considering all the evidence, if you decide that John Adaire has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or

11

what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until

you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Strike 3 Holdings, LLC will present their witnesses and ask them questions. After Strike 3 Holdings, LLC questions the witness, John Adaire may ask the witness questions – this is called "cross-examining" the witness. Then John Adaire will present his/her/its witnesses, and Strike 3 Holdings, LLC may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).

You'll then go to the jury room to deliberate.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## **PROPOSED JURY INSTRUCTION #2**
Eleventh Circuit Pattern Instruction 1.2
Burden of Proof

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

15

## **PROPOSED JURY INSTRUCTION #3**
Eleventh Circuit Pattern Instruction 1.4
Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to

16

answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- · First, you must submit all questions in writing. Please don't ask any questions aloud.

- · Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- · Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

GRANTED         _____

DENIED          _____

MODIFIED        _____

WITHDRAWN       _____

17

**<u>PROPOSED JURY INSTRUCTION #4</u>**
Eleventh Circuit Pattern Instruction 1.5
Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

GRANTED               _____

DENIED                _____

MODIFIED              _____

WITHDRAWN             _____

18

**PROPOSED JURY INSTRUCTION #5**
Eleventh Circuit Pattern Instruction 1.6.1
Copyright Overview

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery,

19

regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION #6**
Eleventh Circuit Pattern Instruction 1.6.2
Introduction to Copyright Claim (*Partially Contested*)

This preliminary instruction is not evidence.  I am reading you this preliminary instruction provide an overview of this case.  None of what I say now can be considered as evidence.

In this case, Strike 3 Holdings, LLC claims ownership of a copyrights in 36 motion pictures.

**DEFENDANT PROPOSES:**

entitled: (1)Pushing Buttons; (2) Travelling Together; (3) Check Them Out, (4) BBC To Go, (5) Girls Share, (6) It Was My Dream To Meet Him, (7) Something  To Look Forward To; (8) Nostalgia; (9) Where To; (10) Girls Night In; (11) A Quiet Weekend In Mykonos; (12) Alone In Mykonos ; (13) Vacation With Benefits; (14) With A View; (15) Proving My Worth; (16) Commission; (17) Honey Look What I Found; (18) We All Do It; (19) Do I Know You; (20) One Night Only; (21) Hot Girl Summer; (22) Get Even; (23) West Coast Dreaming; (24) Our Secret Place; (25) Take Me Away; (26) Tying Up Loose Ends; (27) Train Her; (28) Cam To Me ; (29) Anal Dependance ; (30) Parting Gift; (31) Good Business; (32) One In A Million; (33) He Chose Me; (34) Amazing  Benefits; (35) A Dream Pairing; and (36) Pushed In The Right Direction.

You are to treat each claim of infringement separately.  You are not to assume facts for one infringement are the same facts for the other infringement.

These movies are pornographic.  But you should not let the fact that these movies are pornographic affect your evaluation of the facts of this case.

**DEFENDANT PROPOSES:**

The law does not distinguish between pornographic and non-pornographic movies unless the actors or actresses in the films are under the age of 18.  You should also not presuppose that John Adaire watched these films based on evidence that he watched other films.

Strike 3 claims John Adaire has infringed the asserted copyrights by reproducing or copying, distributing copies of, preparing derivative works based on, performing and displaying the work without authorization over the Internet using software known as "Bittorrent" installed on a computer owned by John Adaire and

**PLAINTIFF PROPOSES:**     downloading

**DEFENDANT PROPOSES:**   copying

those works to his computer.

John Adaire denies infringing the asserted copyrights in the 36 movies, claims that Strike 3 Holdings, LLC does not own a valid copyright, and asserts other defenses which I will describe later.

This case involves computer technology.  You are only to rely on evidence presented to you by either Strike 3 Holdings, LLC or John Adaire.

22

You are not to consider your own personal experience with computers nor are you to consider your past experiences with either downloading files from the Internet or your own expertise in setting up computers.   You are not to assume that computer system works or does not work from your own personal experiences with computers, rather you must evaluate if the computer systems work or do not work from the evidence presented in this case.

GRANTED            _____

DENIED              _____

MODIFIED           _____

WITHDRAWN        _____

**PROPOSED JURY INSTRUCTION #7**
Eleventh Circuit Pattern Instruction 2.1
Stipulations (*Partially Contested*)

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**PLAINTIFF PROPOSES:**

While not stipulated by the parties, another set of facts has been determined by the Court prior to trial related to motions argued between the Parties. They are as follows:

1.      John Adaire intentionally wiped the data from two of his hard drives after he learned that Plaintiff was attempting to identify him in the State Court proceeding.

2.      As a result of John Adaire's actions, if he did have infringing copies of Plaintiff's works on those hard drives, the infringing copies would no longer exist on those hard drives and any search performed on them would not show the infringing copies.

**DEFENDANT PROPOSES AND OBJECTIONS:**



No Adverse Jury Insrtruction.  The Court stated the following in their ruling imposing the sanction only that Plaintiff may argue these facts to the jury and there is not an adverse jury instruction.

24

" *The appropriate sanction is to disclose the fact to the jury and permit plaintiff to question defendant about the reinstallation <u>and argue to the jury that this is why no evidence of the works were found on his computer</u>* "  Court Ruling on 1-17-2023, pp 7-8.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

25

## **<u>PROPOSED JURY INSTRUCTION #8</u>**
### Eleventh Circuit Pattern Instruction 2.2
### Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of witnesses have been presented to you by a by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

26

## **PROPOSED JURY INSTRUCTION #9**
### Eleventh Circuit Pattern Instruction 2.4
### Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr Waugh and Mr. Edmondson are going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is Mr. Waugh's or Mr. Edmondson's, view of the evidence or of what they anticipate the evidence will be, but isn't itself evidence

GRANTED             _____

DENIED              _____

MODIFIED            _____

WITHDRAWN           _____

## <u>PROPOSED JURY INSTRUCTION #10</u>
Eleventh Circuit Pattern Instruction 2.5
Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted state the fact that the court has judicially noticed as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

28

## **PROPOSED JURY INSTRUCTION #11**
Eleventh Circuit Pattern Instruction 2.6
Use of Interrogatories

You've heard answers that Strike 3 Holdings or John Adaire gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Strike 3 Holdings or John Adaire gave the answers in writing while under oath.

You must consider Strike 3 Holdings or John Adaire's answers to as though Strike 3 Holdings, LLC or John Adaire's gave the answers on the witness stand.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

29

## **PROPOSED JURY INSTRUCTION #12**
Eleventh Circuit Pattern Instruction 2.7
In-Trial Instructions on News Coverage

Reports about this trial or about this incident may appear in the media.

The reporters may not have heard all the testimony as you have, may be

getting information from people who are not under oath and subject to cross

examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate

your oath as a juror to decide this case on anything other than the evidence

presented at trial and on your own common sense. You must decide this case

exclusively on the evidence you receive here in court.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## <u>PROPOSED JURY INSTRUCTION #13</u>
Eleventh Circuit Pattern Instruction 2.8
Civil *Allen* Charge

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict.

Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's

31

weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

GRANTED          _____

DENIED            _____

MODIFIED         _____

WITHDRAWN     _____

**<u>PROPOSED JURY INSTRUCTION #14</u>**
Eleventh Circuit Pattern Instruction 3.1
Introduction

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:20-cv-00676-MSS-CPT

Strike 3 Holdings, LLC,

  Plaintiff,

vs.

JOHN ADAIRE,

  Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

34

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION #15
### Eleventh Circuit Pattern Instruction 3.2.2
### Duty to Follow Instructions - Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

36

**<u>PROPOSED JURY INSTRUCTION #16</u>**
Eleventh Circuit Pattern Instruction 3.3
Consideration of Direct and Circumstantial Evidence; Argument of Counsel;
Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

37

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

38

**<u>PROPOSED JURY INSTRUCTION #17</u>**
Eleventh Circuit Pattern Instruction 3.3.1
Legal Terms and Statements are not Evidence

In this trial, the lawyers may use legal terms, such as "infringement" which is also the cause of action in this case.

These legal terms used at trail are not evidence.  When a lawyer says the defendant "infringed" or "did not infringe" that is not "evidence" and it cannot be considered.  You may only determine if John Adaire "infringed" or "did not infringe" based on the evidence presented and your analysis of the facts.  You are not to accept a lawyer's statement regarding "infringement" as a fact.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

39

## PROPOSED JURY INSTRUCTION #18
### Eleventh Circuit Pattern Instruction 3.4
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

40

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

**<u>PROPOSED JURY INSTRUCTION #19</u>**
Eleventh Circuit Pattern Instruction 3.4.1
Credibility of Witnesses who are Lawyers

You may hear testimony from witnesses who are also lawyers for Strike 3 Holdings, LLC.  These lawyers are known as "in house counsel".   You are to treat their testimony like any witness as described above.  Their testimony is not to be given any additional weight or discredited because they went to law school.   You are only to consider their factual testimony.  You may not consider any legal statements they make about the law or legal opinions about the law in this case.  I, as the Judge, am the only person who is to instruct you about the law in this case.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

**<u>PROPOSED JURY INSTRUCTION 20</u>**
Eleventh Circuit Pattern Instruction 3.5.1
Impeachment of Witnesses because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.


GRANTED              _____

DENIED               _____

MODIFIED             _____

WITHDRAWN            _____

**PROPOSED JURY INSTRUCTION #21**
Eleventh Circuit Pattern Instruction 3.5.2
Impeachment of Witnesses because of Inconsistent Statements or Felony
Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION #22
Eleventh Circuit Pattern Instruction 3.6.1
Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

GRANTED          _____

DENIED          _____

MODIFIED          _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION #23**
Eleventh Circuit Pattern Instruction 3.6.2
Expert Witness — When Expert Fees Represent a Significant Portion of the
Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

47

## <u>PROPOSED JURY INSTRUCTION #24</u>
Eleventh Circuit Pattern Instruction 3.7.1
Responsibility for Proof - Plaintiff's Claims, Cross Claims, Counterclaims -
Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

49

## PROPOSED JURY INSTRUCTION #25
Eleventh Circuit Pattern Instruction 3.7.2
Responsibility for Proof -Affirmative Defense - Preponderance of the
Evidence

In this case, John Adaire asserts the affirmative defense of Copyright Misuse. Even if the Plaintiff proves its claims by a preponderance of the evidence, John Adaire can prevail in this case if John Adaire proves an affirmative defense by a preponderance of the evidence.

I caution you that John Adaire does not have to disprove the Strike 3's claims, but if John Adaire raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

50

**PROPOSED JURY INSTRUCTION #26**
Eleventh Circuit Pattern Instruction 3.8.1
Duty to Deliberate when only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case

51

GRANTED             _____

DENIED              _____

MODIFIED            _____

WITHDRAWN           _____

## PROPOSED JURY INSTRUCTION #27
Eleventh Circuit Pattern Instruction 3.9
Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

The verdict form consists of Strike 3's claim of infringements for each of the following movies: (1) Pushing Buttons; (2) Travelling Together; (3) Check Them Out, (4) BBC To Go, (5) Girls Share, (6) It Was My Dream To Meet Him, (7) Something To Look Forward To; (8) Nostalgia; (9) Where To; (10) Girls Night In; (11) A Quiet Weekend In Mykonos; (12) Alone In Mykonos ; (13) Vacation With Benefits; (14) With A View; (15) Proving My Worth; (16) Commission; (17) Honey Look What I Found; (18) We All Do It; (19) Do I Know You; (20) One Night Only; (21) Hot Girl Summer; (22) Get Even; (23) West Coast Dreaming; (24) Our Secret Place; (25) Take Me Away; (26) Tying Up Loose Ends; (27) Train Her; (28) Cam To Me ; (29) Anal Dependance; (30) Parting Gift; (31) Good Business; (32) One In A Million; (33) He Chose Me; (34) Amazing Benefits; (35) A Dream Pairing; and (36) Pushed In The Right Direction.

53

You must evaluate the allegation of infringement for each movie separately on the verdict form.   When an instruction tells you to stop for a particular movie, do not proceed to fill in the following sections for each movie.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## PROPOSED JURY INSTRUCTION #28
Eleventh Circuit Pattern Instruction 9.1
Validity – General Charge

To establish infringement, Strike 3 Holdings, LLC must prove two things:

First, you must find that Strike 3 Holdings, LLC owned a valid copyright.

And second, you must find that John Adaire copied the work's original components.

I'll begin with instructions on validity and then explain ownership and infringement. After that I'll explain defenses and remedies

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

56

## PROPOSED JURY INSTRUCTION #29
Eleventh Circuit Pattern Instruction 9.2
Originality

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work – the author didn't copy it from other works – and it possesses at least a minimal degree of creativity.

GRANTED             _____

DENIED              _____

MODIFIED            _____

WITHDRAWN           _____

**<u>PROPOSED JURY INSTRUCTION #30</u>**
Eleventh Circuit Pattern Instruction 9.4
Effect of Registration

For original works created after 1977, the work is automatically copyrighted at the moment of creation – even if the work is never registered with the United States Copyright Office. But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

A certificate of registration made within five years after the first publication of the claimed work is evidence of the copyright's validity and the facts stated in the certificate. Specifically, the copyright registration creates a rebuttable presumption of validity. This means that the presumption shifts Strike 3 Holdings, LLC's burden of proving validity to John Adaire to prove that the claimed copyright is invalid.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

**PROPOSED JURY INSTRUCTION #31**
Eleventh Circuit Pattern Instruction 9.10
Validity – Ideas and Expression

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

- a portion of the work that isn't original to the author;

- a portion of the work that's in the public domain; and

- an idea, concept, principle, discovery, fact, actual event, process, or method contained in a work.

A work that's "in the public domain" is one that does not have copyright protection, so anyone may use all or part of it in another work without charge.

In copyright law, it's important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter.

59

For example, copyright law doesn't protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book *Moby-Dick*.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, actual events, processes, or methods contained in a work. But the author's copyright does extend to the means by which those are expressed, described, depicted, implemented, or otherwise communicated in the work.

If you find that Strike 3 Holdings, LLC is seeking copyright protection in:

• a portion of a work that isn't original to the author;

• a portion of the work that's in the public domain; or

• an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work, you should exclude that material from the protected matter Strike 3 Holdings, LLC's copyright-infringement claim can be based on.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

## PROPOSED JURY INSTRUCTION #32
Eleventh Circuit Pattern Instruction 9.12
Ownership – General Charge (*Partially Contested*)

Now that I've explained validity, we'll move to the issue of ownership.

Strike 3 Holdings, LLC must prove ownership of a copyright in (**PLAINTIFF PROPOSES**: each / **DEFENDANT PROPOSES**: title) of the (**PLAINTIFF PROPOSES**: thirty-six (36) works / **DEFENDANT PROPOSES**: asserted work) by a preponderance of the evidence. Strike 3 Holdings, LLC can prove ownership by evidence showing that he/she/it:

- is an author (or creator) of the work and didn't transfer to another the exclusive rights being asserted, or

- acquired legal ownership by transfer of the copyright in the exclusive rights John Adaire allegedly infringed.

GRANTED        _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

**PROPOSED JURY INSTRUCTION #33**
Eleventh Circuit Pattern Instruction 9.15
Ownership – Work Made for Hire

Strike 3 Holdings, LLC claims ownership of title of the asserted work based on the creation of the work for him/her/it as a work made for hire. If the work is a work made for hire, Strike 3 Holdings, LLC is considered the author and the copyright's owner. To prove ownership of a work for hire, Strike 3 Holdings, LLC must prove one of the following:

First, that Strike 3 Holdings, LLC's employee created title of the asserted work within the scope of the employee's employment , and Strike 3 Holdings, LLC didn't sign a written document giving the copyright to the employee.

Or second, that Strike 3 Holdings, LLC specifically ordered or commissioned title of the asserted work for use as a contribution to a collective work/as a part of a motion picture or other audiovisual work/as a translation/as a supplementary work/as a compilation/as an instructional text/as a test/as answer material for a test/as an atlas, and Strike 3 Holdings, LLC and the person who created the work signed a written document confirming that the work was to be considered a work made for hire.

Supplemental instruction for use when applicable: If the employment status of the individual who created the work is disputed, you should consider the following factors to determine whether the creator was Strike 3 Holdings, LLC's employee or an independent contractor when title of the asserted work was created:

- Strike 3 Holdings, LLC's right to control the way the work was accomplished. The less control Strike 3 Holdings, LLC exercised, the more likely it is that the creator was an independent contractor.

- The skill required to create the work. The more skills required of the creator, the more likely it is that the creator was an independent contractor.

- The source of the instruments and tools. The more the creator was required to use his or her own tools and instruments to create the work, the more likely it is that the creator was an independent contractor.

- The location of the work. The more the creator worked at Strike 3 Holdings, LLC's offices/work site, the more likely it is that the creator was an employee.

- The duration of the relationship between the parties. The longer the creator worked for Strike 3 Holdings, LLC, the more likely it is that the creator was an employee.

- Whether Strike 3 Holdings, LLC has the right to assign additional projects to the creator. The more ability the creator had to refuse additional work from Strike 3 Holdings, LLC, the more likely it is that the creator was an independent contractor.

- The extent of the creator's discretion over when and how long to work. The more control the creator had over his or her

working schedule, the more likely it is that the creator was an independent contractor.

- The method of payment. The more the creator worked for one-time project fees or on commission, the more likely it is that the creator was an independent contractor.

- The creator's role in hiring and paying assistants. The more the creator hired and paid for his or her own assistants, the more likely it is that the creator was an independent contractor.

- Whether the work is part of Strike 3 Holdings, LLC's regular business. The more the creation of the work was a regular part of Strike 3 Holdings, LLC's business, the more likely it is that the creator was an employee.

- Whether Strike 3 Holdings, LLC is a business. If Strike 3 Holdings, LLC was not a business, the creator was more likely an independent contractor.

- The provision of employee benefits. The more the creator participated in benefit plans Strike 3 Holdings, LLC provided (such as pensions or insurance), the more likely it is that the creator was an employee.

- The creator's tax treatment. If Strike 3 Holdings, LLC didn't withhold taxes from payments to the creator or didn't issue a Form 1099 to the creator, the creator was more likely an independent contractor.

No single factor should be considered conclusive on its own. And some factors may not apply to the circumstances in this case.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

## <u>PROPOSED JURY INSTRUCTION #34</u>
Eleventh Circuit Pattern Instruction 9.16 Ownership - Transfer

A transfer of copyright ownership, other than by operation of law, must be in writing and signed by the owner of the copyright or the owner's authorized agent. The writing may be an instrument of conveyance, such as a contract or assignment, or a note of memorandum of the transfer.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

66

**PROPOSED JURY INSTRUCTION #35**
Eleventh Circuit Pattern Instruction 9.17
Infringement – Introduction to Elements

If you're persuaded that Strike 3 Holdings, LLC owns a valid copyright, you can consider whether John Adaire improperly copied Strike 3 Holdings, LLC's copyrighted material. It is the burden of Strike 3 Holdings, LLC to show that John Adaire infringed on its valid copyright. This is called "infringement" of a copyright. Strike 3 Holdings, LLC must show that John Adaire infringed on its valid copyright.

In this case, Strike 3 Holdings, LLC claims that John Adaire infringed its copyrights in Strike 3 Holdings, LLC's copyrighted works by copying parts of it. To succeed on this claim, Strike 3 Holdings, LLC must prove that John Adaire copied the parts of Strike 3 Holdings, LLC's copyrighted work that the law protects.

There are two ways in which Strike 3 Holdings, LLC can prove a claim of copyright infringement.

First, Strike 3 Holdings, LLC can show direct evidence that John Adaire actually copied the copyrighted material. For example, Strike 3 Holdings, LLC could introduce believable eyewitness testimony or an admission by John Adaire. Such direct evidence is rare.

67

Or second, Strike 3 Holdings, LLC can show indirect or circumstantial evidence that John Adaire copied its works. For example, indirect evidence of infringement may be proof that John Adaire tried to get a copy of Strike 3 Holdings, LLC's works and then published a book, song, etc. that is substantially similar to Strike 3 Holdings, LLC's book, song, etc.. In general, the two elements of infringement are (1) access and (2) substantial similarity.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION #36**
Eleventh Circuit Pattern Instruction 9.18
Infringement - Access

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

Strike 3 Holdings, LLC can show that John Adaire had "access" to its works by showing that John Adaire had a reasonable opportunity to see/hear the work. It isn't necessary to show that John Adaire actually saw/heard Strike 3 Holdings, LLC's work before creating John Adaire's own work if the evidence reasonably establishes that John Adaire could have seen/heard it and could have copied it.

But you can't base a finding that John Adaire had access to Strike 3 Holdings, LLC's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes Strike 3 Holdings, LLC can't show that John Adaire had access to its works before John Adaire created an alleged copy. In these cases, Strike 3 Holdings, LLC can still establish a rebuttable presumption of copying by showing that the material John Adaire allegedly copied is so strikingly

69

similar to its copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if Strike 3 Holdings, LLC's works and John Adaire's works are so strikingly similar that a reasonable person would assume John Adaire copied from Strike 3 Holdings, LLC's works and that there is no possibility of independent creation, coincidence, or prior common source, then Strike 3 Holdings, LLC is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar." An accused work is substantially similar to an original piece if an ordinary observer/listener would conclude that the accused works' creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused works can still be substantially similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred unless John Adaire proves that it didn't happen.

If Strike 3 Holdings, LLC shows (1) that John Adaire had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to John Adaire to prove that his work is an independent creation – not a

70

copy. Proof that a work is an independent creation overcomes a presumption of copying.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

**PROPOSED JURY INSTRUCTION #37**
Eleventh Circuit Pattern Instruction 9.19
Substantial Similarity

Having discussed access, I'll now discuss the issue of substantial similarity. Strike 3 Holdings, LLC must prove that John Adaire's accused works are substantially similar to its copyrightable expression in the copyrighted works. John Adaire's accused works are substantially similar in expression to Strike 3 Holdings, LLC's if an ordinary observer/listener would conclude that John Adaire unlawfully took Strike 3 Holdings, LLC's protectable expression by taking material of substance and value.

Even if the degree of similarity between Strike 3 Holdings, LLC's copyrighted works and John Adaire's accused works is small in quantity, you can still find that there's substantial similarity if the copied portions of Strike 3 Holdings, LLC's copyrighted works are important in quality.

But if John Adaire's copying is minimal or trivial, you shouldn't find infringement.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

72

**PROPOSED JURY INSTRUCTION #38**
Eleventh Circuit Pattern Instruction 9.30
Copyright – Damages – General Charge (*Partially Contested*)

If you find that Strike 3 Holdings, LLC has failed to prove its copyright-infringement claim or that John Adaire has proved its affirmative defense by a preponderance of the evidence, you won't consider the question of damages. If you find that Strike 3 Holdings, LLC has proved by a preponderance of evidence that John Adaire has infringed Strike 3 Holdings, LLC's copyrights, and John Adaire has not proved a defense, then you must determine whether Strike 3 Holdings, LLC has proved damages.

**PLAINTIFF PROPOSES:**

Strike 3 Holdings, LLC has elected to seek statutory damages. In the next instruction, I'll define how you must determine the amount of damages, if any, to award to Strike 3 Holdings, LLC.

GRANTED          _____

DENIED          _____

MODIFIED          _____

WITHDRAWN          _____

73

**PROPOSED JURY INSTRUCTION #39**
Eleventh Circuit Pattern Instruction 9.32
Statutory Damages (*Partially Contested*)

Strike 3 Holdings, LLC seeks a statutory damage award. "Statutory damages" are damages that are established by Congress in the Copyright Act. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright law violations. The amount awarded must be between

**PLAINTIFF PROPOSES:** $750

**DEFENDANT PROPOSES:** $200

and $30,000 for each copyrighted work that you found to be infringed, unless one of the exceptions applies, as I'll explain later.

To determine the appropriate amount to award, you can consider the following factors:

- the profits John Adaire earned because of the infringement;

- the revenues that Strike 3 Holdings, LLC lost because of the infringement;

- **DEFENDANT PROPOSES:** the difficulty of proving Strike 3 Holdings, LLC's actual damages;

- the circumstances of the infringement;

- whether John Adaire intentionally infringed Strike 3 Holdings, LLC's copyright; and

74

• deterrence of future infringement.

If Strike 3 Holdings, LLC proves that John Adaire willfully infringed its copyrights, you may – but are not required to – increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

Infringement is "willful" if Strike 3 Holdings, LLC proves that John Adaire knew that his actions constituted infringement of Strike 3 Holdings, LLC's copyrights or that John Adaire recklessly disregarded the possibility that his actions infringed a copyright.

If you the Jury find

**DEFENDANT PROPOSES:** willful

infringement, you must award Strike 3 Holdings, LLC not less than $750 for each copyrighted work that John Adaire has infringed.

There is an exception to the $750 minimum statutory damages you must award if you find infringement by John Adaire was an "innocent infringement."  If John Adaire proves that he innocently infringed Strike 3 Holdings, LLC's copyright, you may – but are not required to – reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is "innocent" if John Adaire proves that he didn't know, and had no reason to know, that his acts constituted infringement.

You can't find that John Adaire was an "innocent infringer" if a notice of copyright appeared in the correct form and position on the published copy/copies of Strike 3 Holdings, LLC's name of infringed work to which John Adaire had access.

A notice is in correct form if it includes the symbol © (the letter C in a circle)/the word "Copyright"/or, in the case of phonorecords, abbreviation "℗" (the letter p in a circle), the name of the copyright owner/an abbreviation by which the copyright owner's name can be recognized/a generally known designation of the copyright's owner and, in the case of a phonorecord, in addition to the foregoing, if the producer of the sound recording is named on the phonorecord labels or containers, and if no other name appears in conjunction with the notice, the producer's name must be considered part of the notice, and the year of first publication of the work. A notice is in the correct position if it appears in a manner and location that gives reasonable notice of the claim of copyright.

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

**PROPOSED JURY INSTRUCTION #40**
Affirmative Defense – Copyright Misuse (*Contested*)

**PLAINTIFF PROPOSES:**

A copyright may not be used to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to public policy to grant. Copyright misuse does not invalidate a copyright, but precludes its enforcement during the period of misuse.

In this case, John Adaire asserts that Plaintiff's use of the Florida State Court as preliminary process to attempt to acquire federally protected subscriber information is a misuse of procedural and substantive due process and therefore renders Plaintiff's copyrights at issue in this action unenforceable.

If you find that John Adaire has proved the above elements of copyright misuse by a preponderance of the evidence, your verdict must be for John Adaire on the claim of infringement during the period of misuse.

Source: *Apple Inc. v. Psystar Corp.*, 2009 WL 303046 *2 (N.D. Cal. February 6, 2009); Defendant's Answer [DE 23]

**DEFENDANT PROPOSES:**

A copyright may not be used to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to public policy to grant. Copyright misuse does not invalidate a copyright, but precludes its enforcement during the period of misuse.

In this case, John Adaire asserts that Plaintiff's use of the Florida State Court as preliminary process to attempt to acquire federally protected subscriber information is a misuse of procedural and substantive due process and therefore renders Plaintiff's copyrights at issue in this action unenforceable and that Strike 3

77

Holdings, LLC had a wrongful motive and misused their copyrights or the legal system

You must find this affirmative defense applicable for each work that Strike 3 Holdings that you find that John Adaire is liable for. If you did not find that John Adaire is liable for any damages, then this affirmative defense is not applicable.

Oppenheimer v. ACL LLC 3:19-CV-00024(W.D. N.C. 2021) citing to Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1097 (7th Cir. 2017);McDermott v. Monday Monday, LLC, No. 17cv9230 (DLC), 2018 WL 5312903, at *1-3 (S.D.N.Y. Oct. 26, 2018) Malibu Media, LLC v. Doe, No. 15 Civ. 4369(AKH), 2015 WL 4092417, at *2-3 (S.D.N.Y. July 6, 2015).

See Also Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692 (9th Cir. 2015);  Ninth Circuit Jury Instruction.