# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Civil Action |
| Plaintiff, | No. 8:20-cv-00676-MSS-CPT |
| v. |  |
| JOHN ADAIRE aka |  |
| JOHN DOE infringer identified as using IP address 47.197.99.186, |  |
| Defendant. |  |

## EVIDENCE AND FACTOR RE: STATUTORY DAMAGES

The Court in yesterday's proceeding requested that the Defendant comment on the scope of evidence the Jury may consider in determining Statutory Damages. 17 U.S.C. §504 (c)(1). The right to have a jury determine statutory damages was decided in *Feltner v. Columbia Pictures Television, Inc.,* 523 US 340 (1998). The Court in *Feltner* did not expressly lay out any factors.

In the commentary to the model jury instructions, the 11th Circuit has researched this issue and has cited six factors to be considered in the model jury instructions:

- the profits [name of defendant] earned because of the infringement
- the revenues that [name of plaintiff] lost because of the infringement

- the difficulty of proving [name of plaintiff]'s actual damages
- the circumstances of the infringement
- whether [name of defendant] intentionally infringed [name of plaintiff]'s copyright
- deterrence of future infringement

The key issue is what evidence may be presented pursuant to this six-factor test. Common sense says that a movie's gross profits and resulting revenues are inextricably linked to the nature and quality of the films. Also, the competitive market for such films and the price of competing film products in the same genre can be an important consideration for the jury.

As each film is different, a generalized analysis of one film and then extrapolating that to 35 other films would be improper. Each film is different in nature, potentially had different production costs, and had different revenue figures, employ different actors and actresses, and adhere to certain brand themes (e.g. *Vixen*, *Tushy*, etc.).

To summarize, defendant believes the guidance in the model instructions is proper, but it does also believes that such guidance is not a limitation on the relevant evidence that may be presented or considered by the jury regarding statutory damages.

Dated: July 12, 2023　　　　Respectfully submitted,

　　　　　　　　　　　　　　By:　/s/*J. Curtis Edmondson*
　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　Law Offices of J. Curtis Edmondson
　　　　　　　　　　　　　　　　Wilshire Professional Building
　　　　　　　　　　　　　　　　9999 SW Wilshire Street, Suite 216
　　　　　　　　　　　　　　　　Portland, OR  97225
　　　　　　　　　　　　　　　　(503) 336-3749
　　　　　　　　　　　　　　　　jcedmondson@edmolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I served all counsel of record in this matter via electronic mail and by first class mail postage prepaid per the addresses on the page attached and personally served one counsel of record.

/s/*J. Curtis Edmondson*
Counsel for Defendant
Law Offices of J. Curtis Edmondson
Wilshire Professional Building
9999 SW Wilshire Street, Suite 216
Portland, OR  97225
(503) 336-3749
jcedmondson@edmolaw.com

**SERVICE LIST**

Christian W. Waugh
Waugh PLLC
201 E. Pine Street
Suite 315
Orlando, FL 32801
352-750-0325
Email: cwaugh@waugh.legal


Mary Alexis Norberg
Waugh Grant, PLLC
201 E. Pine Street
Suite 315
Orlando, FL 32801
321-800-6008
Email: mnorberg@waughgrant.com


Yetian Wang Mamone Villalon
100 SE 2nd ST,
Suite 2000 Miami, FL 33131
786-209-2326
Fax: 786-209-2326
Email: yetian@mvlawpllc.com


Tyler Mamone
Mamone Villalon
100 SE 2nd St., Ste 2000
Miami, FL 33131
786-209-2379
Email: tyler@mvlawpllc.com