## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No. 8:20-cv-00676-MSS-CPT

STRIKE 3 HOLDINGS, LLC,

     Plaintiff,

v.

JOHN ADAIRE,

     Defendant.

_____ /

## STIPULATED FINAL PERMANENT
## INJUNCTION ORDER AS TO DEFENDANT JOHN ADAIRE

This cause having come to be heard upon the Joint Stipulation of Plaintiff STRIKE 3 HOLDINGS, LLC ("Strike 3") and Defendant JOHN ADAIRE ("Defendant"), pursuant to Federal Rule of Civil Procedure 65(d), for entry of this Stipulated Final Permanent Injunction Order ("Permanent Injunction"), and the parties having further jointly stipulated (as detailed below) and incorporate the following stipulations herein:

1.     Strike 3 filed its Complaint for copyright infringement against Defendant in the United States District Court for the Middle District of Florida, styled *Strike 3 Holdings, LLC v. JOHN DOE infringer assigned IP address 47.197.99.186*, Case No. 8:20-cv-00676-MSS-CPT (the "Litigation"). [DE 1]. That Complaint was later amended, but the substantive claims for

1

copyright infringement in violation of the United States Copyright Act of 1976,

17 U.S.C. §§ 101 et seq. were identical. [DE 17].

2.      Strike 3 and Defendant stipulate to the entry of this Permanent

Injunction to resolve all matters in dispute in this Litigation between them.

3.      Defendant acknowledge the jurisdiction of this Court for purposes

of entering and enforcing this Permanent Injunction, and waive:

    a.  Any further procedural steps;

    b.  Any requirement that this Permanent Injunction contain any

        findings of fact or conclusions of law; and

    c.  Any right to appeal, seek judicial review, or otherwise challenge or

        contest the validity of this Permanent Injunction.

4.      Defendant acknowledges and agrees that he enters into this

Permanent Injunction knowingly and willfully and with full understanding of

its terms, having reviewed them after due consideration, and with opportunity

to have separate legal counsel review its terms.

## **DEFINITIONS**

5.      As used herein, Strike 3 means the named Plaintiff to the

Litigation, as well as all its parent company, subsidiaries, and affiliated

companies of Plaintiff, and any additional parents, subsidiaries, or affiliates,

that may come into existence after entry of this Permanent Injunction upon

receiving[1] written notification of same from Strike 3.

6.      As used herein, Defendant means John Adaire, an individual, as well as any other entity of which Defendant may control or have a legal right to control or direct, including any other entity that Adaire has established or will establish, individually or jointly, as well as all the subsidiaries, affiliated companies, and related associations of the same.

7.      Finally, Works means any movie whose copyright is owned by Strike 3. However, Works shall not mean any movie whose copyright is owned by Strike 3 if it is distributed under a brand that it not in existence as of the date of this Agreement unless Strike 3 notifies Defendant of the existence of such brand.

## **ENJOINED CONDUCT**

Based on the stipulations herein, it is hereby **ORDERED AND ADJUDGED** that Defendant, together with all of Defendant's agents, representatives, successors, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, whether currently known or subsequently identified, shall be **PERMANENTLY RESTRAINED AND ENJOINED** from, directly or indirectly:

---

[1] Notice shall be deemed compliant with this Permanent Injunction and effective so long as such correspondence is mailed to Defendant at addresses indicated on the Settlement Agreement and emailed to ljfrench@torrentdefense.com and jcedmondson@edmolaw.com.

a.  Reproducing, publishing, distributing, transmitting, marketing, advertising, promoting, publicly displaying, publicly performing, selling, or authorizing, enabling or assisting any third party to reproduce, publish, distribute, transmit, market, advertise, promote, publicly display, publicly perform, or sell any products, works, or other materials that include, copy, are derived from, or embody any of Strike 3's Works;

b.  Reproducing, publishing, distributing, transmitting, publicly displaying, publicly performing Strike 3's Works or creating any derivative works based on Strike 3's Works, or engaging in any activity that infringes Strike 3's rights in its Works; and

c.  Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs a. or b.

d.  Subparagraphs a, b, and c, above, shall not apply if Defendant has a valid license to said Works.

e.  This Injunction shall not apply to Defendant's communication of the Confidential Settlement Agreement to his attorneys, accountants, or employers, whether current or prospective, including government agencies, and spouse.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

Defendant, his agents, and/or those acting at his direction are notified that any act in violation of any of the terms hereof may be considered and/or

prosecuted as contempt of this Court. The Court shall retain jurisdiction over the parties to this Permanent Injunction and this case for the purpose of construing, interpreting, implementing, and enforcing the terms of this Permanent Injunction, including but not limited to the imposition of sanctions and civil fines as a result of any violation of the terms contained herein.

Further, in the event of a violation of this Permanent Injunction, Strike 3, in addition to injunctive and other relief the Court may provide, shall be entitled to liquidated damages in the amount of $125,000.00 for violation of this Permanent Injunction. The Parties stipulate that the damages for breaching this Agreement are speculative, that liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Permanent Injunction are reasonable.

If Defendant is found to be in contempt of, or otherwise to have violated this Permanent Injunction, the parties agree that Strike 3 shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorney fees, costs, and any other relief deemed proper in the event of such violation.

If any provision of this Permanent Injunction shall be held invalid or unenforceable, the remainder shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other

circumstances.

Each party agrees to bear its own costs and attorney's fees and its portion of any court costs.

**IT IS SO ORDERED** on this \_\_\_\_ day of July, 2023.

_____
HON. MARY S. SCRIVEN
United States District Judge

cc: All Counsel of Record